IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, <br><br> Plaintiff, <br><br> v. <br><br> KEY COMMERCIAL FINANCE LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC, <br><br> Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: C.A. No. 1:18-cv-01516-UNA<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF PLAINTIFF DEBORAH S. SKEANS,
EXECUTRIX OF THE ESTATE OF FRANK E. PAVLIS,
FOR EXPEDITED DISCOVERY**

Plaintiff, Deborah S. Skeans, Executrix of the Estate of Frank E. Pavlis ("Mr. Pavlis") submits this Memorandum of Law in Support of her Motion for Expedited Discovery ("Motion").

Contemporaneous with the filing of the Motion, Plaintiff has filed a Verified Complaint against Defendants Key Commercial Finance LLC, Key Commercial Finance Properties, LLC, Equity Pros, LLC, and Mobile Agency, LLC (collectively, "Defendants"), along with a Motion for a Temporary Restraining Order Freezing Assets Held or Controlled by Defendants, a Motion for a Preliminary Injunction Freezing Assets Held or Controlled by Defendants, and a supporting Memorandum of Law (collectively, "TRO Motion") in an effort both to prevent Defendants from further squandering $7 million that Mr. Pavlis, recently deceased, invested in non-party Allwest Investments, LLC ("Allwest"), which investment Defendant KCF fraudulently misappropriated, and to recoup Mr. Pavlis' investment. Mr. Pavlis seeks a declaratory judgment that promissory

notes purportedly issued by KCF to Mr. Pavlis in connection with his multi-million dollar investment are *void ab initio* and that his Estate is entitled to the immediate return of his investment funds. Plaintiff also asserts claims for common law fraud, fraudulent concealment, conversion, and unjust enrichment.

Plaintiff requires specific discovery from Defendants on an expedited basis prior to the preliminary injunction hearing in order to discover and preserve (at a minimum) the following critical information regarding Mr. Pavlis' $7 million investment: (a) Defendants' fraudulent transfer and unauthorized possession of the funds Mr. Pavlis invested in Allwest, (b) Defendants' after-the-fact efforts to document their fraudulent conduct, (c) Defendants' use and disposition of those funds, and current status/existence of those funds, and (d) the ability of Defendants to make Mr. Pavlis whole as a result of the fraud they perpetrated on Mr. Pavlis, and the unlawful conversion of, and fraudulent concealment relating to, his investment in Allwest. A copy of Mr. Pavlis' First Set of Requests for Production of Documents Directed to Defendants is attached as Exhibit "A."

It is imperative Mr. Pavlis obtain this discovery on an expedited basis as the governing Federal Rules of Civil Procedure ("Rules") do not provide sufficient time for adequate discovery in advance of a preliminary injunction hearing. The emergency nature of the relief Mr. Pavlis seeks justifies shortening the time set forth in the Rules. Moreover, because of the exigent nature of this matter, Mr. Pavlis requests the Court consider and grant the Motion without affording Defendants an opportunity to respond.

Accordingly, for the reasons set forth above, and in the TRO Motion, Mr. Pavlis requests the Court enter an order granting the Motion and ordering discovery proceed on an expedited basis.

                STRADLEY RONON
                STEVENS & YOUNG, LLP

                */s/ Joelle E. Polesky*
                Joelle E. Polesky (ID No. 3694)
                1000 North West Street, Suite 1279
                Wilmington, DE 19801
                Tel: (302) 295-4856
                Fax: (302) 295-4801
                Email: jpolesky@stradley.com

                *Attorneys for Plaintiff, Deborah S. Skeans, Executrix of the Estate of Frank E. Pavlis*

OF COUNSEL:

William E. Mahoney, Jr.
Spencer R. Short
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Tel: (215) 564-8059
Fax: (215) 564-8120

Dated: October 1, 2018

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No. 1:18-cv-01516-UNA |
| KEY COMMERCIAL FINANCE LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC, | : : : : : | |
| Defendants. | : | |

