**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) | C.A. No. 1:18-cv-01516-CFC |
| KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC | ) ) ) ) | |
| *Defendants.* | ) ) | |

**DEFENDANTS' OPENING BRIEF
<u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

**HALLORAN FARKAS + KITTILA LLP**

Theodore A. Kittila (No. 3963)
James G. McMillan, III (No. 3979)
5803 Kennett Pike, Suite C
Wilmington, Delaware  19807
Phone:  (302) 257-2011
Fax:  (302) 257-2019
Email:   tk@hfk.law
             jm@hfk.law

Dated:  November 20, 2018                  *Counsel for Defendants*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ...............................2

SUMMARY OF THE ARGUMENT .....................................................................3

STATEMENT OF FACTS ..................................................................................4

LEGAL ARGUMENT .......................................................................................6

    I.      THE FACE OF THE COMPLAINT SHOWS THAT THE STATUTE OF
           LIMITATIONS HAS RUN ON THE ALLEGED CLAIMS ........................................6

          A.  Even Apart from the Application of the Borrowing Statute, the Statute of
               Limitations for Legal Claims and the Analogous Statute of Limitations for
               Equitable Claims Have Run .........................................................................6

          B.  Plaintiff Has Not Pled Why the Statute of Limitations Should Be Tolled .............7

    II.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED UNDER RULE 9(b) ............9

          A.  The Standard Under Rule 9(b) ......................................................................9

          B.  Plaintiff Has Failed to Plead with Particularity. ..................................................12

    III.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED UNDER RULE
           12(b)(6) ....................................................................................................15

          A.  The Standard Under Rule 12(b)(6) .................................................................15

          B.  Plaintiff Has Failed to State a Claim ..............................................................16

CONCLUSION ...............................................................................................17

i

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                           <u>Page(s)</u>

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................... 10, 15-16

*Bakerman v. Sidney Frank Importing Co.,*
    2006 WL 3927242 (Del. Ch. Oct. 10, 2006) ....................................17

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) .................................................................... *passim*

*Berman v. Morgan Keegan & Co.,*
    2011 U.S. Dist. LEXIS 27 (S.D.N.Y. 2011) ....................................11

*In re Burlington Coat Factory Sec. Litig.,*
    114 F.3d 1410 (3d Cir. 1997) ...........................................................9

*Byrnes v. DeBolt Transfer, Inc.,*
    741 F.2d 620 (3d Cir. 1984) ..................................................... 10-11

*Cavi v. Evolving Systems NC, Inc.*
    2018 WL 2372673 ................................................................... 11-12

*Chantz Enters., L.L.C. v. JHL Brighton Design/Décor Center, LLC,*
    2010 Del. Super. LEXIS 266 (Del. Super. Ct. June 30, 2010) .........................14

*Clark-Franklin-Kingston Press, Inc. v. Romano,*
    529 A.2d 240 (Conn. App. Ct. 1987),
    *cert. denied,* 531 A.2d 935 (Conn. 1987) ................................. 13-14

*Connelly v. Lane Const. Corp.,*
    809 F.3d 780 (3d Cir. 2016) ...........................................................16

*Crete v. Resort Condos. Int'l, LLC,*
    2011 U.S. Dist. LEXIS 14719 (D.N.J. Feb. 14, 2011) .....................12

*DEA & Associates, LLC v. McCall,*
    2007 WL 117487 (Conn. Super. Ct. Jan. 12, 2007)..................... 13-14

*Davis v. Abington Mem'l Hosp.,*
    765 F.3d 236 (3d Cir. 2014)...........................................................15

*In re Dean Witter P'ship Litig.,*
    1998 Del. Ch. LEXIS 133 (Del. Ch. July 17, 1998) ..........................6

*EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*,
   2008 Del. Ch. LEXIS 127 (Del. Ch. Sept. 2, 2008) .......................................14

*Enercon v. Global Computer Supplies, Inc.*,
   675 F. Supp. 2d 188, (D. Me. 2009) .........................................................11

*Gen. Video Corp. v. Kertesz*,
   2008 Del. Ch. LEXIS 25 (Del. Ch. Feb. 25, 2008)...........................................6

*Geness v. Cox*,
   902 F.3d 344 (3d Cir. 2018)....................................................................4

*In re Great Atl. & Pac. Tea Co. Sec. Litig.*,
    103 F. App'x (3d Cir. 2004) ...................................................................9

*Gregorovich v. E.I. du Pont de Nemours*,
   602 F. Supp. 2d 511 (D. Del. 2009)...........................................................7

*Humphreys v. Ocwen Loan Servicing, LLC*,
   2009 U.S. Dist. LEXIS 135689 (C.D. Cal. Feb. 23, 2009)..................................11

*Hydrogen Master Rights, Ltd. v. Weston*,
   228 F. Supp. 3d 320 (D. Del. 2017)...........................................................7

*Jablon v. Dean Witter & Co.*,
   614 F.2d 677 (9th Cir. 1980) ...................................................................6

*Leber Associates, LLC v. Entm't Grp. Fund, Inc.*,
   2003 WL 21750211 (S.D.N.Y. July 29, 2003) ................................................14

