IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 18-1516-CFC/SRF |
| KEY COMMERCIAL FINANCE LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC and MOBILE AGENCY LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

In a Report and Recommendation (D.I. 27), the United States Magistrate Judge recommended that I grant in part and deny in part Defendants' motion to dismiss the five counts of the Complaint (D.I. 22). Specifically, the Magistrate Judge recommended that I grant the motion insofar as it seeks the dismissal of Count IV (conversion) and deny the motion insofar as it seeks the dismissal of Counts I (fraud-based declaratory judgment), II (common law fraud), III (fraudulent concealment), and V (unjust enrichment). Defendants filed objections to the Report and Recommendation (D.I. 28); Plaintiff did not. Plaintiff filed a response to Defendants' objections. D.I. 29. The matter is now before me.

The Magistrate Judge had authority to make her recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). This Court reviews de novo the Magistrate Judge's recommendations to which objections have been filed.

Defendants argue that Counts I, II, III, and V are "fraud-based" and subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). D.I. 1-2. In my view, the complaint alleges with sufficient particularity the who, what, when, and how of the fraud in which the counts sound. Accordingly, I will adopt the Magistrate Judge's finding that the complaint satisfies Rule 9(b) and adopt her recommendation to deny Defendants' motion to dismiss Counts I, II, III, and V insofar as the motion is based on Rule 9(b).

Defendants have also objected to the Magistrate Judge's finding that Counts I, II, III, and V are not barred by the statute of limitations. The statute of limitations for fraud is three years in Delaware and two years in Pennsylvania. The statute of limitations for unjust enrichment is three years in Delaware and four years in Pennsylvania. Defendants argue that the causes of action alleged in all four counts in question accrued in May 2014 and therefore the complaint, filed on October 1, 2018, was brought after the applicable statute of limitations of both Delaware and Pennsylvania had run.

The Magistrate Judge determined that three "exceptions" operate to toll the statute of limitations: "(1) inherently unknowable injuries, (2) fraudulent

concealment, and (3) equitable tolling." *Id.* at 8 (citations omitted). She then held that "[r]eading the complaint in the light most favorable to the plaintiff, there are averments of facts to support each of the three exceptions even if, *arguendo,* the claims accrued in May of 2014." *Id.* But although the Magistrate Judge concluded that the statute of limitations should be tolled, she did not find or suggest when the statute of limitations began to run for Plaintiff's claims. I therefore reject the Magistrate Judge's conclusions and recommendations with respect to Defendants' statute of limitations arguments.

Exercising de novo review, however, I will deny Defendants' motion to dismiss Counts I, II, III, and V insofar as it is based on statute of limitations arguments. Because Defendants filed their motion pursuant to Rule 12, my review of those arguments is restricted to the face of the complaint. *See Barefoot Architect, Inc. v. Bunge,* 632 F.3d 822, 835 (3d Cir. 2011); *Bethel v. Jendoco Contr. Corp.,* 570 F.2d 1168, 1174 (3d Cir. 1978). Here, the complaint "does not reveal when the limitations period began to run and [thus] the statute of limitations cannot justify Rule 12 dismissal." *Barefoot Architect,* 632 F.3d at 835.

With respect to the unjust enrichment claim alleged in Count V, Defendants also argue that it fails to state a claim as a matter of law because the complaint does not adequately plead that certain Note Purchase Agreements were not valid contracts. In fact, the complaint expressly alleges that the agreements in question

3

were fraudulently induced and void *ab initio*. *See* D.I. 1 at ¶¶ 138-50. Accordingly, I will adopt the Magistrate Judge's recommendation to deny Defendants' motion to dismiss Count V.

As Plaintiffs do not object to the Magistrate Judge's recommendation that I dismiss Count IV, I will adopt that recommendation.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1. Defendants' objections (D.I. 28) are OVERRULED IN PART AND SUSTAINED IN PART;

2. The Report and Recommendation (D.I. 27) is REJECTED IN PART AND ADOPTED IN PART;

3. Defendants' motion to dismiss (D.I. 22) is GRANTED IN PART AND DENIED IN PART:

    a. Defendants' motion to dismiss Counts I, II, III, and V is DENIED;

    b. Defendants' motion to dismiss Count IV is GRANTED.

9.24.19
Date

United States District Judge