# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, Plaintiff, <br><br> v. <br><br> KEY COMMERCIAL FINANCE LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC, Defendants. <br><br> JUSTIN BILLINGSLEY and KEY COMMERCIAL FINANCE, LLC, Third-Party Plaintiffs <br><br> v. <br><br> DEBORAH S. SKEANS and DARBIN SKEANS, Third-Party Defendants | C.A. No. 1:18-cv-01516-CFC/SRF |

## THIRD-PARTY DEFENDANTS' REPLY BRIEF
## IN SUPPORT OF MOTION TO DISMISS

OF COUNSEL:
William E. Mahoney, Jr. (*pro hac vice*)
Spencer R. Short (*pro hac vice*
Stradley Ronon Stevens & Young LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Tel: (215) 564-8059
Fax: (215) 564-8120

Dated: December 26, 2019

Joelle E. Polesky (ID No. 3694)
STRADLEY RONON STEVENS
& YOUNG, LLP
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Tel: (302) 295-4856
Fax: (302) 295-4801
Email: jpolesky@stradley.com
*Attorneys for Third-Party Defendants*

# **TABLE OF CONTENTS**

REPLY STATEMENT ................................................................................... 2

ARGUMENT            ................................................................................... 3

    I.      The Third-Party Claims Are Not Property Joined Under Rule 14 ................................................................................... 3

    II.     New York Law Applies ................................................................. 4

    III.    The TPC Fails to State Any Claims Under Connecticut Law ........... 7

CONCLUSION ............................................................................................. 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aoki v. Benihana, Inc.*,
  839 F.Supp.2d 759 (D. Del. 2012) ...................................................................... 10

*Cweklinsky v. Mobil Chemical Co.*,
  837 A.2d 759 (Conn. 2004) .................................................................................. 8

*Johnson v. Warner Brothers Entertainment, Inc.*,
  2017 WL 588714 (D. Del. Feb. 14, 2017) ........................................................... 7

*Jonap v. Silver*,
  474 A.2d 800 (Conn. App. 1984) ......................................................................... 9

*Warner v. Dembinski*,
  2003 WL 1995932 (Conn. Super. Ct. 2003) ........................................................ 9

**Other Authorities**

Fed. R. Civ. P. 14(a)(1) .............................................................................................. 3

Fed. R. Civ. P. 20 ............................................................................................. 2, 3, 4

Deborah and Darbin Skeans, Third-Party Defendants, submit this Reply Brief in further support of their Motion to Dismiss the Third-Party Complaint ("TPC") filed against them by Key Commercial Finance, LLC (KCF"), a defendant in the underlying action, and Justin Billingsley.

## REPLY STATEMENT

In their Answering Brief, KCF and Billingsley attempt to salvage their third-party claims by advancing arguments that lack any legal support. In response to the Skeanses' argument that the TPC is improper under Rule 14, the Third-Party Plaintiffs ignore Rule 14 entirely and instead hang their hopes on Rule 20, which has no application to third-party complaints.

Recognizing that their defamation and injurious falsehood claims are barred by New York's one-year statute of limitation, They ignore the fact that they are both New York residents – and were at the time they allegedly were injured by the publication in question – and contend that Connecticut law should apply. This, despite the fact that the law of this jurisdiction clearly states that in multistate defamation cases, the law of the state where the plaintiff *resides* is presumptively controlling.

Having seized upon Connecticut law, the Third-Party Plaintiffs then purport to explain why their claims should survive this Motion to Dismiss. However, with regard to the TPC's claims of defamation, invasion of privacy/false

light injurious falsehood, and tortious interference with prospective economic advantage, the elements under Connecticut law are the same as under New York law; the fourth claim for injurious falsehood is not a recognized claim under Connecticut law.  Thus, the arguments set forth in the Skeanses' Opening Brief (D.I. 49) apply with equal force whether New York or Connecticut law applies. Given its procedural and substantive infirmities, the Third-Party Complaint should be dismissed with prejudice.

## ARGUMENT

### I. The Third-Party Claims Are Not Properly Joined Under Rule 14

The Third-Party Plaintiffs first argue Mr. Billingsley has properly joined KCF as a Third-Party Plaintiff under Rule 20 of the Federal Rules of Civil Procedure.  (Answering Br. (D.I. 52) at 7-8.)  There is no authority to suggest that Rule 20 somehow supersedes Rule 14, which permits only a "defending party" to assert a third-party complaint "on a non-party who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).  As Mr. Billingsley is not a defendant in the underlying action, he has no right to assert a third-party claim against the Skeanses or otherwise insert himself into this proceeding.

Moreover, as the Skeanses argued in their Opening Brief, Rule 14 precludes KCF from pursuing its third-party claims because the Skeanses are not liable over to it for any claims asserted in the underlying action.  Rule 20 does not

change this analysis.  Indeed, Rules 20 speaks only to permissive joinder of parties in original process.  It says nothing about third-party practice, which is the exclusive purview of Rule 14.  The TPC does not allege that the Skeanses played any role in the actions that gave rise to the underlying complaint, and they cannot be liable over for any claims asserted by the Estate against KCF.[1]  Rule 14 precludes Mr. Billingsley and KCF from pursuing their third-party claims against the Skeanses.

