# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, <br> *Plaintiff*, <br> v. <br> KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC, <br> *Defendants*. <br><br> JUSTIN BILLINGSLEY and KEY COMMERCIAL FINANCE, LLC, <br> *Third-Party Plaintiffs*, <br> v. <br> DEBORAH S. SKEANS and DARBIN SKEANS, <br> *Third-Party Defendants*. | C.A. No. 1:18-cv-01516-CFC |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the parties having stipulated to the terms of this Protective Order, and for good cause shown, it is hereby ORDERED that the discovery in this matter shall be subject to the terms of this Protective Order:

1. The following procedure shall govern the production of all materials during discovery in this action, including but not limited to, answers to interrogatories, requests for admissions, all documents produced by parties or non-parties, responses to subpoenas *duces tecum,* deposition testimony, and information contained therein, and information provided during any settlement discussions (hereinafter collectively "discovery materials").

2. Any party may hereafter designate any discovery materials produced or disclosed by such party as "Confidential" pursuant to the standards set forth below:

   a. Discovery materials may be designated as "Confidential" if the producing party believes in good faith that such information is not publicly available or has not previously been disclosed to the public or third parties and such information constitutes past, current or future business plans, financial information, or information regarding products not released or announced to the public, non-public proprietary product development information, customer lists, pricing information, financial data, including but not limited to profits and sales figures, and product designs or otherwise constitutes and contains trade secrets or other confidential research, marketing plans, packaging design, advertising expenditures, or other such development or sensitive commercial information.

3. Discovery materials designated "Confidential" shall be maintained in confidence by the party to whom such discovery materials are produced or given, shall be used solely in connection with this action, and shall not be used in any other action or proceeding, and shall not be disclosed to any person except:

  a. the Court, its officers and employees, any court or stenographic reporters who transcribe testimony at depositions, hearings or trial, and any translators needed to translate documents into English;

  b. outside counsel of record and employees of outside counsel of record who are reasonably necessary to assist such counsel;

  c. no more than three (3) identified officers of each party excluding any in-house counsel assisting with the preparation of this civil action, provided that each such officer has signed an undertaking in the form of Exhibit A attached hereto;

  d. third parties engaged by counsel or the parties to assist in this litigation including experts, investigators, consultants and advisors, pursuant to paragraph 4 hereto and provided that each such person has signed an undertaking in the form of Exhibit A attached hereto;

  e. witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for deposition or testimony in this litigation, provided that each such person has signed an undertaking in the form of Exhibit A attached hereto; and

  f. any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting.

4. Notwithstanding Paragraph 3(d) above, discovery materials designated "Confidential" may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this litigation, provided that such expert or consultant is using said discovery materials solely in connection with this litigation, and further

provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form of Exhibit A attached hereto.

5. Nothing in this Protective Order shall be taken as indicating that any discovery materials are in fact "Confidential" or entitled to confidential treatment. Agreement to this Protective Order is without prejudice to any party seeking an order from this Court imposing further restrictions on the dissemination of "Confidential" material, or seeking to rescind, modify, alter or amend this Protective Order with respect to specific materials. Either party may at any time seek an order from the Court determining that specified discovery materials or categories of discovery materials are not entitled to be treated as "Confidential." Nothing in this paragraph shall change any party's burden of proof on any motion including, in particular, the burden of the designating party to establish that any document, material, or information is entitled to protection from disclosure as "Confidential." Nothing in this Protective Order shall prevent the parties from agreeing in writing to give greater or lesser protection to particular information or materials previously designated as "Confidential." The parties shall in good faith discuss any such requests for re-designation in an effort to come to an agreement concerning any such request prior to seeking judicial intervention. If a party disputes the designation of any document as "Confidential," the parties shall in good faith attempt to resolve by agreement whether or on what terms the document is entitled

to confidential treatment. If the parties are unable to agree as to the appropriate designation, if any, of the document, counsel for the party challenging the designation must promptly (within 10 days of failure to agree to confidentiality) file an appropriate motion or letter with the Court seeking an order determining the appropriate designation for the material. The burden rests upon the party seeking confidentiality to demonstrate that such designation is proper. The document in question shall retain its original designation until the Court rules otherwise.

