

Stradley Ronon Stevens & Young, LLP

1000 N. West Street
Suite 1200
Wilmington, DE 19801
Telephone 302.295.3805
Fax 302.295.4801
www.stradley.com

**Joelle E. Polesky**

Counsel

jpolesky@stradley.com

302.295.4856

March 5, 2020

**Via E-Filing and Hand Delivery (two copies)**

Honorable Sherry R. Fallon
United States District Court, District of Delaware
844 N. King Street
Wilmington, Delaware 19801

    Re:   *Deborah S. Skeans, Executrix of the Estate of Frank E. Pavlis v.*
           *Key Commercial Finance, LLC, et. al.*, No. 1:18-cv-01516-CFC/SRF

Dear Judge Fallon,

Pursuant to the Court's March 2, 2020 Order, Plaintiff, Deborah S. Skeans, Executrix of the Estate of Frank E. Pavlis (the "Estate of Mr. Pavlis"), files this Discovery Dispute Letter due to Defendants', Key Commercial Finance, LLC, Key Commercial Finance Properties, LLC, Equity Pros, LLC, and Mobile Agency, LLC, (collectively "Defendants"), failure to produce all responsive documents pursuant to the Estate of Mr. Pavlis' requests.

This case concerns a $7,000,000 "investment" made by decedent, Frank E. Pavlis, in the final years of his life, at the behest of a serial fraudster named Justin Billingsley. Purportedly a trusted advisor, Mr. Billingsley solicited Mr. Pavlis, who was 97 years old at the time, to "invest" in various entities in which Mr. Billingsley had ownership and/or financial interests. Specifically, Mr. Billingsley persuaded Mr. Pavlis to make a $7,000,000 "investment" to a third party, Allwest Investments, LLC ("Allwest"), with whom Mr. Billingsley conspired to divert Mr. Pavlis' money to Defendant Key Commercial Finance, LLC ("KCF"), an entity controlled by Mr. Billingsley. In order to "paper over" this fraud, Mr. Billingsley later fabricated two promissory notes from KCF to Mr. Pavlis. Purportedly issued in September and November 2014, respectively—months before KCF even existed—each note was signed by a KCF "Executive Vice President" who, in fact, never worked for KCF, and each had a term of at least five years. Put differently, these fraudulent notes would not mature until Mr. Pavlis was at least 102 years old. In late 2016 and 2017, when Mr. Pavlis' authorized agent began asking Mr. Billingsley for information on Mr. Pavlis' investments, Mr. Billingsley first dissembled and delayed before finally, upon information and belief, fabricating additional documents in order to perpetuate his fraud.

**Philadelphia, PA • Harrisburg, PA • Malvern, PA • Cherry Hill, NJ • Wilmington, DE • Washington, DC • New York, NY • Chicago, IL**
A Pennsylvania Limited Liability Partnership

Honorable Sherry R. Fallon
March 5, 2020
Page 2

The Estate of Mr. Pavlis seeks declaratory and compensatory relief in connection with the promissory notes purportedly issued by KCF to Mr. Pavlis. The Estate of Mr. Pavlis alleges that the promissory notes, to the extent they were, in fact, issued to Mr. Pavlis, are *void ab initio* because (i) KCF was not a legal entity at the time KCF purported to issue the notes, and (ii) the notes were fraudulently executed. In the alternative, the Estate of Mr. Pavlis asserts common law causes of action for fraud, fraudulent concealment, and unjust enrichment.

In compliance with the Federal Rules of Civil Procedure, the Estate of Mr. Pavlis sought reasonable discovery of nonprivileged documents that are relevant to this proceeding by serving Defendants with Plaintiff's First Set of Requests for Production of Documents (the "Estate of Mr. Pavlis' Requests," attached as Exhibit A) on October 11, 2019. On November 11, 2019, Defendants provided their Objections and Responses to Plaintiff's First Set of Requests for Production of Documents ("Defendants' Responses," attached as Exhibit B) to the Estate of Mr. Pavlis. In their responses, Defendants agreed to undertake a "good-faith search of their files" and to produce nonprivileged documents responsive to each of the Estate of Mr. Pavlis' forty-six (46) requests. *See* Exhibit B.

Defendants have failed to fulfill their obligation under the Federal Rules of Civil Procedure. On February 4, 2020, the Estate of Mr. Pavlis sent a letter to Defendants to notify them of the numerous deficiencies in Defendants' production. *See* the Estate of Mr. Pavlis' February 4 Letter, attached as Exhibit C. On February 26, 2020, Defendants responded stating they would not produce any additional documents. *See* Defendants' February 26 Letter, attached as Exhibit D. The parties engaged in an unsuccessful telephonic meet and confer on February 27, 2020. The Estate of Mr. Pavlis then filed a Motion for Teleconference to Resolve Discovery Dispute (D.I. 57).

The Estate of Mr. Pavlis seeks the Court's intervention to address Defendants' failure to produce all nonprivileged, relevant documents sought by the Estate of Mr. Pavlis. To date, Defendants produced 3,100 electronic documents. However, Defendants' production is unresponsive and/or incomplete, with respect to a majority of the Estate of Mr. Pavlis' requests. By way of example, and despite their obligation to do so, Defendants have failed to produce:

- Any documents related to the ownership, formation, operation, and leadership of the Defendant entities.
- Any notes, private placement memoranda, subscription agreements, and note purchase agreements or amendments—or drafts of those documents sufficient to show when they were created—evidencing any investment Mr. Pavlis made in specified entities.
- Complete financial documents that track the flow of funds from Mr. Pavlis to the Defendant entities, such as Defendants' bank statements, credit card statements, and other financial records.

