# Exhibit C



**Stradley Ronon Stevens & Young, LLP**

2005 Market Street

Suite 2600

Philadelphia, PA 19103

Telephone 215.564.8000

Fax 215.564.8120

www.stradley.com

**William E Mahoney, Jr**
wmahoney@stradley.com
215.564.8059

February 4, 2020

**VIA E-MAIL AND U.S. MAIL**

Theodore A. Kittila, Esquire
James G. McMillan, III, Esquire
Halloran Farkas & Kittila, LLP
5803 Kenneth Pike, Suite C
Wilmington, DE   19807

      Re:    **Deborah S. Skeans, Executrix of the Estate of Frank E. Pavlis**
            **v. Key Commercial Finance LLC, et al.**
            <ins>**USDC, District of Delaware, No. 1:18:cv-01516**</ins>

Dear Ted and Jay:

        Having had an opportunity to review Defendants' initial document production, I am writing to identify the deficiencies in that production.

        As a preliminary observation, I'll note that while you produced roughly 3,100 emails and attachments, you have produced no copies of any hard copy documents at all.  It seems unlikely that your clients do not have any responsive documents in non-electronic format. In fact, given that there are any number of documents in your clients' possession that purport to bear Mr. Pavlis' signature, as well as signatures of other individuals purporting to represent one or more of the Defendants, it is clear that those documents exist in paper format.  To the extent your clients have not reviewed their paper files for responsive documents, kindly remind them of their obligation to do so.

        The following are the Document Requests in response to which Defendants have either (i) produced no responsive documents whatsoever, or (ii) made an incomplete production:

      •   **Request Nos. 1-6**:  These requests generally seek documents relating to the ownership, formation and operation of the Defendant entities as well as documents identifying their past and present respective officers, members and employees.  Defendants have produced no responsive documents to date.

Philadelphia, PA • Harrisburg, PA • Malvern, PA • Cherry Hill, NJ • Wilmington, DE • Washington, DC • New York, NY • Chicago, IL

A Pennsylvania Limited Liability Partnership

MERITAS LAW FIRMS WORLDWIDE

Theodore A. Kittila, Esquire
James G. McMillan, III, Esquire
February 4, 2020
Page 2

- **Request Nos. 7-8:**  These requests seek documents relating to Mr. Pavlis' investments in Mobile Corp and Allwest in 2013 and 2014.   While you have produced some emails relating to those investments, it seems likely that additional responsive documents exist, including copies of any Notes, private placement memoranda, subscription agreements, and note purchase agreements or amendments thereto.  Given that Mr. Billingsley facilitated those investments and acted as an intermediary between Mr. Pavlis and Mobile Corp and Allwest, it is inconceivable that he does not have additional responsive documentation in his possession, custody or control.

- **Request Nos. 9-13, 19, 24, 30-31:**  These requests generally seek documents relating to use and/or disposition of the funds that Mr. Pavlis invested in Allwest and/or KCF, which funds ultimately made their way KCF and one or more of the other Defendant entities. Responsive documents are those that track the flow of funds from Mr. Pavlis' bank account through Allwest's account(s) to accounts owned or controlled by KCF and/or its affiliate entities. Such documents would include Defendants' bank statements, credit card statements, and other financial records.  With the exception of several Equity Pros and KCF balance sheets and P&L statements that were attached to a few emails – none of which provide any detail on the disposition of Mr. Pavlis' funds – you have produced no responsive documents.

- **Request Nos. 14-18:**  These requests seek, among other things, the metadata associated with specified documents.  You have not produce any metadata or other responsive documentation.

- **Request Nos. 20:**  This request seeks documents relating to communications referencing Mr. Pavlis, Allwest, or various documents, including the KCF Promissory Notes, Note Purchase Agreements, and related documents allegedly issued to and/or signed by Mr. Pavlis in 2014.  Your production includes a number of email communications referencing Mr. Pavlis and Allwest.  However, your production does not appears to include any documents reflecting communications about the KCF Notes or other documents allegedly issued to Mr. Pavlis.  I will note in particular the complete absence of any contemporaneous materials – that is, anything relating to or confirming the existence of those documents in 2014.

- **Request Nos. 23:**  This request seeks the "written investment agreement" between Mr. Pavlis and KCF referenced in KCF's Funding Agreement with Allwest and any documents relating to it.  As far as I can tell, no responsive documents were included in your production.   If I am mistaken, kindly identify those documents by bates number.

- **Request Nos. 25-26:**  Your production does not appear to contain any documents evidencing or relating to any communications between KCF and Mr. Pavlis. And while some of your produced emails contain KCF documents that appear to bear Mr. Pavlis signature – and thus appear to constitute documents that KCF provided to or received from him – there is no

Theodore A. Kittila, Esquire
James G. McMillan, III, Esquire
February 4, 2020
Page 3

indication that all of documents exchanged between Mr. Pavlis and any Defendant has been produced, including hard copy documents.

- **Request Nos. 27-29:**  These requests seek documents relating to any meetings or communications between Mr. Billingsley and Mr. Pavlis.  You produced no notes of any such meetings or conversations, much less calendars, credit card receipts, phone records or other documents that could confirm the dates of such communications.  Given that Mr. Billingsley solicited and/or facilitated Mr. Pavlis' investment of millions of dollars, one would expect that he kept some type of records of their meetings and conversations.  To date, none have been produced.

- **Request Nos. 33-45:**  These requests generally seek documents relating allegations set forth in the Defendants' Answer to the Verified Complaint.  Despite the fact that your clients affirmatively made these allegations, there is almost nothing in your document production to date that are responsive to any of these requests.

- **Request No. 46:**  This request seeks documents relating to other investors and documentation that KCF allegedly provided them.  Although several emails you produced refer to one other potential investor – Rygh Westby – you have provided no underlying documents that reference his investments.

Please provide all documents responsive to the above requests as soon as possible, but in no event no later than February 17, 2020.

Very truly yours,

William E. Mahoney, Jr.

cc:   Joelle E. Polesky, Esquire
      Cameron Redfern, Esquire

4347138