

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS,<br><br>*Plaintiff*,<br><br>v.<br><br>KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC,<br><br>*Defendants*. | C.A. No. 1:18-cv-01516-CFC |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Key Commercial Finance, LLC ("KCF"), Key Commercial Finance Properties, LLC ("Key Properties"), Equity Pros, LLC ("Equity Pros"), and Mobile Agency, LLC ("Mobile Agency") (collectively, "Defendants"), object and respond to Plaintiff's First Set of Requests for Production of Documents Directed to Defendants (the "Requests," each a "Request") as follows:

## GENERAL OBJECTIONS

The following general objections are incorporated into each of the specific responses and objections below as if set forth fully therein:

1. Defendants object to the Requests to the extent they seek "all documents" or "all communications" relating to a given subject matter or purport to require Defendants to search the files of all persons who may possess responsive information on the grounds that it would be impractical and unduly burdensome to do so. In accordance with Federal Rules of Civil Procedure 26 and 34 and any other applicable rules, laws, or orders, any review Defendants undertake will be a good-faith search of their files that are reasonably likely to contain documents within the

scope of what Defendants are undertaking to produce. Defendants' responses herein, including any undertaking to produce responsive, non-privileged documents, are expressly made subject to the foregoing search and will be done on a rolling basis.

2. Defendants will meet and confer with Plaintiff to derive a mutually agreeable set of search terms and protocols for the production of ESI.

3. Defendants' response to any specific request does not mean that any such category of documents in fact exists or that Defendants have any such documents in their possession, custody, or control.

4. Nothing in these responses and objections is intended to mean that Defendants adopt, acquiesce in, or otherwise accept the way the Requests describe or characterize the facts, circumstances, subject matter, or events discussed.

5. Nothing in these responses and objections is intended as a waiver or limitation of Defendants' right to object, on any grounds and in any proceeding, to the use of any information or documents provided or referred to in these responses and objections.

6. Defendants do not intend to produce documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other protection from discovery. Accordingly, any inadvertent production of such privileged or protected documents is not intended to be a waiver of any applicable privilege or protection with respect to such document or the subject matter thereof.

7. Defendants provide these responses without waiving or intending to waive, but rather preserving and intending to preserve the right at any time to revise, correct, add to, or clarify any of the responses provided herein.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Defendants object to the Definitions and Instructions to the extent they would impose requirements beyond those of the Federal Rules of Civil Procedure and the case law thereunder, and to the extent they are unduly burdensome.

2. Defendants object to the definitions of the terms "you," "your," "KCF," "KCF Properties," "Equity Pros," and "Mobile" to the extent they include individuals or entities other than Defendants and any predecessor company or companies and their current or former officers, directors, or employees.

3. Defendants object to the definition of "Allwest" to the extent it includes individuals or entities other than Allwest Investments, LLC and its current or former officers, directors, and employees known to Defendants.

4. Defendants object to the definition of "document" or "documents" to the extent it would impose requirements beyond those of Federal Rule of Civil Procedure Rule 34 and would require the production of documents that are not reasonably accessible, maintained and accessed in the ordinary course of business.

5. Defendants object to the definition of "communication" to the extent it would impose requirements beyond those of Federal Rule of Civil Procedure Rule 34 and would require the production of documents that are not reasonably accessible, maintained and accessed in the ordinary course of business.

6. Defendants object to the Instructions in paragraph 4 to the extent they would impose requirements beyond what is required to assert attorney-client privilege. Defendants intend to meet and confer with Plaintiff to determine mutually agreeable terms for the production of any

privilege logs, including reasonable restrictions to reduce the burden and expense of producing any privilege logs.

