# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBOARAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>KEY COMMERCIAL FINANCE LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC, <br><br>　　　　Defendants. <br><br>JUSTIN BILLINGSLEY and KEY COMMERCIAL FINANCE, LLC, <br><br>　　　　Third-Party Plaintiffs, <br><br>　　v. <br><br>DEBORAH S. SKEANS and DARBIN SKEANS, <br><br>　　　　Third-Party Defendants. | Civil Action No. 18-1516-CFC-SRF |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Presently before the court in this investment fraud action is the motion of third-party defendants, Deborah S. Skeans and Darbin Skeans (collectively, "third-party defendants"), to dismiss a third-party complaint ("the TPC") for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  (D.I. 48)  The TPC alleges

---

[1] The briefing for the pending motion is as follows:  third-party defendants' opening brief in support of their motion to dismiss (D.I. 49), third-party plaintiffs' answering brief (D.I. 52), and third-party defendants' reply brief (D.I. 54).

defamation and other related causes of action.[2] (D.I. 35) For the following reasons, the court recommends GRANTING third-party defendants' motion.

## II. BACKGROUND

### a. The Parties

Third-party defendants Deborah S. Skeans ("Ms. Skeans") and her husband, Darbin Skeans, reside in Pennsylvania. (*Id.* at ¶¶ 14–15) Third-party plaintiff Justin Billingsley ("Billingsley") resides in New York. (*Id.* at ¶ 12) Defendant/third-party plaintiff, Key Commercial Finance LLC ("KCF" and together with Billingsley, "third-party plaintiffs"), is a limited liability company organized under the laws of Delaware; its principal place of business is in New York. (*Id.* at ¶ 13)

Ms. Skeans initiated the underlying fraud action in her capacity as the executrix of the Estate of Frank E. Pavlis ("plaintiff"), the sole plaintiff in the underlying action. (D.I. 1; D.I. 35 at ¶ 5) Frank E. Pavlis ("Pavlis") invested his funds with defendant/third-party plaintiffs prior to his death in August of 2018. (D.I. 35 at ¶¶ 29–30, 37–44, 51) Billingsley is not a party to the underlying action; however, he acted through and controlled KCF as its agent. (D.I. 1 at ¶¶ 11–12, 75, 82; D.I. 35 at ¶ 2)

### b. Procedural History

On October 1, 2018, plaintiff filed the underlying investment fraud action. (D.I. 1) On the same date, plaintiff filed motions for a temporary restraining order, a preliminary injunction, and expedited discovery. (D.I. 3; D.I. 4; D.I. 6) On October 2, 2018, Judge Connolly denied plaintiff's motion for a temporary restraining order, concluding there was an insufficient

---

[2] Specifically, the TPC includes causes of action for defamation, injurious falsehood, invasion of privacy, and tortious interference. (D.I. 35)

showing of irreparable harm. (D.I. 12) On October 10, 2018, plaintiff withdrew the motion for a preliminary injunction and the motion for expedited discovery. (D.I. 17) On November 20, 2018, defendants filed a motion to dismiss the investment fraud action pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 22) On August 13, 2019, the court issued a report and recommendation granting-in-part and denying-in-part the motion to dismiss. (D.I. 27) On September 24, 2019, defendants' objections to the report and recommendation were sustained-in-part and overruled-in-part.[3] (D.I. 30) On October 22, 2019, third-party plaintiffs filed the TPC. (D.I. 35) On December 6, 2019, third-party defendants filed the present motion to dismiss the TPC. (D.I. 48)

### c. Facts[4]

This third-party action arises from third-party defendants' allegedly defamatory statements about third-party plaintiffs. (D.I. 35) In September 2017, third-party defendants met with a journalist to discuss KCF and Billingsley. (*Id.* at ¶ 45) During the meeting, third-party defendants told the journalist that "Pavlis had suffered from 'memory loss'" and portrayed Billingsley and KCF as "scam artists who had preyed upon an elderly man." (*Id.*) On December 14, 2017, the *Arizona Republic* and *azcentral.com* published an article that quoted Ms. Skeans