## FIRST SET OF REQUESTS FOR
## PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (collectively, "Rules"), Plaintiff Deborah S. Skeans, Executrix of the Estate of Frank E. Pavlis ("Mr. Pavlis") requests Defendants, Key Commercial Finance LLC, Key Commercial Finance Properties, LLC, Equity Pros, LLC, and Mobile Agency, LLC (collectively, "Defendants") produce the following documents by making copies available for inspection and photocopying at the office of Mr. Pavlis' attorneys within seven (7) days of the date of service, or within any shorter time as ordered by the Court.

## INSTRUCTIONS

1.   These document requests are propounded pursuant to the Rules, and shall be answered as required by the Rules.

2. These document requests include all documents in your possession, custody, or control, whether such documents are held by you or your directors, officers, members, owners, agents, employees, attorneys, or accountants.

3. If any document request is objected to, the reasons for the objection shall be stated with sufficient particularity to enable the Court to determine the propriety of the objection.

4. If you claim any part of a requested document the proper subject of protection pursuant to any privilege, including attorney-client or work product, you shall produce the document, excluding that portion deemed privileged, and shall state the basis on which the privilege is asserted so the court may consider the claim of privilege. If you withhold the entire document pursuant to a claim of privilege, you shall include a description of the document with sufficient particularity to identify it, including its date, author, recipient(s) or intended recipient(s) and others to whom the document has been disclosed, subject matter, and the basis of the privilege asserted.

5. If any responsive document was, but no longer is, in your possession, custody, or control, state whether it has been lost, destroyed, transferred, or is missing, or has otherwise been disposed of, including the date and circumstances surrounding its disposition.

6. These document requests are deemed continuing, and pursuant to Rule 26(e) of the Federal Rules require production of any additional responsive documents or materials obtained or discovered subsequent to the date on which production is made.

7. The time frame for these document requests is January 1, 2014, to the present day, unless otherwise stated within a specific request.

## DEFINITIONS

1. "Identify" means when used in reference to (a) a natural person – his or her full name and present or last known business and home address; (b) a company, corporation, association, joint venture, sole proprietorship, firm, partnership or any other business or legal entity not a natural person – its full name now and at the time in question and its principal place of business now and at the time in question; (c) a document – its character (e.g., letter, memorandum, report, etc.), its title, date, author, addressee, all distributees, and its subject matter; and (d) any other thing – a description with sufficient particularity that such thing may be specified and recognized.

2. The terms "person" or "persons" include not only natural persons, but also public and private corporations, limited liability companies, proprietorships, partnerships, governmental entities, associations, organizations, groups or divisions.  The acts and knowledge of a "person" include the acts and knowledge of that person's directors, officers, owners, members, employees, agents, representatives, and/or attorneys.

3. "Document" or "documents" means any papers, writings, things, or records of any type or source of authorship in your possession, custody or control, or of which you have knowledge, wherever located, however produced or reproduced, and whether a draft, original or copy.  By way of illustration and not limitation, the term "documents" shall include memoranda of telephone conversations or interviews, minutes, summaries or other records of any meetings, discussions or conferences; as well as other notes, reports, records, data, memoranda, correspondence, e-mails, notebooks, scrapbooks, diaries, minutes, summaries, financial statements, ledgers, magnetic tape or other sound recordings, telegrams, letters, photographs, drawings, plans, studies, manuals, instructions, bids, specifications, graphs, sketches, charts,

curves, motion picture film, microfilm, computer printouts, computer records, computer discs, computer tapes, photographs, photograph negatives, photocopies, photostats, descriptions, agreements, contracts, published or unpublished speeches, manuscripts or articles, transcripts, affidavits, depositions, printed matter, publications and any other retrievable intelligence, however recorded, memorialized or preserved.  Any original or copy containing thereon or having attached thereto any alterations, notes, comments, or other material not included in each other original or copy shall be deemed a separate document within the foregoing definition.