*Malpiede v. Townson*,
   780 A.2d 1075 (Del. 2001) .....................................................................6

*Marshal T. Simpson Tr. v. Invicta Networks, Inc.*,
   2017 WL 4684325 (D. Del. Oct. 18, 2017),
   *appeal dismissed*, 2018 WL 2273661 (3d Cir. Apr. 25, 2018).................... 6-7, 9

*Minard Run Oil Company v. United States Forest Service*,
   370 F.3d 236 (3d Cir. 2011)..............................................................2-3

*N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*,
   567 F.3d 8, 14 (1st Cir. 2009).................................................................11

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*,
   631 F.3d 436 (7th Cir. 2011) ..................................................................12

iii

*Pulieri v. Boardwalk Prop., LLC*,
  2015 WL 691449 (Del. Ch. Feb. 18, 2015) ..............................................7, 16

*SMC Corp. v. PeopleSoft U.S.A., Inc.*,
  2004 U.S. Dist. LEXIS 22811 (S.D. Ind. Oct. 12, 2004) .................................11

*Sevast v. Kakouras*,
  915 A.2d 1147 (Pa. 2007) ...................................................................................7

*Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*,
  742 F.2d 786 (3d Cir. 1984)................................................................................9

*Travelers Cas. & Sur. Co. of Am. v. Nelms*,
  2017 U.S. Dist. LEXIS 41323 (N.D. Miss. Mar. 22, 2017)....................... 9-10, 12

*Travelers Indem. Co. v. Cephalon, Inc.*,
  620 F.App'x 82 (3d Cir. 2015) .................................................... 9-10, 12

*In re Tyson Foods, Inc.*,
  919 A.2d 563 (Del. Ch. 2007)..............................................................................7

*Vichi v. Koninklijke Philips Elecs., N.V.*,
  85 A.3d 725 (Del. Ch. 2014)..............................................................................13

*In re Westinghouse Sec. Litig.*,
  90 F.3d 696 (3d Cir. 1996)................................................................................12

*Wood v. Coastal States Gas Corp.*,
  401 A.2d 932 (Del. 1979) ..................................................................................17

*Zuniga v. Am. Home Mortgage*,
  2016 WL 6647932 (D.N.J. Nov. 8, 2016) ....................................................11-12

## Statutes and Rules

Fed. R. Civ. P. 9(b) ............................................................................. *passim*

Fed. R. Civ. P. 12(b)(6)....................................................................... *passim*

Fed. R. Civ. P. 12(f) ...........................................................................10

6 *Del. C.* § 18-101.............................................................................14

10 *Del. C.* § 8106 ..............................................................................6

10 *Del. C.* § 8121 .................................................................................................................6

42 Pa. Stat. and Cons. Stat. Ann. § 5524 ..........................................................................6

42 Pa. Stat. and Cons. Stat. Ann. § 5525 ..........................................................................7

Defendants Key Commercial Finance, LLC ("KCF"), Key Commercial Finance Properties, LLC ("Key Properties"), Equity Pros, LLC ("Equity Pros"), and Mobile Agency, LLC ("Mobile Agency") (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this Opening Brief in support of Defendants' Motion to Dismiss (the "Motion to Dismiss") the Verified Complaint  (the "Complaint" or "Complt.") [D.I. 1] filed by Plaintiff Deborah S. Skeans, Executrix of the Estate of Frank E. Pavlis ("Plaintiff").  For the reasons stated herein, the Motion to Dismiss should be granted and the Complaint dismissed.

## PRELIMINARY STATEMENT

While long on rhetoric and pejorative statements directed at non-party Justin Billingsley ("Mr. Billingsley"), Plaintiff's Complaint falls decisively short in pleading a case against Defendants.  The Complaint's prolix narrative attempts to weave a tale of an aged and naively trusting gentleman, Frank E. Pavlis ("Mr. Pavlis"), being conned by "a serial fraudster" into making a series of very bad financial decisions.  What comes through, however, is a story of an executrix's second guessing of a series of investments—investments made over four-and-a-half years ago.

What also comes through is that the claims—to the degree that there are any—should have been pursued within the statute of limitations.  While Plaintiff appears to argue that the Court should look at Mr. Pavlis' advanced age and assume that he could not have reasonably made the investments at issue, the Complaint does not and cannot plead that Mr. Pavlis was somehow incompetent or incapacitated.  Obviously perceiving that statute of limitations would be an issue, Plaintiff attempts to head it off by pleading fraudulent concealment.  Critically missing from this is any basis why, if Plaintiff maintains that a fraud was actually perpetrated (and it was not), the statute of limitations on the claims should be tolled.

Even if the Court were to overlook the statute of limitations defenses, the Complaint cannot survive scrutiny under Federal Rule of Civil Procedure ("Rule") 9(b).  Given the fraud-based nature of all of the claims, Rule 9(b) requires that the claims in this case be pled with particularity. As pled now, the claims are nothing short of a broad-based smear of Mr. Billingsley.  Finally, Plaintiff must also plead a plausible claim under *Twombly*—something that has not been done.