## II.  NEW YORK LAW APPLIES

The Third-Party Plaintiffs next argue that their claims should be governed by Connecticut law, rather than New York law.  (D.I. 52 at 9-11.)  They contend that although Mr. Billingsley and KCF currently reside and maintain a place of business, respectively, in New York, "as of December 14, 2017, when the article was published, Billinglsey was a resident of Connecticut

---

[1] The Third-Party Plaintiffs contend that as a result of "the Skeanses' defamatory statements and tortious interference, KCF is unable to repay the convertible promissory notes it issued to Mr. Pavlis in 2014."  (D.I. 52 at 7-8.)  Thus, they contend, the Skeanses are liable for all or part of the claims asserted in the original complaint . . . ."  (*Id.* at 8.)  This is nonsensical.  The Pavlis Estate's underlying complaint asserts fraud and related claims arising out of the misappropriation of Mr. Pavlis' investment funds in 2014.  The Third-Party Plaintiffs' claims, allegedly arising out of an *Arizona Republic* article published in late 2017, have nothing whatsoever to do with the Estate's claims.  Given that the factual and legal underpinnings of the two complaints are completely unrelated, the Skeanses cannot be liable for any part of the Estate's claims against KCF and its subsidiary entities.

4

and KFC's principal place of business was in Connecticut." (*Id.* at 9-10 n.2.) This argument is unavailing for several reasons.

First, as the Skeanses explained in their Opening Brief, in multistate defamation cases, there is a strong presumption that law of the state where the injured party resides is controlling. (*See* Opening Br. (D.I. 49) at 6-8.) Here, the TPC clearly states that both Mr. Billingsley and KCF reside in New York. The Complaint does not state or suggest that either Mr. Billingsley or KCF resided in Connecticut at any relevant period of time.[2] In fact, the word "Connecticut" does not appear anywhere in the TPC.

Second, to the extent Mr. Billingsley was a resident of Connecticut in late 2017 when the article was published, there is nothing in the TPC that suggests that he continued to live in Connecticut in late 2018 or early 2019, when he and KCF allegedly felt the effects of the article.

The TPC alleges that after an initially successful launch of RentalProClub.com in the last quarter of 2018, the *Arizona Republic* article allegedly prevented Mr. Billingsley and KCF from building upon the initial success of this platform and "prospective investors and strategic partners

---

[2] The Third-Party Plaintiffs rely upon a statement in the *Arizona Republic* article, which indicated that Mr. Billinglsey was a resident of Connecticut at the time the article was published in December 2017. (D.I. 52 at 9.) They cite nothing whatsoever to suggest that KCF ever had a principal place of business in Connecticut.

5

walked away." (*See* D.I. 35 at ¶¶ 3, 8-11.) Thus, neither Mr. Billingsley nor KCF was "injured" by the allegedly defamatory content of the article until mid-November 2018, at the earliest.[3]

By that time, however, Mr. Billingsley was a resident of New York and KCF's principal place of business was in New York. According to the White Pages, Mr. Billinglsey began residing at 122 Sherwood Hill Road in Brewster, New York, in January 2018, just a month after the article was published. He has resided at that address ever since. (*See* White Pages Address & Property History for Mr. Billingsley, attached as Exhibit "2".)

For its part, KCF has maintained its principal place of business in Brewster, New York, from at least 2016, and likely long before that. According to the September 2014 Note Purchase Agreement that KCF allegedly issued to Mr. Pavlis, KCF's offices were located at "1511 Route 22 Suite 152 Brewster NY 10509." (*See* Note Purchase Agreement, attached to the Estate's underlying Complaint (D.I. 1) as Ex. "D", at ¶ 1(b).) Similarly, a "Funding Agreement" between KCF and Allwest Investments, LLC dated September 20, 2016, identifies

---

[3] The TPC alleges that KCF did not go "live" with RentalProClub.com until sometime in the last quarter of 2018, and that it "was initially successful, listing more than 2000 properties by more than 180 portfolio owners in its first 45 days." (D.I. 35 at ¶¶ 3, 8.) Given these allegations, the earliest it could have been negatively impacted was 45 days into the fourth quarter, or mid-November 2018.

KCF's address as "1511 Route 22, Suite 152, Brewster, New York 10509." (*See* Funding Agreement, attached to D.I. 1 as Ex. "J", at 8.)