      6.    a.    No designation of "Confidential" material shall be effective unless there is placed or affixed on each page of such materials a "Confidential" notice. Any confidential designation that is inadvertently omitted, or any document that is subject to the attorney-client privilege, the work product immunity, or any other relevant privilege or immunity, that is inadvertently produced during document production, may be corrected by written notification to opposing counsel.

          b.    Testimony given at a deposition may be designated as "Confidential" by an appropriate statement at the time of the giving of such testimony or designating within fifteen (15) business days after receipt of the transcript of the deposition. If such designation is made at the time of the deposition, the testimony shall be taken only in the presence of those persons authorized to have access to such "Confidential" material in accordance with this

Protective Order. Deposition transcripts containing material designated "Confidential" shall be separately bound and appropriately marked with the words set forth above, but will keep the same pagination as if the testimony did not contain material designated "Confidential." All electronic copies of deposition testimony containing material designated "Confidential" shall contain a header on each page appropriately identifying the testimony.

7. All discovery materials whether designated "Confidential" or not so designated, shall be used solely for the prosecution or defense of the claims in connection with this action and shall not be used for any business, commercial, competitive, personal or other purpose. This limitation shall not prevent either party from obtaining any materials designated herein as "Confidential" for use in any other proceeding provided, however, that these materials are obtained other than through discovery in this civil action and pursuant to any other lawful procedure, means or rule.

8. All "Confidential" material shall be stored under the direct control of outside counsel of record who shall be responsible for preventing any disclosure thereof, except in accordance with the terms of this Protective Order. Within thirty (30) days of the conclusion of this case, including the exhaustion of all appeals, all "Confidential" material produced by a party, and all copies thereof, shall be returned to that party. Alternatively, counsel of record shall certify in writing

that all such material has been destroyed except that outside counsel of record for each party may retain a complete set of the pleadings inclusive of all "Confidential" material for its files.

9. Documents containing information designated "Confidential" (collectively "Confidential Information") shall be filed with the court under seal. Alternatively, if a party uses Confidential Information in a filing with the court, that party may: (a) redact the Confidential Information from the publicly filed documents; or (b) withhold the Confidential Information entirely. If the Confidential Information is redacted or withheld in its entirety, such withholding is subject to a subsequent ruling by the Court on whether or not the Confidential Information should be provided under seal.

10. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

    a. was, is or becomes public knowledge, not in violation of this Protective Order;

    b. is acquired by the non-designating party from a third party having the right to disclose such information or material; or

    c. was lawfully possessed by the non-designating party prior to entry by the Court of this Protective Order.

11. The parties agree that the inadvertent production of any document or any inadvertent statement at a deposition that would be protected from disclosure pursuant to the attorney-client privilege, the work product immunity or any other relevant privilege or immunity shall not constitute waiver of the applicable privilege or doctrine. If any such document is inadvertently produced, the recipient of the document agrees that, upon a reasonably timely and good faith request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains and make no use of the information contained in the document, provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege.

12. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that the information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential" pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

13. This Protective Order shall apply not only to the parties to this action, but also to the production of documents, to depositions and to other discovery of third parties in this action who are signatories to this Protective Order.

14. The parties agree to submit this Protective Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

15. The Court retains jurisdiction over the parties after the dismissal of this action regarding any dispute concerning the improper use of information disclosed under protection of this Protective Order.

16. Notwithstanding the preceding sentence, all obligations and duties arising under this Protective Order shall forever survive the termination of this action.

| **STRADLEY RONON STEVENS & YOUNG, LLP** | **HALLORAN FARKAS + KITTILA LLP** |
|---|---|
| */s/ Joelle E. Polesky* <br> Joelle E. Polesky (No. 3694) <br> 1000 N. West Street, Suite 1200 <br> Wilmington, Delaware 19801 <br> Phone: (302) 295-4856 <br> Fax: (302) 295-5801 <br> Email: jpolesky@stradley.com | */s/ James G. McMillan, III* <br> Theodore A. Kittila (No. 3963) <br> James G. McMillan, III (No. 3979) <br> 5803 Kennett Pike, Suite C <br> Wilmington, Delaware 19807 <br> Phone: (302) 257-2011 <br> Fax: (302) 257-2019 <br> Email: tk@hfk.law <br>            jm@hfk.law |
| -and- <br><br> William E. Mahoney, Jr. (pro hac vice) <br> Spencer R. Short (pro hac vice <br> Stradley Ronon Stevens & Young LLP <br> 2005 Market Street, Suite 2600 <br> Philadelphia, PA 19103 <br><br> *Counsel for Plaintiff and Third-Party Defendants* | *Counsel for Defendants and Third-Party Plaintiffs* |

IT IS SO ORDERED this ____ day of _____, 2020.

_____
United States District Court Judge