Honorable Sherry R. Fallon
March 5, 2020
Page 3

- Metadata associated with specified documents, the purpose of which is to ascertain whether documents were created before their signature dates or, as the Estate of Mr. Pavlis contends, were fabricated long after the fact.
- The "written investment agreement" between Mr. Pavlis and KCF expressly referenced in KCF's Funding Agreement with Allwest.
- Any documents evidencing communications between KCF and Mr. Pavlis, including any correspondence or investment documents exchanged between Defendants and Mr. Pavlis or Defendants' internal memoranda or files relating to any investments allegedly made by Mr. Pavlis.
- Any documents evidencing meetings between Mr. Billingsley and Mr. Pavlis, including calendar, diaries, or notes.

Most significantly, Defendants neither produced, nor made available for inspection, a single hard copy document. In light of the fact that this matter concerns the execution of documents by Mr. Pavlis in hard copy, it seems implausible that there are no available paper documents just six years later, particularly when one note just "matured" in September 2019 and the other does not "mature" until later this year.

Per the Federal Rules, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1). Relevancy for purposes of Rule 26 is congruent with relevancy under the Federal Rules of Evidence, namely, a matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and…the fact is of consequence in determining the action." *Smith v. Rodgers*, 2017 WL 544598, at *2 (W.D. Pa. 2017) (citing Fed. R. Evid. 401)). Rule 26 is "liberally construed in favor of disclosure because 'relevance is a broader inquiry at the discovery stage than at the trial stage.' " *Agrofresh Inc. v. Essentiv LLC*, 2018 WL 9578196, at *2 (D. Del. 2018) (citing *Duncan v. Black*, 2018 WL 317957, at *2 (W.D. Pa. 2018)).

The discovery the Estate of Mr. Pavlis seeks, and Defendants failed to produce, is relevant to the Estate of Mr. Pavlis' claims. The Estate of Mr. Pavlis alleges fraud both in the inducement of Mr. Pavlis' "investment" to Allwest and in Defendants' after-the-fact scheme to recharacterize the investment as one to KCF. The existence of financial agreements and other documents between Mr. Pavlis and the Defendants, the timing of their execution, the flow of Mr. Pavlis' money from Allwest to KCF, and all related interactions between Mr. Billingsley and Mr. Pavlis are integral to the Estate of Mr. Pavlis' case.

Further, the discovery sought is proportional to the needs of the case in light of the importance of the issues and Defendants' disproportionate access to the documents requested by the Estate of Mr. Pavlis. *See* Fed. R. Civ. P. 26(b)(1). First, the documents omitted from Defendants' production are central to the Estate of Mr. Pavlis' case. Defendants' failure to produce a single hard copy document is particularly concerning given the Estate of Mr. Pavlis' questions about

Honorable Sherry R. Fallon
March 5, 2020
Page 4

whether certain documents were in fact executed by Mr. Pavlis and if they were, the timing of this execution. Production of these documents in paper form is of significant importance to determining their veracity. Second, both the hard copy and electronic documents are disproportionately—indeed, solely—in the control of Defendants. Mr. Pavlis did not own a computer during his lifetime, and based on a thorough search of his remaining possessions at the time of his death, Mr. Pavlis was not provided hard copies of the financial documents at issue. Conversely, Defendants, as business entities, have the superior capacity, and frankly the obligation, to maintain both electronic and hard copy documents evidencing their finances. *See AbbVie Inc. v. Boehring Ingelheim International GmbH*, 2018 WL 2337133, at *2 (D. Del. 2018) ("Need is enhanced when information is uniquely available from the party from whom it is sought.") (citing *Avago Technologies U.S., Inc. v. IPtronics, Inc*., 309 F.R.D. 294, 299-300 (E.D. Pa. 2015)).

The Estate of Mr. Pavlis' Requests are reasonable, relevant, and proportional to the needs of this case. Defendants are hard pressed to disagree, as they have already agreed to produce all responsive, non-privileged documents in response to each of those Requests. In its current form, Defendants production deprives the Estate of Mr. Pavlis of many crucial documents to which the Estate of Mr. Pavlis is entitled. As such, Defendant is obligated to produce all nonprivileged, relevant documents as requested by the Estate of Mr. Pavlis and as outlined above. To the extent Defendants maintain that they cannot produce additional documents because they do not have anything to produce (a contention the Estate of Mr. Pavlis believes is untenable) the Defendants must amend their November 11, 2019 Objections and Responses to Plaintiff's First Set of Requests for Production of Documents to reflect that they do not have the documents requested.

Accordingly, the Estate of Mr. Pavlis requests the Court order Defendants to fulfill their discovery obligations and produce all documents responsive to the discovery requests propounded. *See* [Proposed] Order, attached as Exhibit E. Thank you for your consideration of this matter, which the Estate of Mr. Pavlis is prepared to address more fully during the teleconference scheduled for March 12, 2020 at 4:00 p.m.

    Respectfully,

    */s/ Joelle E. Polesky*

    Joelle E. Polesky (ID No. 3694)

Attachments

cc:    Theodore Kittila, Esquire (via email w/attachments)
       James G. McMillian, III, Esquire (via email w/attachments)
       William E. Mahoney, Jr., Esquire (via email w/attachments)