7. Defendants object to the Instructions in paragraph 5 to the extent they would impose requirements beyond those of the Federal Rules of Civil Procedure and the case law thereunder. Defendants further object to the Instructions in paragraph 5 because they call for information regarding documents that no longer exist.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to, and as limited by, their General Objections, and without waiving any of them, and reserving their right to amend these Responses and Objections, Defendants respond and object to each Request as follows:

1. All documents evidencing, referring to, or relating to the ownership of KCF and/or any ownership interest that any individual or entity has had or currently has in KCF.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

2. All documents evidencing, referring to, or relating to the creation, formation, organization and/or operation of KCF, including, but not limited to copies of any limited liability company agreement, operating agreement, or other governing document.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome, and on the ground that the Request seeks documents protected by the attorney-client privilege and the attorney work-product doctrine. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

3. All documents evidencing, referring to, or relating to the creation, formation, organization and/or operation of KCF Properties, including, but not limited to copies of any limited liability company agreement, operating agreement, or other governing document.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome, and on the ground that the Request seeks documents protected by the attorney-client privilege and the

4

attorney work-product doctrine. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    4.    All documents evidencing, referring to, or relating to the creation, formation, organization and/or operation of Equity Pros, including, but not limited to copies of any limited liability company agreement, operating agreement, or other governing document.

**RESPONSE:** Defendants object to this Request as overly broad and burdensome, and on the ground that the Request seeks documents protected by the attorney-client privilege and the attorney work-product doctrine. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    5.    All documents evidencing, referring to, or relating to the creation, formation, organization and/or operation of Mobile, including, but not limited to copies of any limited liability company agreement, operating agreement, or other governing document.

**RESPONSE:** Defendants object to this Request as overly broad and burdensome, and on the ground that the Request seeks documents protected by the attorney-client privilege and the attorney work-product doctrine. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    6.    All documents identifying your present or former officers, directors, members, and employees, including but not limited to organizational charts, employment agreements, employment or personnel files, payroll records, and similar documents evidencing, referring to, or relating to any salary or other form of compensation that you paid to each identified person.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    7.    All documents evidencing, referring to, or relating to any funds that Mr. Pavlis provided to, or any investment that Mr. Pavlis made in, Mobile Corp. at any time, including, but not limited to funds he invested in 2013 and 2014, as alleged in the Verified Complaint in this action.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

> 8. All documents evidencing, referring to, or relating to any funds that Mr. Pavlis provided to, or any investment that Mr. Pavlis made in, Allwest at any time, including, but not limited to a $1 million investment by cashier's check in or around February 2014, and a subsequent $6 million investment made by personal check in or around May 2014, as alleged in the Verified Complaint in this action.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

> 9. All documents evidencing, referring to, or relating to the transfer of all or any portion of the $7 million that Mr. Pavlis invested in or otherwise provided to Allwest to any other individual or entity, including but not limited to KCF.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

> 10. All documents evidencing, referring to, or relating to KCF's use and/or disposition of any funds it received, directly or indirectly, from or originating with Mr. Pavlis.

**RESPONSE:** Subject to the General Objections, Defendants will produce documents responsive to this Request.

> 11. All documents evidencing, referring to, or relating to KCF's use and/or disposition of any funds it received from Allwest, including but not limited to all or any portion of the $7 million that Mr. Pavlis invested in or otherwise provided to Allwest in 2014.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

> 12. All documents evidencing, referring to, or relating to any payments, transactions, or business dealings between KCF and Allwest, including but not limited to any funding transactions or loan arrangements referenced in and/or entered into pursuant to the Funding Agreement.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

13. All documents evidencing, referring to, or relating to the repayment of any loans or other funding arrangements between KCF and Allwest, including but not limited to any review or audit of such payments performed by Joshua Hayes and/or Eide Bailly LLP, and all documents you provided to or received from Mr. Hayes and/or Eide Bailly LLP in connection with any review or audit.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

14. All documents evidencing, referring to, or relating to (i) the Promissory Notes, (ii) the original application and/or native file of the computer file(s) associated with the Promissory Notes and the creation or modification of such computer file(s), and (iii) the MD5 Hash information for each such computer file(s).

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

15. All documents evidencing, referring to, or relating to (i) the KCF Note Purchase Agreements, (ii) the original application and/or native file of the computer file(s) associated with the Note Purchase Agreements and the creation or modification of such computer file(s), and (iii) the MD5 Hash information for each such computer file(s).

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

16. All documents evidencing, referring to, or relating to the KCF Private Placement Memorandum, (ii) the original application and/or native file of the computer file(s) associated with the Private Placement Memorandum, and the creation or modification of such computer file(s), and (iii) the MD5 Hash information for each such computer file(s).