---

[3] Judge Connolly overruled defendants' objections to the report and recommendation related to whether the complaint satisfied Fed. R. Civ. P. 9(b). *Skeans v. Key Commercial Fin. LLC*, C.A. No. 18-1516-CFC, 2019 WL 4635100, at *1 (D. Del. Sept. 24, 2019) Judge Connolly sustained defendants' objections to the report and recommendation related to the application of the statute of limitations. (*Id.*) Judge Connolly denied defendants' motion to dismiss plaintiff's claims for a declaratory judgment, common law fraud, fraudulent concealment, and unjust enrichment and granted defendants' motion to dismiss plaintiff's conversion claim. (*Id.* at *1–2)
[4] The facts in this section are based upon allegations in the TPC and the underlying complaint, which the court accepts as true for the purposes of the present motion to dismiss. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

3

and portrayed third-party plaintiffs negatively.[5] (*Id.* at ¶¶ 8, 48) Based on these facts, third-party plaintiffs bring four claims against third-party defendants: defamation, injurious falsehood, false light/invasion of privacy, and tortious interference with prospective economic advantage. (*Id.* at ¶¶ 52-77)

By contrast, the underlying fraud action is based on an investment that Pavlis made in May 2014: a $6,000,000 personal check payable to Allwest Investments LLC ("Allwest"), a real estate investment company. (*Id.* at ¶¶ 5, 37–44) Billingsley initially encouraged Pavlis to invest directly in Allwest. (*Id.* at ¶ 37) Pavlis rejected Billingsley's proposal and, instead, decided to invest in KCF. (*Id.* at ¶ 38) Allwest had an agreement with KCF under which Allwest served as the operating company in a real estate remodeling business. (*Id.* at ¶¶ 40–41) Although Pavlis' May 2014 check was payable to Allwest, Pavlis understood that he was investing in KCF pursuant to KCF's agreement with Allwest. (*Id.*) In exchange for Pavlis' investment, KCF issued Pavlis two convertible promissory notes in September and November of 2014. (*Id.* at ¶¶ 40–42) The notes were payable to Pavlis in September 2019 and November 2020, in the amounts of $3 million and $4 million, respectively. (*Id.* at ¶ 42) The underlying complaint alleges that KCF, through its agent, Billingsley, defrauded Pavlis of his May 2014 investment. (D.I. 1 at ¶¶ 6–12) Plaintiff seeks the following relief from the court against KCF in the underlying complaint: a declaratory judgment that the promissory notes are void, $7 million in damages, punitive damages, and reasonable attorneys' fees and costs. (*Id.* at 37)

---

[5] Third-party plaintiffs did not attach the referenced article to the TPC, and other than the words "memory loss," the TPC fails to quote meaningful language from the article. (D.I. 35 at ¶¶ 8, 45) The TPC alleges conflicting publication dates for the article. (*Id.* at ¶¶ 8, 48) First, the TPC alleges that the article was published in December 2017, and later the TPC alleges the article was published in December 2019. (*Id.*) Third-party defendants attached to their briefing what they argue is the allegedly defamatory article underpinning the TPC, which shows a December 14, 2017 publication date on its face. (D.I. 49, Ex. 1)

4

### III.    LEGAL STANDARDS

#### a.  Federal Rule of Civil Procedure 14

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Rule 14 governs third-party practice and allows any party to "move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). "Although Rule 14(a) has never expressly provided for a motion to dismiss third-party claims, the federal courts have entertained both motions to dismiss and to strike and have not drawn distinctions between them." *United States ex rel. Wallace & Pancher Constr., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 2013 WL 5874590, at *3 (W.D. Pa. Oct. 31, 2013) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1460 (3d ed. 2010)).

The decision to allow a third-party complaint is within the district court's discretion. Fed. R. Civ. P. 14 advisory committee's note to 1963 amendment ("After the third-party defendant is brought in, the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim."). The court's discretion applies not only "where the third-party defendant is brought in without leave, but to all impleaders under the rule." *Id.*; *Hearn v. Oriole Shipping, LLC*, 2018 WL 1509331, at *3 (E.D. Pa. Mar. 27, 2018) ("Although the Third Circuit has never established a standard for considering motions to strike a third-party complaint under Rule 14(a)(4), courts in this District have uniformly recognized the discretion to strike or sever under Rule 14.") (internal quotations and alterations omitted).