4. "Communication" means any and all communications, including any electronic mail, text messages, instant messages, or other digital communications, and any attachments to such electronic mail, text messages, instant messages, or other digital communications.

5. Where the context allows, the terms "and" and "or" shall mean "and/or," the plural of a word shall include the singular, the singular of a word shall include the plural, the past tense of a verb shall include the present, the present tense of a verb shall include the past and the masculine shall include the feminine, so as in all cases to require the broadest response.

6. "Relate to" or "relating to" means, in addition to the customary and usual meaning of these terms, demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, or concerns all or any portion of the matters, facts, and contentions specified in any request.

7. "You" or "Your" shall mean the Defendants, and each of the Defendants present or former agents, representatives, or attorneys, and/or each person acting or purporting to act on your behalf.

8. "KCF" shall mean Key Commercial Finance LLC, a Delaware limited liability company, and any of its present or former employees, agents, representatives, or attorneys, and/or each person acting or purporting to act on its behalf.

9. "KCF Properties" shall mean Key Commercial Finance Properties, LLC, a Delaware limited liability company, and any of its present or former employees, agents, representatives, or attorneys, and/or each person acting or purporting to act on its behalf.

10. "Equity Pros" shall mean Equity Pros, LLC, a Connecticut limited liability company, and any of its present or former employees, agents, representatives, or attorneys, and/or each person acting or purporting to act on its behalf.

11. "Mobile" shall mean Mobile Agency, LLC, a Delaware limited liability company, and any of its present or former employees, agents, representatives, or attorneys, and/or each person acting or purporting to act on its behalf.

12. "Allwest" shall mean Allwest Investments, LLC, a California limited liability company, and any of its present or former employees, agents, representatives, or attorneys, and/or each person acting or purporting to act on its behalf.

13. "Promissory Notes" shall mean, respectively, the September 1, 2014 promissory note for $3,000,000 and the November 1, 2014 promissory note for $4,000,000, purportedly issued by KCF to Mr. Pavlis, attached to the Verified Complaint in this action as Exhibits "B" and "C," respectively.

14. "KCF Note Purchase Agreements" shall mean the September 1, 2014 Note Purchase Agreement and the November 1, 2014 Note Purchase Agreement, attached to the Verified Complaint in this action as Exhibits "D" and E," respectively.

15. "KCF Private Placement Memorandum" shall mean, collectively, the document titled "Confidential Private Placement Memorandum" and dated August 1, 2014, and the corresponding document titled "Subscription Agreement" and dated August 18, 2014 purporting to sell Mr. Pavlis shares of KCF, attached to the Verified Complaint in this action as Exhibits "G" and "H," respectively.

16. "Funding Agreement" shall mean the document entitled "Funding Agreement" and dated September 20, 2016, attached to the Verified Complaint in this action as Exhibits "J."

## DOCUMENT REQUESTS

REQUEST NO. 1:   All documents referring or relating to the ownership of KCF and/or any ownership interest that any individual or entity has had or currently has in KCF.

REQUEST NO. 2:   All documents referring or relating to the creation, formation, and/or organization of KCF, including, but not limited to copies of any limited liability company agreement, operating agreement, or other governing document.

REQUEST NO. 3:   All documents referring or relating to the creation, formation, and/or organization of KCF Properties, including, but not limited to copies of any limited liability company agreement, operating agreement, or other governing document.

REQUEST NO. 4:   All documents referring or relating to the creation, formation, and/or organization of Equity Pros, including, but not limited to copies of any limited liability company agreement, operating agreement, or other governing document.

REQUEST NO. 5: All documents referring or relating to the creation, formation, and/or organization of Mobile, including, but not limited to copies of any limited liability company agreement, operating agreement, or other governing document.