For the reasons stated below, Plaintiff's Complaint should be dismissed.

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff, in her capacity as Executrix of the Estate of Frank E. Pavlis, filed the Complaint in this action on October 1, 2018, seeking to assert five causes of action:  (1) declaratory judgment (Count I); (2) common law fraud (Count II); (3) fraudulent concealment (Count III); (4) conversion (Count IV); and (5) unjust enrichment (Count V).  Plaintiff is seeking a declaration that certain promissory notes (D.I. 1.1 at Exs. B and D) (the "Promissory Notes") are invalid, as well as an award of $7 million in damages (plus interest), punitive damages, attorneys' fees and costs, and any other relief this Court deems fit and proper.

Concurrently with the filing of the Complaint, Plaintiff filed the Motion for a Temporary Restraining Order Freezing Assets Held or Controlled by Defendants (the "TRO Motion") [D.I. 3], the Motion for a Preliminary Injunction Freezing Assets Held or Controlled by Defendants (the "PI Motion") [D.I. 4], and the Motion of Plaintiff Deborah S. Skeans, Executrix of the Estate Frank E. Pavlis, for Expedited Discovery (the "Motion to Expedite") [D.I. 6].  The Court immediately scheduled a telephonic conference for October 2, 2018, on the foregoing motions.  *See* D.I. 11. The Court denied the TRO Motion during the October 2nd teleconference, finding that "there has been no sufficient showing of irreparable harm. *See Minard Run Oil Company v. United States*

*Forest Service*, 370 F.3d 236, 255 (3d Cir. 2011)." *See* D.I. 12.  The Court ordered the parties to meet and confer with respect to the PI Motion and the Motion to Expedite.  *See id.*

Following a meet and confer with undersigned counsel, Plaintiff withdrew the PI Motion and the Motion to Expedite on October 10, 2018.  *See* D.I. 17.[1]  The Parties thereafter stipulated that the response to the Complaint would be extended to November 21, 2018 (*see* D.I. 21), and the Court "so ordered" the stipulation on October 18, 2018.

This is Defendants' Opening Brief in support of their Motion to Dismiss.

## SUMMARY OF THE ARGUMENT

1.     Plaintiff's Complaint must be dismissed because it is readily apparent on the face of the Complaint that the statute of limitations has run on the alleged claims, and no basis to toll the statute can be claimed.  No opportunity to amend can remedy this issue, so the Complaint must be dismissed with prejudice.

2.     Even if the Court disagrees that the statute of limitations bars the claims, the Complaint falls well short of the pleading requirements under Rule 9(b).  Despite the need to state the who, what, where, when, and how for a complaint sounding in fraud, Plaintiff's efforts fall well short.  Plaintiff's failure to satisfy the heightened pleading requirements under Rule 9(b) means that the Complaint must be dismissed.

3.     Even apart from Plaintiff's failure to satisfy Rule 9(b), Defendants are also entitled to dismissal under Rule 12(b)(6) because Plaintiff has failed to plead a plausible claim under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*").  *Twombly* requires that, at a

---

[1] As part of the Motion to Expedite, Plaintiff attached as Exhibit A the First Set of Requests for Production of Documents Directed to Defendants.  Because the Motion to Expedite was withdrawn, Defendants have not responded to this discovery.  Were Plaintiff to pursue discovery at this time, Defendants would move to stay discovery pending determination of the Motion to Dismiss.

minimum, plaintiffs must "nudge[] their claims across the line from conceivable to plausible." 550

U.S. at 570.  Plaintiff has failed to do that.

## STATEMENT OF FACTS

As with any motion to dismiss the pleadings, the Court assumes the factual allegations in

the pleading as true and construes them in the light most favorable to the non-moving party.  *See*

*Geness v. Cox*, 902 F.3d 344, 353-54 (3d Cir. 2018).  In light of this, Defendants will not engage

in a point-by-point challenge of the facts stated in the Complaint, but instead will reserve their

right to rebut each of the factual allegations if the Complaint is permitted to proceed beyond the

pleading stage.  Suffice it to say that Plaintiff has misstated and misconstrued the facts concerning

the relationship between the parties.[2]

However, a few facts (if assumed to be true as pled by Plaintiff) are relevant for this Motion

to Dismiss.  First, the Complaint alleges that Mr. Pavlis made his $7 million in investments at issue

in this action by May 2014.  *See* Complt. at ¶ 81.  Attached as Ex. A [D.I. 1.1] to the Complaint is

a copy of a February 19, 2014, withdrawal slip for $1 million, and a copy of a May 23, 2014,

cancelled check for $6 million.  Attached as Exs. C and E to the Complaint are Note Purchase

Agreements between Mr. Pavlis and KCF.  Ex. C is signed by Mr. Pavlis, and dated August 21,

2014, and Ex. E. is signed by Mr. Pavlis and dated November 21, 2014.  While Plaintiff does not

directly dispute the authenticity of Mr. Pavlis' signature, Plaintiff argues that the "documents do