Given that Mr. Billingsley and KCF were New York residents at the time they allegedly were injured by the *New Republic* article, New York is the jurisdiction with the most significant relationship to the claims asserted in the TPC. *See Johnson v. Warner Brothers Entertainment, Inc.*, 2017 WL 588714 at *3 (D. Del. Feb. 14, 2017) ("Delaware's choice of law rules ask which state has the most significant relationship to the claims and to the parties"). Connecticut had no interest in or relationship with Mr. Billingsley, KCF, or the injuries they allegedly sustained in late 2018, as neither was a Connecticut resident at that time. Thus, New York law, not Connecticut law, applies to the claims set forth in the TPC.

### III. The TPC Fails to State Any Claims Under Connecticut Law

As set forth in the Skeanses' Opening Brief, none of the claims asserted in the TPC can survive under New York law, and they should be dismissed. (*See* D.I. 49 at 10-20.) Notably, the Third-Party Plaintiffs do not even argue that their claims are viable under New York law. Rather, they argue that their claims should survive under Connecticut law. They are mistaken. Connecticut law is substantively identical to New York law for three of the TPC's four claims (it does not recognize the fourth claim). Thus, for the same reasons

7

articulated in the Skeanses' Opening Brief, the TPC's claims fail even if Connecticut law governed.

With regard to its defamation claim, the Third-Party Plaintiffs state that the "Skeanses published defamatory statements in" the article. (D.I. 52 at 11.) Like New York, Connecticut law requires that a plaintiff asserting defamation demonstrate that the "defendant published a defamatory statement," and that the "defamatory statement identified the plaintiff to a third person," among other elements. *Cweklinsky v. Mobil Chemical Co.*, 837 A.2d 759, 763-64 (Conn. 2004). As the Skeanses demonstrated in their Opening Brief, the article does not attribute any allegedly defamatory statements to either of the Skeanses, nor does the unattributed statement about Mr. Pavlis' memory loss identify Mr. Billingsley or KCF. (*See* D.I. 49 at 11-13.) Given that the article fails to satisfy these two elements, the defamation claim fails under Connecticut law in the same way it fails under New York law.

The Third-Party Plaintiffs argue that there is a "reasonable inference" that the Skeanses made the allegedly defamatory comment about Mr. Pavlis' memory loss. (D.I. 52 at 12.) Putting aside the wholly unreasonable assertion that a comment attributed to "[f]riends and family" must have been made by the Skeanses, the Third-Party Plaintiffs cite no legal authority for this extraordinary proposition. Neither New York nor Connecticut recognizes any "reasonable

inference" exception to the requirement that the defamatory statement must actually have been "published" by the defendant.

With regard to their claim for injurious falsehood, Mr. Billingsley and KCF concede that Connecticut does not recognize such cause of action. (D.I. 52 at 18.) While New York does recognize such a claim, that claim must fail for the same reasons that the defamation claim fails, as set forth in the Skeanses' Opening Brief. (D.I. 49 at 18.)

Conversely, although New York does not recognize a claim for false light or invasion of privacy, (*id.* at 19), Connecticut does. However, under Connecticut law, a defendant must have published the offending statement. *See Jonap v. Silver*, 474 A.2d 800, 805 (Conn. App. 1984). Here, the article does not attribute the statement regarding Mr. Pavlis' memory loss to anyone, much less the Skeanses.

Finally, given that the elements of tortious interference with prospective economic advantage are the same under both New York and Connecticut law, the TPC's claim fails for the same reasons as set forth in the Skeanses' Opening Brief. (*See* D.I. 49 at 19-20); *see also Warner v. Dembinski*, 2003 WL 1995932 (Conn. Super. Ct. 2003) (elements of claim include (i) existence of contractual or beneficial relationship, (ii) that defendants knew of the relationship and intentionally sought to interfere with it, (iii) the defendant

9

acted maliciously, and (iv) as a result, the plaintiff claimed to have suffered actual loss.)

Specifically, the allegations of the TPC make clear that the business relationships with which the Skeanses allegedly interfered did not exist until *after* RentalProClub.com began operating in late 2018. The Skeanses could not have known about (much less intend to disrupt) in September 2017 relationships that did not exist until over a year later.

Tellingly, Mr. Billinglsey and KCF do not attempt to address this point in their Answering Brief. Instead, they simply recite the elements of the claim and the quote the TPC, which itself simply recites the elements of the claim. The Court is not obligated to credit such formulaic recitations, particularly when other allegations in the complaint contradict those recitations. *See Aoki v. Benihana, Inc.*, 839 F.Supp.2d 759, 763 (D. Del. 2012) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (plaintiff's obligation to plead the grounds of his entitlement to relief " 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do' ").

10

## **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in the Skeanses' Opening Brief, this Court should dismiss the Third-Party Complaint with prejudice.

STRADLEY RONON
STEVENS & YOUNG, LLP

*/s/ Joelle E. Polesky*
Joelle E. Polesky (ID No. 3694)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Tel: (302) 295-4856
Fax: (302) 295-4801
Email: jpolesky@stradley.com

*Attorneys for Third-Party Defendants,
Deborah and Darbin Skeans*

Dated: December 26, 2019