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

17. All documents evidencing, referring to, or relating to (i) the KCF Subscription Agreement, (ii) the original application and/or native file of the computer file(s) associated with the Subscription Agreement, and (iii) the creation or modification of such computer file(s), and (iii) the MD5 Hash information for each such computer file(s).

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

18. All documents evidencing, referring to, or relating to (i) the Funding Agreement (ii) the original application and/or native file of the computer file(s) associated with the Funding Agreement, and (iii) the creation or modification of such computer file(s), and (iii) the MD5 Hash information for each such computer file(s).

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

19. All financial records of each of the Defendants, including, but not limited to bank statements, financial audits and reviews, balance sheets, financial statements, income statements, statements of cash flow and credit card statements.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

20. All documents evidencing, referring to, or relating to any communication between or among you and any other person or entity relating to or referencing: (a) Mr. Pavlis, (b) Allwest, (c) the Promissory Notes, (d) the KCF Note Purchase Agreements, (e) the KCF Private Placement Memorandum, (f) the KFC Subscription Agreement, (g) the Funding Agreement, or (h) any joint venture agreement between or among KCF and KCF Properties, Equity Pros, or Mobile.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

21. All documents that refer or relate to Mr. Pavlis.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

22. All documents evidencing, referring to, or relating to any communications between KCF and Allwest relating to Mr. Pavlis and/or any funds he invested in or otherwise provided to Allwest, KCF, or any other entity.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

  22 [*sic*].  All documents evidencing, referring to, or relating to any funds that Mr. Pavlis loaned to, invested in, or otherwise provided to KCF, including but not limited to the "investment" referenced at paragraph 7 of the Funding Agreement.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

  23.  All documents evidencing, referring to, or relating to any agreements between KCF and Mr. Pavlis, including but not limited to the "written investment agreement" referenced at paragraph 7 of the Funding Agreement.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

  24.  All documents evidencing, referring to, or relating to the current disposition of any funds that Mr. Pavlis loaned to, or invested in, with or through, KCF, Allwest, or any other entity.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

  25.  All documents evidencing, referring to, or relating to any communications between KCF and Mr. Pavlis.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

  26.  All documents that you provided to or received from Mr. Pavlis.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

  27.  All documents evidencing, referring to, or relating to any meetings or communications between Justin Billingsley and Mr. Pavlis

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

28. All documents evidencing, referring to, or relating to the dates of any meetings or communications between Justin Billingsley and Mr. Pavlis, including calendars, day planners, credit card statements, and expense statements.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

29. All documents evidencing, referring to, or relating to the dates of any meetings or communications between Justin Billingsley and any person or entity relating to Mr. Pavlis, including calendars, day planners, credit card statements, and expense statements.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

30. All documents evidencing, referring to, or relating to any joint venture agreement(s) between KCF and KCF Properties, Equity Pros, or Mobile, and/or the transfer of any funds from KCF to one or more of its subsidiaries or any other person or entity.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

31. All documents evidencing, referring to, or relating to the transfer or movement of any funds from KCF to KCF Properties, Equity Pros, and/or Mobile or any other person or entity.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

32. All documents that refer or relate to any allegation contained in the Verified Complaint in this action.

**RESPONSE:** Defendants object to this Request as overly broad and unduly burdensome. Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

33. All documents referring to, or relating to, or supporting the allegations in paragraph 26 of your Answer to the Verified Complaint ("Answer") that (i) Deborah and Darbin Skeans repeatedly insisted that Mr. Billingsley meet with Mr. Pavlis because the Skeanses wanted Mr. Billingsley to persuade Mr. Pavlis to invest in their personal business ventures — specifically (1) a $500,000 investment in a real estate transaction for the private school attended by the Skeanses' grandchildren, and (2) a more than $4 million investment in the Skeanses' senior assisted living facility business, (ii) Mr. Pavlis invested more than $4.5 million with the Skeanses, (iii) the Skeanses were present at most or all of Mr. Billingsley's meetings with Mr. Pavlis, and (iv) the Skeanses ultimately turned against Mr. Billingsley and KCF because Mr. Billingsley decided not to partner with the Skeanses.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