### b. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### a. Joinder of Billingsley

At the outset, third-party defendants argue that the TPC fails to properly join Billingsley under Federal Rule of Civil Procedure 14. (D.I. 49 at 4-6) Third-party defendants argue that the court should dismiss Billingsley under Federal Rule of Civil Procedure 21. (*Id.* at 4) Third-party plaintiffs counter that Federal Rule of Civil Procedure 20 allows KCF to join Billingsley as a third-party plaintiff. (D.I. 52 at 7)

#### i. Billingsley's attempt to intervene as third-party plaintiff

Only "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). As a stranger to this litigation, Billingsley cannot add himself as a party and assert claims for money damages. *See, e.g.*, *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983); *SZ DJI Tech. Co., Ltd. v. Autel Robotics USA LLC*, C.A. No. 16-706-LPS, 2018 WL 1316203, at *1 (D. Del. Mar. 14, 2018). Therefore, the court recommends granting third-party defendants' motion to dismiss Billingsley's claims.

#### ii. KCF's attempt to join Billingsley as a third-party plaintiff

Third-party plaintiffs argue that KCF properly joined Billingsley under Federal Rule of Civil Procedure 20. (D.I. 52 at 8) KCF's argument fails for two reasons. First, KCF did not move to join Billingsley as a third-party plaintiff under Rule 20. (D.I. 35) To the contrary, the TPC states that KCF, together with Billingsley, "bring this [TPC] pursuant to Rule 14(a) of the Federal Rules of Civil Procedure." (*Id.* at 1) Rule 14 does not permit KCF to add Billingsley as a third-party plaintiff because none of the TPC's claims allege that Billingsley "is or may be

7

liable to [KCF] for all or part of the [plaintiff's underlying] claim against [KCF]." Fed. R. Civ. P. 14(a)(1). Second, although a party may use Rule 20 to join an additional plaintiff or defendant, Rule 20 does not apply to the joinder of third-party plaintiffs. *See Wells Fargo Bank, N.A. v. CCC Atlantic, LLC*, 2013 WL 12156419, at \*2 (D.N.J. Aug. 14, 2013)); *Kodar, LLC v. United States FAA*, 879 F. Supp. 2d 218, 223–14 (D.R.I. 2012) ("[A]ttempt[ting] to bring a third party claim pursuant to Federal Rule 20(a)(1) is likewise inappropriate because the rule only permits a party to intervene as a plaintiff or defendant, not as a third-party plaintiff."). Rule 20 does not apply to KCF's attempt to join Billingsley because Rule 14, not rule 20, governs third-party practice and because KCF tried to join Billingsley as a third-party plaintiff, not as a defendant in the underlying action. *See Wells Fargo*, 2013 WL 12156419, at \*2 (citing Fed. R. Civ. P. 14; *Cty. of Hudson v. Janiszewski*, 351 Fed. Appx. 662, 666–67 (3d Cir. 2009)). Because KCF improperly attempted to join Billingsley, the court recommends granting third-party defendants' motion to dismiss Billingsley's claims.

### b. Procedural deficiency of the TPC

Third-party defendants argue that the TPC's claims are procedurally deficient and should, therefore, be dismissed. (D.I. 49 at 4–6) Third-party defendants argue that the TPC is procedurally deficient because it fails to satisfy Federal Rule of Civil Procedure 14(a), as none of the TPC's claims derive from KCF's potential liability to plaintiff in the underlying action—Pavlis' estate. (*Id.*) Third-party plaintiffs argue, without citing allegations in the TPC, that KCF is unable to repay the notes owed to Pavlis' estate—the subject of the underlying fraud action—because of third-party defendants' defamatory acts. (D.I. 52 at 7–8) Despite third-party plaintiffs' legal argument, the TPC contains no such allegation. (D.I. 35) Regardless, third-party plaintiffs' lack of resources to pay a potential judgment obtained in favor of Pavlis' estate fails to

create any legal liability against third-party defendants to satisfy all or a portion of a potential judgment in favor of Pavlis' estate.