REQUEST NO. 6: All documents referring or relating to any investment that Mr. Pavlis made in, with, or through Allwest at any time, including, but not limited to a $1 million investment by cashier's check in or around February 2014, and a subsequent $6 million investment made by personal check in or around May 2014, as alleged in the Verified Complaint in this action.

REQUEST NO. 7: All documents referring or relating to the transfer of all or any portion of the $7 million that Mr. Pavlis invested in or otherwise provided to Allwest to any other individual or entity, including but not limited to KCF.

REQUEST NO. 8: All documents referring or relating to KCF's use and/or disposition of any funds it received from Allwest, including but not limited to all or any portion of the $7 million that Mr. Pavlis invested in or otherwise provided to Allwest in 2014.

REQUEST NO. 9: All documents referring or relating to any transactions between KCF and Allwest, including but not limited to any funding transactions or loan arrangements referenced in and/or entered into pursuant to the Funding Agreement.

REQUEST NO. 10: All documents that refer or relate to the repayment of any loans or other funding arrangements between KCF and Allwest, including but not limited to any review or audit of such payments performed by Joshua Hayes and/or Eide Bailly LLP, and all documents provided to Mr. Hayes and or Eide Bailly LLP in connection with any review or audit.

REQUEST NO. 11: All documents referring or relating to the Promissory Notes.

REQUEST NO. 12: All documents referring or relating to the KCF Note Purchase Agreements.

REQUEST NO. 13: All documents referring or relating to the KCF Private Placement Memorandum.

REQUEST NO. 14: All financial records of each of the Defendants, including, but not limited to bank statements, financial audits and reviews, balance sheets, financial statements, income statements, and statements of cash flow.

REQUEST NO. 15: All documents that refer or relate to Mr. Pavlis.

REQUEST NO. 16: All documents that refer or relate to any communication between or among any one or more of the Defendants and any other person or entity relating to or referencing: (a) Mr. Pavlis, (b) Allwest, (c) the Promissory Notes, (d) the KCF Note Purchase

8

Agreements, (e) the KCF Private Placement Memorandum, (f) the Funding Agreement, or (g) any joint venture agreement between KCF and KCF Properties, Equity Pros, or Mobile.

REQUEST NO. 17: All documents that refer or relate to any communications between KCF and Allwest relating to Mr. Pavlis and/or any funds he invested in or provided to Allwest.

REQUEST NO. 18: All documents that refer or relate to any alleged investment that Mr. Pavlis made in, with, or through KCF, including but not limited to the "investment" referenced at paragraph 7 of the Funding Agreement.

REQUEST NO. 19: All documents that refer or relate to any alleged agreements between KCF and Mr. Pavlis, including but not limited to the "written investment agreement" referenced at paragraph 7 of the Funding Agreement.

REQUEST NO. 20: All documents that refer or relate to the current disposition of any alleged investment that Mr. Pavlis made in, with or through KCF.

REQUEST NO. 21: All documents that refer or relate to any communications between KCF and Mr. Pavlis.

REQUEST NO. 22: All documents referring or relating to any joint venture agreement between KCF and KCF Properties, Equity Pros, or Mobile and/or the transfer of any funds from KCF to one or more of its subsidiaries or any other person or entity.

REQUEST NO. 23: All documents that refer or relate to any allegation contained in the Verified Complaint in this action.

                                              STRADLEY RONON
                                              STEVENS & YOUNG, LLP

                                              */s/ Joelle E. Polesky*
                                              Joelle E. Polesky (ID No. 3694)
                                              1000 North West Street, Suite 1279
                                              Wilmington, DE 19801
                                              Tel: (302) 295-4856
                                              Fax: (302) 295-4801
                                              Email: jpolesky@stradley.com

                                              *Attorneys for Plaintiff, Deborah S. Skeans,*
                                              *Executrix of the Estate of Frank E. Pavlis*

OF COUNSEL:

William E. Mahoney, Jr.
Spencer R. Short
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Tel: (215) 564-8059
Fax: (215) 564-8120

Dated: October 1, 2018