---

[2] Defendants do wish to note one particularly disturbing observation:  Plaintiff has signed a verification, swearing to the veracity of the allegations in the Complaint.  Many of the allegations relate to alleged interactions between decedent Mr. Pavlis and Mr. Billingsley. *See, e.g.*, Complt. at ¶ 10 ("… Mr. Pavlis was never told that his funds would be diverted to entirely different entities …."); ¶ 73 ("Billingsley provided Mr. Pavlis with no documentation related to his September 2014 investments, further suggesting that he actively misled Mr. Pavlis about the nature of his investments.").  Candidly, the notion that Plaintiff, in her role as Executrix of Mr. Pavlis' estate, would have some sort of knowledge of what was allegedly said to *or* not said to, shared with *or* not shared with, Mr. Pavlis defies explanation.

not support any conclusion that Mr. Pavlis actually signed the pages.  Moreover, even if he did, they do not support that Mr. Pavlis knew what he was signing or that the signature page would be attached to the Note Purchase Agreements."  Complt. at 99.  The Note Purchase Agreements, however, are between KCF and "the persons and entities listed on the schedule of investors attached as **Schedule I** (each an "**Investor**" and, collectively, the "**Investors**")."  *See* D.I. 1.1 at pp. 13 and 33.  Schedule I on both Ex. C and Ex. E have Mr. Pavlis listed together with the amount of the alleged investments.  *See id.* at pp. 21 and 41.  Both of the Promissory Notes (Exs. B and D) have Delaware choice of law provisions, but the Note Purchase Agreements (Exs. C and E) have no choice of law provisions.

Second, Mr. Pavlis is alleged to have passed away on August 24, 2018, over four years after Mr. Pavlis transferred the funds at issue in this matter.  *See* Complt. at ¶ 11.  Mr. Pavlis was alleged to have been "[a]t all relevant times, and until his death" a "resident of Allentown, Pennsylvania."  *See* Complt. at ¶ 14.  This Complaint was filed on October 1, 2018, by Deborah S. Skeans, the purported Executrix of Mr. Pavlis Estate.  *See* Complt. at p. 1.

## LEGAL ARGUMENT

### I.   THE FACE OF THE COMPLAINT SHOWS THAT THE STATUTE OF LIMITATIONS HAS RUN ON THE ALLEGED CLAIMS.

#### A. Even Apart from the Application of the Borrowing Statute, the Statute of Limitations for Legal Claims and the Analogous Statute of Limitations for Equitable Claims Have Run.

This Court can and should consider a statute of limitations defense at the pleading stage.

*See Marshal T. Simpson Tr. v. Invicta Networks, Inc.*, 2017 WL 4684325, at *1 (D. Del. Oct. 18, 2017) (dismissing investor complaint for fraud brought beyond the statute of limitations), *appeal dismissed*, 2018 WL 2273661 (3d Cir. Apr. 25, 2018).  Where, as here, the face of the complaint reflects that a party has failed to timely pursue his or her claims, dismissal is appropriate.  *See Malpiede v. Townson*, 780 A.2d 1075, 1083 n.19 (Del. 2001) ("If the running of the statute [of limitations] is apparent on the face of the complaint, the defense may be raised by a motion to dismiss.") (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (alteration in *Malpiede*)); *Gen. Video Corp. v. Kertesz*, 2008 Del. Ch. LEXIS 25, at *9 (Del. Ch. Feb. 25, 2008) ("There is clear legal precedent in Delaware for granting a motion to dismiss on the ground that a plaintiff's claims are barred by operation of the statute of limitations.") (quoting *In re Dean Witter P'ship Litig.*, 1998 Del. Ch. LEXIS 133, at *11 (Del. Ch. July 17, 1998)).

As pled in the Complaint, Mr. Pavlis allegedly made the $7 million investment at issue in this action as of May 2014.  *See* Complt. at ¶ 81.  This action was not filed until October 1, 2018— nearly four-and-a-half years after the investment was made.  If Delaware law applies to the investment, then Mr. Pavlis or Plaintiff had three years to bring a fraud claim related to the investment.  *See* 10 *Del. C.* § 8106.  If Pennsylvania law applies to the investment, then Mr. Pavlis or Plaintiff had two years to bring a fraud claim.  *See* 42 Pa. Stat. and Cons. Stat. Ann. § 5524(7). Even without applying Delaware's borrowing statute (10 *Del. C.* § 8121) (which would have the

effect of applying the shorter of the two statutes of limitation), the statute of limitations on any fraud claims ran three years after the investment was made, i.e., May 2017.  With respect to the claim for unjust enrichment, Delaware law applies an analogous statute of limitations given the equitable nature of the claim.  Thus, "[t]he analogous statute of limitations for a claim of unjust enrichment is three years."  *Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 336 n.11 (D. Del. 2017) (quoting *Pulieri v. Boardwalk Prop., LLC*, 2015 WL 691449, at *13 (Del. Ch. Feb. 18, 2015)).  Pennsylvania law applies a four-year statute of limitation.  42 Pa. Stat. and Cons. Stat. Ann. § 5525; *see also Sevast v. Kakouras*, 915 A.2d 1147 (Pa. 2007).  Again, even if the borrowing statute is inapplicable, Plaintiff has not filed a claim in time to satisfy the statute of limitations.[3]