34. All documents referring to, or relating to, or supporting the allegations in paragraph 26 of your Answer that that the Skeanses made it impossible for Mr. Pavlis to get a return on his investment in KCF because they publicly defamed Mr. Billingsley and KCF and interfered with KCF's prospective business relations.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

35. All documents referring to, or relating to, or supporting the allegations paragraph 49 of your Answer that Jeffrey Peterson and Michael Silberman (Mobile Corp.'s Chief Financial Officer) dealt directly with Mr. Pavlis.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

36. All documents evidencing, referring to, or relating to the allegations in paragraph 51 of your Answer that Justin Billingsley did not solicit any investments in Mobile Corp. and that he did not receive commissions from Mobile Corp.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

37. All documents evidencing, referring to, or relating to the allegations in paragraph 71 of your Answer that Mr. Pavlis understood and was excited about Mobile Corp.'s business model, its prestigious board of directors, and high profile investors and advisors, including Howard Dean (former governor of Vermont, former head of the Democratic National Committee, and U.S. Presidential candidate), Dennis Burke (former U.S. Attorney for the District of Arizona), Alan Bersin (former Assistant Secretary of the U.S.

11

Department of Homeland Security), and Marco Lopez (Senior Advisor to Mexican billionaire Carlos Slim).

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    38.    All documents evidencing, referring to, or relating to the allegations in paragraph 77 of your Answer that Mr. Pavlis rejected the Allwest investment documents in favor of an investment in KCF, at the urging of Deborah and Darbin Skeans.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    39.    All documents evidencing, referring to, or relating to the allegations in paragraph 78 of your Answer that when Mr. Pavlis advised his brokers that he wanted to liquidate certain assets to make the investment in KCF, Mr. Pavlis' brokers from Glenmede traveled to Allentown to meet Mr. Pavlis to discuss the investment in KCF with Mr. Pavlis and to verify Mr. Pavlis' capacity, soundness of mind, and understanding of the investment in KCF.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    40.    All documents evidencing, referring to, or relating to the allegations in paragraph 78 of your Answer that after Justin Billingsley explained the investment to Mr. Pavlis' banker, Mr. Pavlis' banker met privately with Mr. Pavlis to confirm Mr. Pavlis' capacity, will, and intent, after which he approved the transaction.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    41.    All documents evidencing, referring to, or relating to the allegations in paragraph 79 of your Answer that although Mr. Pavlis made payments to Allwest, his investment was based on an agreement with KCF.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    42.    All documents evidencing, referring to, or relating to the allegations in paragraph 81 of your Answer that Mr. Pavlis understood that he was investing in KCF, and that his investment was to be used to fund Allwest's real estate development business.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    43.    All documents evidencing, referring to, or relating to the allegations in paragraph 83 of your Answer that there was no loan relationship between KCF and Allwest.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    44.    All documents evidencing, referring to, or relating to the allegations in paragraph 85 of your Answer that (i) Mr. Pavlis initially invested in KCF's real estate business, and (ii) Mr. Pavlis later agreed that KCF would continue to further its goal of developing a digital platform and related tools, which ultimately became RealtyProClub.com, RentalProClub.com, and BuyEveryHome.com.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    45.    All documents evidencing, referring to, or relating to the allegations in paragraph 85 of your Answer that KCF and its subsidiaries developed digital platform(s) and related tools, but were unable to sell them because of the interference of and the untrue and defamatory statements made by Deborah and Darbin Skeans.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

    46.    All documents evidencing, referring to, or relating to (i) any investors in KCF other than Mr. Pavlis, (ii) any promissory or other notes, note purchase agreements, private placement memoranda, or subscription agreement that KCF has issued to or entered into with any person or entity other than Mr. Pavlis, and (iii) any payment or repayment of funds by KCF to any such person or entity.

**RESPONSE:** Subject to the General Objections, Defendants will produce non-privileged documents responsive to this Request.

Dated: November 11, 2019                    **HALLORAN FARKAS + KITTILA LLP**

/s/ *Theodore A. Kittila*
Theodore A. Kittila (No. 3963)
James G. McMillan, III (No. 3979)
5803 Kennett Pike, Suite C
Wilmington, Delaware 19807
Tel: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law
            jm@hfk.law

*Attorneys for Defendants*