The TPC fails to meet Rule 14's requirements because none of the TPC's claims allege that third-party defendants are or could be "liable to [KCF] for all or part of the [plaintiff's] claim against [KCF]." Fed. R. Civ. P. 14(a)(1). Rule 14 permits third-party claims "only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994). "If the [third-party] claim is separate or independent from the main action, impleader will be denied." *Id.*; *see also Paine*, 564 F. Supp. at 1370–71 (D. Del. 1983) (dismissing a third-party complaint because of procedural deficiencies related to Rule 14 where the third-party complaint's allegations did not arise from the same transaction as the underlying matter).

The TPC's claims in no way depend on the outcome of the underlying action. *See Bathgate*, 27 F.3d at 873. The underlying action against KCF is based on allegations of fraud perpetrated against Pavlis in 2014. (D.I. 1 at ¶¶ 75–136) By contrast, the TPC is based on an article that appeared online and in print on December 14, 2017. (D.I. 35 at ¶ 8) The TPC does not allege that third-party defendants are or could be liable to plaintiff. (*Id.* at ¶¶ 45–50) The TPC alleges that Ms. Skeans, in her individual capacity, and her husband, Darbin Skeans, are directly liable to Billingsley and KCF because they made defamatory statements about Billingsley and KCF to a journalist in Arizona who then published an article that quoted Ms. Skeans and repeated her defamatory statements. (*Id.*) For example, the TPC alleges that "Mr. Billingsley and KCF suffered damages to their reputations and through loss of investments and income caused by [third-party defendants'] false and defamatory statements." (*Id.* at ¶ 57) The TPC also alleges that third-party defendants' statements "regarding Mr. Billingsley and KCF led

9

to the loss of substantial amounts of business, harming both Mr. Billingsley and KCF." (*Id.* at ¶ 62)  Further, the TPC alleges that third-party defendants "placed Mr. Billingsley and KCF in a false light," that such false light was "offensive enough for prospective business partners to not work with either Mr. Billingsley or KCF," and that third-party plaintiffs "suffered damages" as a result. (*Id.* at ¶¶ 66–70)  Finally, the TPC alleges that third-party defendants "engaged in wrongful conduct toward Mr. Billingsley and KCF" with the intent to "disrupt Mr. Billingsley and KCF's economic relationships," and such wrongful conduct caused Mr. Billingsley and KCF to "suffer[] reputational and economic harm." (*Id.* at ¶¶ 74–77)  Third-party plaintiffs pray for the following relief from the court: "A. Granting them damages in an amount to be determined at trial; B. Awarding them the expenses incurred by them in this litigation, including reasonable attorneys' fees, to the extent allowed by law; C. Granting such other and further relief as the Court deems just and proper." (*Id.* at 15)  Under no construction of the allegations in the TPC could Mr. and Ms. Skeans, the third-party defendants, be liable for all or a portion of any potential judgment against KCF for the alleged fraud that KCF perpetrated against Pavlis.

Third-party plaintiffs were required to follow Rule 14(a), and their failure to do so justifies dismissing the TPC. *See Bombardier Transp. Holdings USA, Inc. v. United Chemi-Con, Inc.*, 2018 WL 1427085, at *5 (W.D. Pa. Mar. 22, 2018) ("Although neither [third-party defendant] raised [third-party plaintiff's] failure to comply with Rule 14 by way of a motion to strike under Rule 14(a)(4), instead moving to dismiss the Third-Party Complaint on . . . Rule 12(b)(6) grounds, the mandatory language of Federal Rule of Civil Procedure 14(a)(1) applies . . . ."). The court recommends granting third-party defendants' motion to dismiss the TPC because it is procedurally deficient. *See Wells Fargo*, 2013 WL 12156419, at *3, 5; *Paine*, 564 F. Supp. at 1370–71.

10

Having recommended that the TPC should be dismissed for failing to comply with Rule 14, it is not necessary to address whether the TPC avers any facially plausible causes of action under Rule 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, the court recommends granting third-party defendants' motion to dismiss. (C.A. No. 18-1516, D.I. 48)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: June  16 , 2020

_____
Sherry R. Fallon
United States Magistrate Judge

11