### B.  Plaintiff Has Not Pled Why the Statute of Limitations Should Be Tolled.

Plaintiff can only overcome the statute of limitations defense if she were to show that that the statute could be somehow tolled.  In *Gregorovich v. E.I. du Pont de Nemours*, 602 F. Supp. 2d 511, 518–19 (D. Del. 2009), this Court noted:

> The Delaware courts recognize three doctrines that may toll the statute of limitations: (1) inherently unknowable injuries, (2) fraudulent concealment, and (3) equitable tolling.  *In re Tyson Foods, Inc.,* 919 A.2d 563, 584 (Del. Ch. 2007).  Under any of these theories, a plaintiff bears the burden of showing that the statute was tolled, and relief from the statute extends only until the plaintiff is put on inquiry notice.  *Id.* at 585. No theory will toll the statute beyond the point where the plaintiff was objectively aware, or should have been aware, of facts giving rise to the wrong.  *Id.*

If a plaintiff claims entitlement to tolling, the "plaintiff bears the burden of showing the statute of limitations is tolled."  *Marshal T. Simpson Trust*, 2017 WL 4684325, at *7.  Plaintiff's effort to do so through the "Fraudulent Concealment" count (Count III) falls well short.

---

[3] Count I, seeking a declaratory judgment, is premised on fraud.  *See* Complt. at ¶ 151 (seeking a declaratory judgment that the promissory notes are void "because the KCF [sic] were fraudulently executed").  Thus, either the two-year or three-year statute of limitations applies.

Plaintiff pleads that after Mr. Pavlis made his $7 million investment by May 2014, Mr. Pavlis died on August 24, 2018, "never having seen a penny of the $7,000,000 that KCF misappropriated." However, Mr. Pavlis did not file any action. Instead, an action was only filed by the executrix of his estate after he passed away. No basis whatsoever is given for why the statute should be tolled. Plaintiff alleges that it was not until 2016 when "Plaintiff, then acting as Mr. Pavlis' duly-appointed Power of Attorney, requested that Billingsley provide her with information relating to Mr. Pavlis' possible 'real estate' investments …." Complt. at ¶ 110. However, ***nothing*** in the Complaint speaks to why the statute of limitations should be tolled during the first two years. While Plaintiff references a "power of attorney," there is no suggestion that Mr. Pavlis was incompetent and not capable of discovering any potential fraud himself.

Second, with respect to the Note Purchase Agreements signed by Mr. Pavlis as of "11-21-14" (Ex. E), Mr. Billingsley purportedly produced Ex. E "in or around February 2018." Complt. at ¶ 112. The Complaint, however, is vague on when Mr. Billingsley allegedly produced Ex. C, the Note Purchase Agreement signed by Mr. Pavlis dated as of "8-21-14." While Plaintiff alleges that the Promissory Note accompanying Ex. C was produced to Plaintiff on November 1, 2014, the Complaint is silent on whether he produced the Note Purchase Agreement. Complt. at ¶ 110.

All of this was produced to Plaintiff while Mr. Pavlis was still alive. However, not once in the Complaint is it mentioned that Mr. Pavlis (1) disclaimed his signature on any document, (2) disclaimed his investment in KCF, or (3) otherwise claimed that he had been defrauded in any way by Mr. Billingsley. In fact, at best, the Complaint can only suggest that these could not have been his signatures—a claim which is wholly conclusory. *See* Complt. at ¶¶ 98-99. With the Complaint silent on these points, and Plaintiff having received copies of the documents starting in 2016, Plaintiff cannot show any basis why the statute of limitations on any alleged claim should be tolled.

At its core, Plaintiff has the burden to prove that the statute (or analogous statute) of limitations has been tolled.  Having failed to do that, the Complaint must be dismissed.  As in *Marshal T. Simpson Trust*, there is no basis for "purely speculative claims of fraud based on representations years ago to proceed into discovery."  2017 WL 4684325, at *9.  The Complaint should be dismissed with prejudice.

## II.   <u>PLAINTIFF'S COMPLAINT MUST BE DISMISSED UNDER RULE 9(b).</u>

### A.  The Standard under Rule 9(b).

Rule 9(b) provides that "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b).  Case law in the Third Circuit makes clear that a plaintiff cannot simply claim "fraud" without stating the "who, what, where, when, and how."  *In re Great Atl. & Pac. Tea Co. Sec. Litig.*, 103 F.App'x 465, 469-70 (3d Cir. 2004) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997)).  The intent behind Rule 9(b) was to ensure not only that the complaint places "the defendants on notice of the precise misconduct with which they are charged," but to also "safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), *abrogated in part on other grounds by Twombly*, 550 U.S. at 557.  *See also Travelers Indem. Co. v. Cephalon, Inc.*, 620 F.App'x 82, 86 (3d Cir. 2015) (noting "stringent" requirements of Rule 9(b) for "particularity").

The need for the safeguards under Rule 9(b) is particularly pertinent in a case such as this where a *non-party*, Mr. Billingsley, has been repeatedly accused of fraud.  In the first paragraph of the Complaint alone, Plaintiff accuses Billingsley of "financial elder abuse" (Complt. at ¶ 1), being a "serial fraudster" (*id.*), and being a person who "[e]xploit[ed] their shared faith" (*id.*).

Again and again, Billingsley is described as having engaged in "misrepresentation, deception, and fraud" (*id.* at ¶ 2) and conduct that is conspiratorial (*id.*), and that investments that were made with Billingsley were "ill-gotten" (*id.*). These *ad hominem* attacks continue throughout the 37 pages of the Complaint. *See, e.g.*, Complt. at ¶ 30 ("Put bluntly, Billingsley was a serial fraudster, and Mr. Pavlis was an easy and trusting mark"); *id.* at p. 17 ("Billingsley Goes All In on Frank Pavlis"); *id.* at ¶ 76 (describing Mr. Billingsley as "fleecing Mr. Pavlis"). With Mr. Billingsley, a small business owner working to build his business, allegations such as these are particularly harmful.[4]

Rule 9(b)'s requirements of pleading with particularity apply to all claims involving fraud or sounding in fraud. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (applying 9(b) to "fraud"); *Travelers Indem. Co.*, 620 F.App'x at 85 (applying 9(b) to claims that "sound in fraud"). This heightened pleading requirement would apply equally to Plaintiff's count of common law fraud (Count II) and the count of fraudulent concealment (Count III). *See Byrnes v. DeBolt Transfer,*

---

[4] Ms. Skeans (the Executrix) and Mr. Billingsley are not strangers to each other. If this case were to proceed beyond the pleadings, the record would show that Ms. Skeans actually introduced Mr. Billingsley to Mr. Pavlis in order to assist Mr. Pavlis with certain investments proposed by Ms. Skeans. Ms. Skeans had Mr. Pavlis invest in various investment projects of hers, including (a) an approximately $4 million investment in an assisted living facility around 2013/2014 (predating the investments at issue in this case), (b) a $500,000 investment in a school project, and (c) an additional large investment (that Mr. Billingsley was not involved in), reported to be greater than $3 million, invested again into Ms. Skeans' assisted living facility after Mr. Pavlis invested in KCF.

Mr. Billingsley believes that Ms. Skeans' accusations of fraud and other bad faith conduct are simply an effort by her to place pressure improperly on his business activities which she knows are in a critical stage of development and on Mr. Billingsley personally given the shared business and personal relationships. To the degree that the Court allows Plaintiff to replead (and it should not), Defendants may seek to have the Court review future allegations—to the degree that the rhetoric and *ad hominem* attacks remain as heightened as they presently are—under Rule 12(f) which provides for the striking of "immaterial, impertinent, or scandalous matter[s]." This is equally true with respect to the Arizona regulatory matter (*see* Complt. at ¶¶ 30-46) which is currently on appeal and did not involve Defendants. *See Billingsley v. Arizona Corporation Commission*, No. 1 CA-CV 18-0630 (Ariz. Ct. App.). Plaintiff should not be permitted to weaponize the pleadings in this case for other improper purposes.

*Inc.*, 741 F.2d 620, 626 (3d Cir. 1984) ("We agree, of course, that fraud, and thus fraudulent concealment, must be pleaded with particularity.").  Plaintiff's declaratory judgment count (Count I) (which alleges that notes were "fraudulently executed"—*see* Complt. at ¶ 151)[5] and conversion count (Count IV) (which alleges a "backchannel conspiracy" to obtain possession of funds—*see id.* at ¶ 171) likewise sound in fraud and would be subject to Rule 9(b).  *See, e.g.*, *Berman v. Morgan Keegan & Co.*, 2011 U.S. Dist. LEXIS 27, at *39-41 (S.D.N.Y. 2011) (dismissing conversion claim where plaintiffs alleged "conversion premised on fraud"); *Enercon v. Global Computer Supplies, Inc.*, 675 F. Supp. 2d 188, 196 (D. Me. 2009) (dismissing claim where "fraud or mistake is the 'lynchpin' of the conversion claim") (quoting *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 14-15 (1st Cir. 2009)); *Humphreys v. Ocwen Loan Servicing, LLC*, 2009 U.S. Dist. LEXIS 135689, at *17 (C.D. Cal. Feb. 23, 2009) (dismissing conversion claim where plaintiff "bases the claim entirely on allegations of fraud"); *Travelers Cas. & Sur. Co. of Am. v. Nelms*, 2017 U.S. Dist. LEXIS 41323, at *17-18 (N.D. Miss. Mar. 22, 2017) ("[b]ecause Travelers' conversion claims are based on the same factual allegations as its fraud claims, the conversion claims are subject to the pleading requirements of Rule 9."); *SMC Corp. v. PeopleSoft U.S.A., Inc.*, 2004 U.S. Dist. LEXIS 22811, at *20-21 (S.D. Ind. Oct. 12, 2004) (dismissing conversion claim with prejudice where "the conversion claim rests upon SMC's contention that PeopleSoft engaged in a fraud").

With respect to the unjust enrichment claim, this Court in *Cavi v. Evolving Systems NC, Inc.*, held, "The heightened pleading standard required by Rule 9(b) extends to claims of … unjust enrichment that 'sound in fraud.'" 2018 WL 2372673, at *2 (citing *Zuniga v. Am. Home Mortgage*,

---

[5] Rule 9(b) applies equally to claims that allege "mistake."  Even reading Plaintiff's allegations charitably as alleging a mistake by Defendants would still not relieve Plaintiff from the heightened pleading requirements under Rule 9(b).

2016 WL 6647932, at *2-3 (D.N.J. Nov. 8, 2016), in which the Rule 9(b) standard was applied to plaintiffs' claim for unjust enrichment where claim "sound[ed] in fraud"); *Travelers Indem. Co.*, 620 F.App'x at 86 n.3 (affirming dismissal of unjust enrichment claim: "claims that do sound in fraud must be pled with particularity") (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 717 (3d Cir. 1996)); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011) (affirming dismissal of unjust enrichment claim: "it is allegations of fraud, not claims of fraud, to which Rule 9(b) applies"); *Crete v. Resort Condos. Int'l, LLC*, 2011 U.S. Dist. LEXIS 14719, at *17 (D.N.J. Feb. 14, 2011) (dismissing unjust enrichment claim that "revolves around Defendants' allegedly fraudulent actions"). Here, where the unjust enrichment claims are premised on a purported "wrongful[]" and "inequitabl[e]" transfer without the party's "knowledge or consent," coupled with all the other allegations regarding Mr. Billingsley, this claim too sounds in fraud.

In short, the entire Complaint alleges fraud or sounds in fraud. Therefore, Plaintiff must meet a heightened pleading requirement.

### B.  Plaintiff Has Failed to Plead with Particularity.

The Complaint falls well short of the who, what, when, where, and how required under Rule 9(b):  Plaintiff here does not allege facts with the requisite particularity to support its claims that Defendants engaged in fraud, fraudulent concealment, or conversion, or that they have been unjustly enriched. Again and again, what appears throughout the Complaint is that Plaintiff is attempting to argue that Billingsley engaged in fraudulent conduct, not that the Defendants specifically engaged in anything actionable.

First, with respect to three of the Defendants—Key Properties, Equity Pros, and Mobil Agency (the "Three Subsidiaries")—Plaintiff provides no allegations other than a conclusory

statement that KCF "funneled Mr. Pavlis' funds [to them] with no corresponding obligation to repay those funds" (Complt. at ¶ 9), and that these entities were purportedly created after the dates of certain alleged joint venture agreements. *See id.* at ¶¶ 124-126. "As to common law fraud, the elements of that claim in Delaware are: (1) a false representation made by the defendant; (2) the defendant's knowledge or belief that the representation was false, or reckless indifference to the truth; (3) an intent to induce the plaintiff to act or to refrain from acting; (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and (5) causally related damages to the plaintiff." *Vichi v. Koninklijke Philips Elecs., N.V.*, 85 A.3d 725, 773 (Del. Ch. 2014). None of these elements are satisfied with respect to any of the Three Subsidiaries: at best, Plaintiff alleges that *Billingsley and KCF* falsely prepared documents (certain joint venture agreements), not that these entities engaged in fraudulent conduct. *See* Complt. at ¶ 123.

Plaintiff argues that because the joint venture agreements in Ex. I of the Complaint pre-date the date of formation of the corporate entities, these agreements must be fraudulent. Even a cursory review of these joint venture agreements does not support this conclusion. The joint venture agreements provide that they are "effective as of" a certain date. *See* D.I. 1.1 at pp. 81, 87 & 93. These agreements could have easily been drafted in advance of a corporate formation, and adopted after the fact. Regardless, given the start-up nature of the companies at issue, it is hardly surprising that certain corporate formalities may not have been fulfilled. An oversight in corporate formalities does not equate to a fraud.

More importantly, even if the entities had not been formed, Plaintiff would be estopped from attempting to avoid Mr. Pavlis' obligations under the doctrine of corporation by estoppel or de facto corporation. *See DEA & Associates, LLC v. McCall*, 2007 WL 117487, at *2 (Conn.

Super. Ct. Jan. 12, 2007)[6] ("Generally, one who has dealt with either a de facto or a de jure corporation is estopped to deny its corporate existence.") (quoting *Clark-Franklin-Kingston Press, Inc. v. Romano*, 529 A.2d 240, 244 (Conn. App. Ct. 1987), *cert. denied*, 531 A.2d 935 (Conn. 1987), and applying principle to LLC); *Leber Associates, LLC v. Entm't Grp. Fund, Inc.*, 2003 WL 21750211, at *8-*12 (S.D.N.Y. July 29, 2003) (examining Delaware law and estopping party from disclaiming existence of Delaware LLC).

While Plaintiff would have the failure to incorporate an entity as dispositive proof that it cannot conduct business, Delaware law is not so straightforward.  In *EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 Del. Ch. LEXIS 127, at *26 n.62 (Del. Ch. Sept. 2, 2008), the Court stated that there are "questions about when exactly an LLC comes into existence under Delaware law" and noted that while § 18-201(b) of the LLC Act (6 *Del. C.* § 18-101, *et seq.*) states that an LLC is formed at the time of the filing of a certificate of formation, § 18-201(d) allows members to enter into an LLC agreement before the filing of the certificate.  Despite the difference between dates on various agreements and dates of formation, Plaintiff cannot explain why the pre-formation activities could not have been ratified.  *See Chantz Enters., L.L.C. v. JHL Brighton Design/Décor Center, LLC*, 2010 Del. Super. LEXIS 266, at *5-6 (Del. Super. Ct. June 30, 2010) (noting that action taken while LLC's certificate of formation was cancelled could be ratified).

Finally, focusing exclusively on KCF, again, the Complaint comes up short in stating what constituted fraud or what claims sounding in fraud KCF engaged in.  Plaintiff has attached the Note Purchase Agreements and the Promissory Notes that have not even matured yet.  Plaintiff has not alleged a default under the Promissory Notes, or a breach of the Note Purchase Agreements.

---

[6] Connecticut law is applicable to one of the Three Subsidiaries—Equity Pros—because as alleged in the Complaint, it was formed under the laws of the State of Connecticut.

Instead, the claims are an amorphous blend of conclusory allegations concerning what Mr. Pavlis would and would not have invested in.  Additionally, Plaintiff alleges a conspiracy between KCF and a third party, Allwest Investments, LLC ("Allwest")—another non-party—but provides no further details or facts regarding the elements of such a conspiracy.  *See* Complt. at ¶ 2. The Complaint does not allege facts with particularity to support the existence of a scheme or conspiracy, other than that Mr. Pavlis made an investment in Allwest.  Was Allwest not permitted to use the investment proceeds for KCF?  What restrictions were placed on the investment?  The Complaint is entirely silent.  With no answers, this pleading does not satisfy Rule 9(b).

For all the reasons stated above, the Complaint should be dismissed for failure to satisfy Rule 9(b)'s heightened pleading requirements.

### III.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED UNDER RULE 12(b)(6).

#### A.  The Standard Under Rule 12(b)(6).

Under Rule 12(b)(6), a motion to dismiss should be granted where, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Supreme Court has made clear that the plausibility standard "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.  Instead, a pleading must show "more than a sheer possibility that a defendant has acted unlawfully," *Iqbal*, 556 U.S. at 678.  In fact, pled facts which are "merely consistent with a defendant's liability … stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted).  The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016).

### B.  Plaintiff Has Failed to State a Claim.

With respect to each of the claims (fraud, unjust enrichment, conversion), Plaintiff has to at least satisfy the elements of these claims.  However, she cannot.  First, with respect to the fraud claim, Plaintiff cannot establish any false statements made by any of the Three Subsidiaries, let alone any reliance on the part of Plaintiff with respect to any false statements.  *See* discussion, *supra*, listing elements of fraud claim.  At best, the Complaint pleads that these defendants were simply subsidiaries of KCF.  Moreover, with respect to the fraud claim against KCF, Plaintiff has not identified any false statement by KCF to Plaintiff.  Instead, KCF's alleged interaction with Plaintiff is premised on a contractual relationship—the Note Purchase Agreements.

Turning to the unjust enrichment claims, Delaware law makes clear that where the parties have a contractual relationship, a claim for unjust enrichment will not stand.  In *Pulieri v. Boardwalk Properties LLC*, Chancellor Bouchard found that a count for unjust enrichment "would fail to state a claim because '[a] claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim.'" 2015 WL 691449, at *13 n.113 (Del. Ch. Feb. 18, 2015) (quoting *Kuroda v. SPJS Hldgs., L.L.C.*, 971

A.2d 872, 891 (Del. Ch. 2009)).  *See also Wood v. Coastal States Gas Corp.*, 401 A.2d 932, 942 (Del. 1979) and *Bakerman v. Sidney Frank Importing Co.*, 2006 WL 3927242, at *18 (Del. Ch. Oct. 10, 2006) (revised Oct. 16, 2006)).  While Plaintiff has alleged that she does not believe that Mr. Pavlis would have entered into the Note Purchase Agreement, her allegations as to authenticity of the documents fall well short.  More than a conclusory allegation that the Note Purchase Agreements are not authentic is required.

Critically, and most important for the claims at issue in this litigation, the Promissory Notes show that amounts are not even due at this point in time.  With the monies not due, and the remedies on the Promissory Notes limited unless the Promissory Notes were in default—something that has not been alleged by Plaintiff—Plaintiff cannot prematurely call the loans by ginning up a claim of fraud, unjust enrichment, or conversion.

For the reasons stated above, the Court should dismiss Plaintiff's claims under Rule 12(b)(6).

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant the Motion to Dismiss in favor of Defendants.

Dated:  November 20, 2018

**HALLORAN FARKAS + KITTILA LLP**

*/s/ Theodore A. Kittila*
Theodore A. Kittila (No. 3963)
James G. McMillan, III (No. 3979)
5803 Kennett Pike, Suite C
Wilmington, Delaware  19807
Phone:  (302) 257-2011
Fax:  (302) 257-2019
Email:   tk@hfk.law
             jm@hfk.law

*Counsel for Defendants*