# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, | ) ) ) ) ) | |
| *Plaintiff*, | ) | |
| v. | ) | C.A. No. 1:18-cv-01516-CFC |
| KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC | ) ) ) ) ) | |
| *Defendants.* | ) ) | |

## DEFENDANTS' OPENING BRIEF
## IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

**HALLORAN FARKAS + KITTILA LLP**

Theodore A. Kittila (No. 3963)
James G. McMillan, III (No. 3979)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C
Wilmington, Delaware  19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / jm@hfk.law / wg@hfk.law

Dated:  August 17, 2020

*Counsel for Defendants*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................... ii

PRELIMINARY STATEMENT ............................................................... 1

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ..................... 3

SUMMARY OF THE ARGUMENTS ...................................................... 5

STATEMENT OF FACTS ...................................................................... 5

LEGAL ARGUMENT ........................................................................... 6

    I.      LEGAL STANDARD FOR SUMMARY JUDGMENT ....................... 6

    II.     PLAINTIFF LACKS STANDING ........................................... 6

        a.  The September 1, 2014 Note was never part of the Estate. ................. 7

        b.  The November 1, 2014 Note is not due,
           and passes to Watchtower under Mr. Pavlis' estate plan. .................... 8

    III.    THE NOTES ARE NOT VOID *AB INITIO* ............................... 9

    IV.    PLAINTIFF'S CLAIMS ARE TIME-BARRED ................................. 12

        a.  No tolling doctrine applies to Plaintiff's claims ................................. 14

        b.  Fraud claims are time-barred ................................................. 16

        c.  Unjust enrichment claims are time-barred ........................................ 17

    V.     PLAINTIFF CANNOT ESTABLISH COMMON LAW FRAUD
         (COUNT II) OR FRAUDULENT CONCEALMENT (COUNT III) ...... 17

    VI.    PLAINTIFF CANNOT ESTABLISH UNJUST ENRICHMENT .......... 20

    VII.   JUDGMENT SHOULD BE ENTERED FOR DEFENDANTS KCF
         PROPERTIES, EQUITY PROS, AND MOBILE AGENCY ................. 21

CONCLUSION ...................................................................................... 21

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Beauty Time, Inc. v. VU Skin Systems, Inc.*,
    118 F.3d 140 (3d Cir. 1997). ...................................................................13

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)....................................................................................6

*Chantz Enters., L.L.C. v. JHL Brighton Design/Décor Center, LLC*,
    2010 WL 2642885 (Del. Super. June 30, 2010)...........................................10

*Clark-Franklin-Kingston Press, Inc. v. Romano*,
    529 A.2d 240 (Conn. App. Ct. 1987),
    *cert. denied*, 531 A.2d 935 (Conn. 1987) ....................................................11

*DEA & Associates, LLC v. McCall*,
    2007 WL 117487 (Conn. Super. Ct. Jan. 12, 2007) .....................................11

*Delaware Health Care, Inc. v. MCD Holding Co.*,
    957 F. Supp. 535 (D. Del. 1997) ...................................................................6

*Del. State Univ. Housing Found. v. Ambling Mgmt. Co.*,
    556 F. Supp. 2d 367 (D. Del. 2008) ..............................................................9

*EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*,
    2008 WL 4057745 (Del. Ch. Sept. 2, 2008).................................................10

*Estate of Young v. Louis*,
    202 A.2d 117 (Pa. Super. 2018) ....................................................................7

*DeArmitt v. New York Life Ins. Co.*,
    73 A.3d 578 (Pa. Super. 2013) ....................................................................19

*Ellison v. Lopez*,
    959 A.2d 395 (Pa. Super. 2008),
    *appeal denied*, 968 A.2d 233 (Pa. 2009) ....................................................19

*Fine v. Checcio*,
    570 A.2d 850 (Pa. 2005)........................................................................ 14-15

*Fortunato v. CGA Law Firm,*
    2017 WL 3129825 (M.D. Pa. July 24, 2017) ...................................................7

*Fulton v. Fulton,*
    106 A.3d 127 (Pa. Super. 2017) ...................................................................13

*Great Lakes Chem. Corp. v. Pharmacia Corp.,*
    788 A.2d 544 (Del. Ch. 2001) ......................................................................19

*Grunstein v. Silva,*
    2009 WL 4698541 (Del. Ch. Dec. 8, 2009) .................................................10

*Gruntal & Co., Inc. v. Steinberg,*
    837 F. Supp. 85 (D.N.J. 1993)........................................................................9

*Hydrogen Master Rights, Ltd. v. Weston,*
    228 F. Supp. 3d 320 (D. Del. 2017) .............................................................17

*In re Dean Witter,*
    1998 WL 442456 (Del. Ch. July 17, 1998)
    *aff'd,* 725 A.2d 441 (Del. 1999) ..................................................................15

*In re Estate of Farren,*
    131 A.2d 817 (Del. Ch. 2016) ................................................................. 13-14

*In re ML/EQ Real Estate Partnership Litig.,*
    1999 WL 1271885 (Del. Ch. Dec. 21, 1999) ...............................................14

*In re Tyson Foods, Inc.,*
    919 A.2d 563 (Del. Ch. 20017) ....................................................................15

*Jackson Nat. Life Ins. v. Ligator,*
    949 F. Supp. 200 (S.D.N.Y. 1996) .................................................................8

*Johnson v. Preferred Professional Ins. Co.,*
    91 A.3d 994 (Del. Super. 2014)....................................................................18

*L & W Supply Corp. v. Amin,*
    2017 WL 10988478 (Pa. Super. Jan. 13, 2014) ...........................................19

*Lange v. Burd,*
    800 A.2d 336 (Pa. Super. 2002) ...................................................................19

*Leber Associates, LLC v. Entm't Grp. Fund, Inc.*,
   2003 WL 21750211 (S.D.N.Y. July 29, 2003)..............................................11

*Lord v. Souder*,
   748 A.2d 393 (Del. 2000).................................................................................18

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)............................................................................................6

*LVI Grp. Invs., LLC v. NCM Hldgs., LLC*,
   2019 WL 7369198 (Del. Ch. Dec. 31, 2019) ................................................20

*MacQueen v. Union Carbide Corp.*,
   2018 WL 279122 (Del. Ch. June 6, 2018) ....................................................18

*Narrowstep, Inc. v. Onstream Media Corp.*,
   2010 WL 5422405 (Del. Ch. Dec. 22, 2010) ................................................20

*Pierce v. Higgins*,
   531 A.2d 1221 (Del. Fam. Ct. 1987)..............................................................14

*Pocono [International] Raceway v. Pocono Produce, Inc*.,
   468 A.2d 468 (Pa. 1983)...................................................................................13

*Reybold Venture Group, XI-A LLC v. Delaware Dept. of Educ.*,
   947 F. Supp. 2d 430 (D. Del. 2013) .................................................................6

*Rhodes v. Stewart*,
   488 U.S. 1 (1988)................................................................................................9

*Sevast v. Kakouras*,
   915 A.2d 1147 (Pa. 2007).................................................................................17

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016)........................................................................................8

*Valley Forge Christian College v. Americans United for Separation of Church and State*,
   454 U.S. 464 (1982)........................................................................................ 6-7

*Wal-Mart Stores, Inc. v. AIG Life Ins. Co*.,
   860 A.2d 312 (Del. 2004)........................................................................ 12-13

iv

*WyPie Invs., LLC v. Homschek*,
    2018 WL 1581981 (Del. Super. Mar. 28, 2018) ............................................19

**Statutes and Rules**

6 *Del. C.* § 18-101 .................................................................................................10

10 *Del. C.* § 8106. ................................................................................................16

10 *Del. C.* § 8121 ............................................................................................ 16-17

20 Pa. Stat. and Const. Stat. Ann. § 3373 ................................................................13

20 Pa. Stat. and Const. Stat. Ann. § 6407 .................................................................7

20 Pa. Stat. and Const. Stat. Ann. § 6409 .................................................................7

42 Pa. Stat. and Const. Stat. Ann. § 5524(7) .........................................................16

42 Pa. Stat. and Cons. Stat. Ann. § 5525 ...............................................................17

Fed. R. Civ. P. 56 .....................................................................................................6

**Secondary Sources**

8 Fletcher *Cyclopedia of the Law of Private Corporations* § 3910 (Sept. 2019)....10

Defendants Key Commercial Finance, LLC ("KCF"), Key Commercial Finance Properties, LLC ("Key Properties"), Equity Pros, LLC ("Equity Pros"), and Mobile Agency, LLC ("Mobile Agency") (collectively, "Defendants"), by and through their undersigned counsel, hereby respectfully submit this Opening Brief in support of Defendants' Motion for Summary Judgment (the "Motion for Summary Judgment") resolving all the Counts set forth in the Verified Complaint (the "Complaint" or "Complt.") [D.I. 1] filed by Plaintiff Deborah S. Skeans, Executrix of the Estate of Frank E. Pavlis ("Plaintiff"). For the reasons stated herein, the Motion for Summary Judgment should be granted.

## PRELIMINARY STATEMENT

After harassing Defendants for two years concerning two promissory notes, discovery has now shown that (1) Plaintiff is not even the holder of one of the notes, and (2) Plaintiff's claims that the promissory notes are void *ab initio* and the product of fraud are not only legally defective but are time-barred. Having forced Defendants to incur hundreds of thousands in legal costs, Plaintiff has presented nothing in discovery that in any way evidences that the claims here were brought in good faith. To the contrary, Plaintiff's litigation is the product of what can only be described as a misguided, if not bitter, vendetta waged against Defendants' controller, Mr. Justin Billingsley, by Plaintiff. Judgment must be entered for Defendant on the Complaint.

Plaintiff is the Executrix of the Estate of Frank E. Pavlis, founding employee of Air Products & Chemicals, who amassed great wealth during his lifetime. Mr. Pavlis maintained his mental acuity until his passing on August 24, 2018, at the age of 101. In 2012, Plaintiff introduced Mr. Pavlis to non-party Mr. Billingsley, who operated the Defendant entities, and who soon became Pavlis' friend. Pavlis invested in Defendant KCF in 2014, with the investment memorialized in the form of two promissory notes (the "Notes"): (1) a September 1, 2014 Convertible Promissory Note in the amount of $3 million (the "September 1, 2014 Note), and (2) a November 1, 2014 Convertible Promissory Note in the amount of $4 million (the "November 1, 2014 Note"). Throughout his dealings with KCF, Pavlis was represented by counsel, and the bulk of his wealth—which remained unaffected by the investment—was managed by a corporate trustee.

After Plaintiff, Deborah Skeans, began to assert more control over Mr. Pavlis' life, Ms. Skeans began to agitate by, among other things, seeking to call into question Pavlis' investment in KCF. With Ms. Skeans' upset that Pavlis was willing to invest in Billingsley's project, but not in her own, Ms. Skeans sought to poison the well with Pavlis, going so far as to present him with a letter for Pavlis' signature calling into question the investment in KCF. Mr. Pavlis never signed the letter, but Ms. Skeans—in her role as Executrix—now seeks to paint Pavlis as a victim of a bad investment scheme.

2

The allegations of the Complaint are ripe for disposition on summary judgment.  Plaintiff's Count I seeks a judicial declaration that the Notes are void *ab initio*, that is based on an incorrect understanding of Delaware law and should be denied.  Plaintiff lacks standing to bring claims pertaining to the September 1, 2014 Note, as it passed by operation of law on Pavlis' death to Watchtower Bible & Tract Society ("Watchtower").[1]  Moreover, Plaintiff's causes of action are time-barred, as discovery demonstrates that no tolling doctrine applies to relieve Plaintiff from the applicable statutes of limitations.  Even if the Court were to look past the statute of limitations issues, the facts elicited in discovery do not support Plaintiff's fraud and unjust enrichment claims.  Plaintiff's claims should be denied.

## <u>STATEMENT OF NATURE AND STAGE OF PROCEEDINGS</u>

Plaintiff filed the Complaint in this action on October 1, 2018, asserting five causes of action:  (1) declaratory judgment (Count I); (2) common law fraud (Count II); (3) fraudulent concealment (Count III); (4) conversion (Count IV); and (5) unjust enrichment (Count V).  Plaintiff seeks a declaration that the Notes (D.I. 1.1 at Exs. B and D) are invalid, as well as an award of $7 million in damages (plus interest), punitive damages, and attorneys' fees and costs.

---

[1] Under Mr. Pavlis' estate plan, the November 1, 2014 Note passes with the residue of the Estate to Watchtower, but is still being held by the Estate.

On November 20, 2018, Defendants filed their Motion to Dismiss [D.I. 22]. On August 13, 2019, Magistrate Judge Fallon issued a Report and Recommendation recommending that Count IV be dismissed, but otherwise denying the Motion to Dismiss [D.I. 27]. Defendants filed objections to the Report and Recommendation [D.I. 28], and Judge Connolly clarified Magistrate Judge Fallon's ruling with respect to the application of the statute of limitations, but adopted the recommendations denying the Motion to Dismiss as to Counts I, II, III, and V, and dismissing Count IV [D.I. 30].

On October 8, 2019, Defendants filed their Answer [D.I. 31], and on October 22, 2019, Defendant KCF and Billingsley filed a Third-Party Complaint asserting defamation claims against Deborah Skeans and Darbin Skeans [D.I. 35].

On December 4, 2019, Plaintiffs/Third-Party Defendants moved to dismiss the Third-Party Complaint [D.I. 48]. Following briefing, on June 16, 2020, Magistrate Judge Fallon filed her Report and Recommendation recommending that the Third-Party Complaint be dismissed [D.I. 76]. On July 15, 2020, Judge Connolly entered an Order adopting Magistrate Judge Fallon's recommendation dismissing the Third-Party Complaint.

Discovery has closed. This is Defendants' Opening Brief in support of their Motion for Summary Judgment seeking judgment against Plaintiff on all of Plaintiff's claims.

## SUMMARY OF THE ARGUMENTS

1.      There are no genuine issues of material fact preventing the disposition of the claims asserted in the Complaint.

2.      The Notes are not void *ab initio*.  Delaware entities are permitted to engage in pre-formation activities, and Plaintiff cannot establish that Pavlis did not intend to invest in KCF.

3.      The September 1, 2014 Note was never an asset of the Estate, and Plaintiff lacks standing to bring claims pertaining to the September 1, 2014 Note.

4.      The claims are time-barred, and no tolling doctrine applies to toll the applicable statutes of limitations.

5.      Plaintiff cannot support her fraud or unjust enrichment claims.

6.      Judgment should be entered in favor of defendants KCF Properties, Equity Pros, and Mobile Agency, as Plaintiff has not alleged any culpable conduct on the part of these entities, nor has any been revealed by discovery.

## STATEMENT OF FACTS

A separate Concise Statement of Facts has been filed contemporaneously herewith.  Citations to the Concise Statement of Facts appear as "Facts ¶ __."

## ARGUMENT

### I.   LEGAL STANDARD FOR SUMMARY JUDGMENT.

"Summary judgment is governed by Fed. R. Civ. P. 56, and will be granted when, on the record before the Court, 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Delaware Health Care, Inc. v. MCD Holding Co*., 957 F. Supp. 535, 539 (D. Del. 1997) (citing Fed. R. Civ. P. 56).   "[T]he burden of the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).   As discussed herein, there is an absence of evidence to support Plaintiff's case, and judgment should be entered for Defendants.

### II.   PLAINTIFF LACKS STANDING.

Standing requires a plaintiff to demonstrate: (1) an injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) that it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.   *Reybold Venture Group, XI-A LLC v. Delaware Dept. of Educ.,* 947 F. Supp. 2d 430, 436 (D. Del. 2013).   To have standing, "the 'injury in fact' test requires more than an injury to a cognizable interest.   It requires that the party seeking review *be himself among the injured.*"   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (emphasis added).   Standing requires that the plaintiff

"personally has suffered some actual or threatened injury." *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982). Plaintiff has not carried this burden, and judgment should be entered for Defendants.

### a. The September 1, 2014 Note was never part of the Estate.

The September 1, 2014 Note is not, and never was, an asset of the Estate. Plaintiff lacks standing to assert claims based on the September 1, 2014 Note.

Under Pennsylvania law, securities titled "TOD" or "transfer on death" transfer immediately by operation of law to the named beneficiary on death, and are not an asset of a decedent's testamentary estate. *See, e.g, Fortunato v. CGA Law Firm,* 2017 WL 3129825, at *1 (M.D. Pa. July 24, 2017) (noting that accounts designated "transfer on death" pass outside the will and are not included in residue of estate); *Estate of Young v. Louis*, 202 A.2d 117, 124 (Pa. Super. 2018) (affirming summary judgment where estate lacked standing to bring suit over assets that passed outside the will); *see also, e.g.,* 20 Pa. Stat. and Const. Stat. Ann. §§ 6407, 6409.

Upon Pavlis' death on August 24, 2018, the September 1, 2014 Note transferred by operation of law to Watchtower. On or about September 19, 2017, Pavlis had signed an "Assignment of Note," the terms of which transferred Pavlis' interests in the referenced note to "Frank E. Pavlis TOD Watchtower Bible and Tract Society of New York, Inc." Facts ¶ 16. At deposition, Plaintiff admitted that the

September 1, 2014 Note is not and was not in the Estate, but rather, passed directly to Watchtower. *Id*. In sum, the Estate never had an interest in the September 1, 2014 Note, because it passed to Watchtower by operation of law at Pavlis' death. Judgment should be entered in favor of Defendants on those portions of Counts I, II, III and V pertaining to the September 1, 2014 Notes.

### b. The November 1, 2014 Note is not due, and passes to Watchtower under Mr. Pavlis' estate plan.

Plaintiff similarly lacks standing to assert her claims related to the November 1, 2014 Note, as the November 1, 2014 Note does not mature until November 1, 2020. Facts ¶ 17. Under the Will, the November 1, 2014 Note passes to Watchtower as residue of the Estate. Facts ¶ 10. The injury-in-fact requirement requires a plaintiff to allege an injury that is both "concrete and particularized." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016). Here, Plaintiff's claim to damages pertaining to the November 1, 2014 Note is premature and unduly speculative, as each of Plaintiff's four causes of action requires (among other things) a showing of actual damages. *See, e.g.*, *Jackson Nat. Life Ins. v. Ligator*, 949 F. Supp. 200, 207-208 (S.D.N.Y. 1996) (dismissing fraud claims as premature and unduly speculative).

Plaintiff lacks standing to assert claims pertaining to the Notes and judgment should be entered for Defendants.

8

### III.    THE NOTES ARE NOT VOID *AB INITIO*.

Plaintiff's Count I seeks a declaratory judgment that the Notes are void *ab initio* because (a) KCF entered into the Note Purchase Agreements and issued the Notes to Pavlis *before* KCF was formed, and (b) "[o]n information and belief, Mr. Pavlis did not knowingly sign the Note Purchase Agreements and did not intend to commit himself to any investment in or with KCF."  Compl. [D.I. 1] ¶¶ 143-150. Count I is based on an incorrect understanding of Delaware law, and Plaintiff cannot establish that Pavlis did not intend to invest in or with KCF in 2014.

"'The real value of [a declaratory judgment] ... is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*.'"  *Gruntal & Co., Inc. v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J. 1993) (quoting *Rhodes v. Stewart*, 488 U.S. 1, 4, (1988)) (emphasis in original).  "A declaratory judgment is inappropriate solely to adjudicate past conduct."  *Del. State Univ. Housing Found. v. Ambling Mgmt. Co.*, 556 F. Supp. 2d 367, 374 (D. Del. 2008).  For the reasons stated herein, the Court should deny Plaintiff a declaratory judgment that the Notes are void *ab initio*.

Although Plaintiff asserts that any fundraising activity by an unincorporated Delaware entity is dispositive proof of fraud, this is not Delaware law.  Where a Delaware entity engages in pre-formation activities (such as entering into fundraising agreements and issuing the Notes, as KCF did here), the subsequently

formed entity is bound by such agreements when it accepts their benefits. *See, e.g.*, *Grunstein v. Silva*, 2009 WL 4698541, at *18 (Del. Ch. Dec. 8, 2009) ("if the subsequently formed entity implicitly adopts the pre-formation agreement by accepting its benefits with knowledge of its terms, the entity may be bound by that agreement.").[2] Here, KCF accepted the benefits of the Note Purchase Agreements and the Private Placement Memorandum ("PPM") by issuing the Notes, and is therefore bound by their terms. Facts ¶¶ 9-10.

In like manner, the doctrine of corporation by estoppel or de facto corporation estops Plaintiff from attempting to avoid Pavlis' obligations under the Note Purchase Agreements: both Pavlis and Plaintiff have admitted KCF's corporate existence. Facts ¶¶ 9-10; 16. 8 Fletcher *Cyclopedia of the Law of Private Corporations* § 3910 (Sept. 2019) ("a person who contracts or otherwise deals with a body of people as a corporation thereby admits they are a corporation, and is estopped to deny their

---

[2] Pre-formation activities of Delaware entities can be ratified despite any difference between the dates on various agreements and the formal date of formation. *See e.g., Chantz Enters., L.L.C. v. JHL Brighton Design/Décor Center, LLC*, 2010 WL 2642885, at *4 (Del. Super. June 30, 2010) (noting that action taken while LLC's certificate of formation was cancelled could be ratified by members). Courts have noted that there are "questions about when exactly an LLC comes into existence under Delaware law." *EBG Holdings LLC v. Vredezicht's Gravenhage 109 B.V.*, 2008 WL 4057745, at *7 n.62 (Del. Ch. Sept. 2, 2008) (noting that although § 18-201(b) of the LLC Act (6 *Del. C.* § 18-101, *et seq.*) states that an LLC is formed at the time of the filing of a certificate of formation, § 18-201(d) allows members to enter into LLC agreements *before* the certificate of formation is filed).

incorporation in an action against such a person based upon or arising out of the contract or course of dealing."). *See also DEA & Associates, LLC v. McCall*, 2007 WL 117487, at *2 (Conn. Super. Ct. Jan. 12, 2007)[3] ("Generally, one who has dealt with either a de facto or a de jure corporation is estopped to deny its corporate existence.") (quoting *Clark-Franklin-Kingston Press, Inc. v. Romano*, 529 A.2d 240, 244 (Conn. App. Ct. 1987), *cert. denied*, 531 A.2d 935 (Conn. 1987), and applying the principle to LLC); *Leber Associates, LLC v. Entm't Grp. Fund, Inc.*, 2003 WL 21750211, at *11-12 (S.D.N.Y. July 29, 2003) (examining Delaware law and estopping party from disclaiming existence of Delaware LLC).  In sum, the Notes are not void *ab initio* simply because KCF was formed after the Notes were issued.

Count I also relies on the conclusory allegation that "Mr. Pavlis did not knowingly sign the Note Purchase Agreements and did not intend to commit himself to any investment in or with KCF." Compl. [D.I. 1] ¶ 143. Plaintiff admits, however, that "Mr. Pavlis was capable of and was making his own investment decisions in 2014." Facts ¶ 11.  Skeans, D-8 at 1.  The record shows that Mr. Pavlis was a smart and alert man, and his mental faculties were not dulled by his age.  Facts ¶ 5 & n.2. Deposition testimony reflects that Mr. Pavlis was interested in a "venture capital[] type participation" in KCF, and negotiated the conversion feature of the Notes,

---

[3] Connecticut law is applicable to one of the Defendants—Equity Pros—because it was formed under the laws of the State of Connecticut.

whereby the debt would convert to equity if KCF were to enter into an equity financing.  Facts ¶ 14.  Plaintiff received the operative documents in mid-2018 while Pavlis was still alive, but did not elicit or produce any evidence that Pavlis (1) disclaimed his signature on any document, (2) disclaimed his investment in KCF, or (3) otherwise claimed that he had been defrauded in any way by Billingsley.  Plaintiff's conclusory assertion that Pavlis could not have signed the documents knowingly is not supported by the discovery record.  *See* Complt. [D.I. 1] at ¶¶ 98-99.  Plaintiff cannot establish that Pavlis did not knowingly commit himself to an investment in or with KCF.

Plaintiff's argument that the Notes are void *ab initio* fails.  KCF is bound by the terms of the Notes, and Plaintiff cannot establish that Pavlis did not knowingly sign the Note Purchase Agreements.  Count I, seeking a declaratory judgment that the Notes are void *ab initio,* should be denied and judgment should be entered for Defendants.

## IV.   PLAINTIFF'S CLAIMS ARE TIME-BARRED.

Even if Plaintiff had standing to bring claims on the Notes, the applicable statutes of limitation expired before the Complaint was filed on October 1, 2018.  Statutes of limitation are calculated similarly under both Delaware and Pennsylvania law.  Under Delaware law, the statute is calculated beginning from the date of accrual of a cause of action, "at the time of the wrongful act, even if the plaintiff is

ignorant of the cause of action." *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004). "Under Pennsylvania law, statute of limitations begins to run at the time the right to institute and maintain suit arises." *Beauty Time, Inc. v. VU Skin Systems, Inc.*, 118 F.3d 140, 143-144 (3d Cir. 1997). "Lack of knowledge, mistake or misunderstanding, will not toll the running of the statute." *Pocono [International] Raceway v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983). Notably, Plaintiff does not identify when she believes her causes of action accrued.

Unless tolled, the latest dates on which claims arising from the Notes could conceivably accrue are the dates the Notes were issued—September 1, 2014, and November 1, 2014. Facts ¶¶ 9-10; D.I. 1-1 at 21. Pavlis, however, completed his $7,000,000 investment on May 23, 2014, and was involved at every step and iteration as he negotiated different terms, which is not surprising in a start-up venture. Facts ¶ 14. Pavlis' knowledge and conduct should be imputed to Plaintiff, who stands in Pavlis' shoes in asserting claims on behalf of his Estate. *See, e.g.*, *Fulton v. Fulton,* 106 A.3d 127, 132-34 (Pa. Super. 2017) (affirming lower court holding that complaint was barred by laches where lower court imputed decedent's delay to executor who "stood in the shoes of [d]ecedent"); 20 Pa. Stat. and Const. Stat. Ann. § 3373; *In re Estate of Farren,* 131 A.2d 817, 832 (Del. Ch. 2016) ("An executor or administrator generally 'stands in [the] decedent's shoes and has no

greater or other rights or powers than the decedent would have had if living.'")
(quoting *Pierce v. Higgins*, 531 A.2d 1221, 1226 (Del. Fam. Ct. 1987)).

### a.  No tolling doctrine applies to Plaintiff's claims.

Under Delaware law, Plaintiff bears the burden of demonstrating that "the
statute of limitations was, in fact, tolled."  *In re ML/EQ Real Estate Partnership
Litig.*, 1999 WL 1271885, at *2 (Del. Ch. Dec. 21, 1999).  None of the tolling
doctrines recognized in Delaware apply:  (1) the inherently unknowable injury
doctrine does not apply because Pavlis knew he remitted $7,000,000 to investments
through Billingsley and negotiated the terms and structure of his investment; (2) the
fraudulent concealment doctrine requires Plaintiff to plead an "affirmative act of
concealment" by the Defendants (which Plaintiff has not done[4]); and (3) equitable
tolling is inapplicable because Plaintiff, standing in Pavlis' shoes, was on inquiry
notice of any potential claims more than three years before the Complaint was filed.
*Id.* at *2 n.12.

Assuming (without conceding) that Plaintiff has pled fraudulent concealment
as a tolling doctrine, under Pennsylvania law, "[a] statute of limitations that is tolled
by virtue of fraudulent concealment begins to run when the injured party knows or
reasonably should know of his injury and its cause."  *Fine v. Checcio*, 570 A.2d 850,

---

[4] Plaintiff alleges fraudulent concealment in Count III as a substantive cause of
action, rather than a tolling doctrine.

861 (Pa. 2005).   Delaware law holds that "even where a defendant uses every fraudulent device at its disposal to mislead a victim or obfuscate the truth, no sanctuary from the statute will be offered to the dilatory plaintiff who was not or should not have been fooled." *In re Tyson Foods, Inc.*, 919 A.2d 563, 585 (Del. Ch. 20017).

Under equitable tolling, "the statute of limitations is tolled for claims of wrongful self-dealing, even in the absence of fraudulent concealment, where a plaintiff reasonably relies on the competence and good faith of a fiduciary." *Id.* at *2.  As an initial matter, Billingsley was not Pavlis' fiduciary.  Facts ¶ 7.  But as with fraudulent concealment, even if equitable tolling were appropriate, the limitations period is tolled "*only until* the plaintiff discovers (or by exercising reasonable diligence should have discovered) his injury." *In re Dean Witter*, 1998 WL 442456, at *3 (Del. Ch. July 17, 1998) *aff'd*, 725 A.2d 441 (Del. 1999) (emphasis in original).  "Inquiry notice does not require actual discovery of the reason for the injury.  […]  Rather, the statute of limitations begins to run when a plaintiff should have discovered" the injury. *Id.* at *7.

Regardless of whether the Complaint is viewed through the lens of fraudulent concealment or equitable tolling, Pavlis was on notice of the deficiencies Plaintiff complains of from the outset. *See, e.g.*, Compl. [D.I. 1] ¶¶ 114-119 (noting, among other things, that the PPM and Subscription Agreement reference Class A shares,

whereas Pavlis purchased Notes).   There is no suggestion that Pavlis was incompetent or incapable of discovering any potential fraud himself, and discovery established the opposite.  *See* Facts ¶¶ 5, 11, 14.

Defendants allege that discrepancies in the various documents Pavlis signed imply that Defendants attempted "to legitimize (or at least paper over)" an alleged fraud.  Compl. ¶ 87.  However, for inquiry notice purposes this alleged implication only strengthens the proposition that tolling is inapplicable, because Pavlis was on inquiry notice of the alleged discrepancies.  *See, e.g., Spokeo v. Dyer*, 456 A.2d 798, 799 (Del. 1983) ("it becomes clear that by an exercise of due diligence plaintiff could have discovered her rights.  The failure to exercise this due diligence resulted in the continued running of the statute of limitations").  The statute of limitations has not been tolled on any of the causes of action.

### b.  Fraud claims are time-barred.

Counts I (Declaratory Judgment), II (Common Law Fraud), and III (Fraudulent Concealment) of the Complaint sound in fraud.  *See* Compl. [D.I. 1] ¶¶ 137-165.  If Delaware law applies to the Notes, Plaintiff had three years from each of September 1, 2014 and November 1, 2014 to bring fraud claims.  10 *Del. C.* § 8106.  If Pennsylvania law applies, then Plaintiff had two years to assert fraud claims.  42 Pa. Stat. and Const. Stat. Ann. § 5524(7).  Even without applying Delaware's borrowing statute, 10 *Del. C.* § 8121, *which requires applying the*

*shorter of the two statutes of limitation*, the statute of limitations on any fraud claims arising out of the Notes ran on September 2, 2017 and November 2, 2017, respectively.  The Complaint was filed on October 1, 2018.  Counts I, II, and III are thus untimely.  Judgment should be entered for Defendants.

### c.  Unjust enrichment claims pertaining to the September 1, 2014 Note are time-barred.

Under Delaware law, "[t]he analogous statute of limitations for a claim of unjust enrichment is three years."  *Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 336 n.11 (D. Del. 2017).  Pennsylvania law applies a four-year statute of limitation for unjust enrichment.  42 Pa. Stat. and Cons. Stat. Ann. § 5525; *see also Sevast v. Kakouras*, 915 A.2d 1147 (Pa. 2007).  Even if Delaware's borrowing statute is inapplicable (which it is not), the Pennsylvania statute of limitation ran on the unjust enrichment count pertaining to the September 1, 2014 Note on September 2, 2018.  However, Delaware's borrowing statute does apply, and the statute of limitations on unjust enrichment counts pertaining to both Notes therefore ran in 2017.  Count V is untimely and judgment should be entered for Defendants.

## V.  PLAINTIFF CANNOT ESTABLISH COMMON LAW FRAUD (COUNT II) OR FRAUDULENT CONCEALMENT (COUNT III).

Plaintiff's common law fraud (Count II) and fraudulent concealment (Count III) claims should be denied because discovery reveals that she cannot establish causation or damages.

Under Delaware law, "common law fraud and intentional misrepresentation [fraudulent concealment] are essentially the same things." *Johnson v. Preferred Professional Ins. Co.*, 91 A.3d 994, 1017 (Del. Super. 2014). Under Delaware law, the elements of a claim for common law fraud are: "1) a false representation, usually one of fact, made by the defendant; 2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth; 3) an intent to induce the plaintiff to act or to refrain from acting; 4) the plaintiff's action or inaction taken in justifiable reliance upon the representation; and 5) damage to the plaintiff as a result of such reliance." *Lord v. Souder*, 748 A.2d 393, 402 (Del. 2000). The elements of a claim for fraudulent concealment under Delaware law are similar: (1) a false representation, deliberate concealment of a material past or present fact, or silence in the face of a duty to speak; (2) the defendant acted with scienter; (3) the defendant intended to induce plaintiff's justifiable reliance upon the misrepresentation or concealment; (4) causation; and (5) damages resulting from the concealment. *MacQueen v. Union Carbide Corp.*, 2018 WL 279122 at *3 (Del. Ch. June 6, 2018). Under Pennsylvania law, the elements of common law fraud are: (1) a representation; (2) material to the transaction at issue; (3) made falsely, with either knowledge or reckless disregard of its falsity; (4) with the intent of misleading

18

another person or inducing justifiable reliance; and (5) an injury caused by the reliance. *DeArmitt v. New York Life Ins. Co.*, 73 A.3d 578, 591 (Pa. Super. 2013).[5]

Plaintiff has the burden of proving the elements of fraud or fraudulent concealment at trial.  To avoid summary judgment, she must make a showing sufficient to establish the existence of the essential elements of those claims.  After discovery, there is an absence of evidence to support her claims for fraud and fraudulent concealment.[6]  Plaintiff has not produced evidence of causation or damages, as the September 1, 2014 Note is not an Estate asset, and the November 1, 2014 Note is not due yet.

Moreover, "[p]redictions about the future cannot give rise to actionable common law fraud." *Great Lakes Chem. Corp. v. Pharmacia Corp.*, 788 A.2d 544, 554 (Del. Ch. 2001) (dismissing fraud claims); *see also WyPie Invs., LLC v. Homschek*, 2018 WL 1581981, at *8 (Del. Super. Mar. 28, 2018) (finding it is "well settled in Delaware" that predictions about the future cannot give rise to actionable

---

[5] Under Pennsylvania law, fraudulent concealment is not a standalone cause of action, but rather a tolling doctrine.  For the doctrine of fraudulent concealment to be applicable, "[a] defendant must have committed some affirmative independent act of concealment upon which [a] plaintiff[ ] justifiably relied." *Lange v. Burd*, 800 A.2d 336, 339 (Pa. Super. 2002).  The inapplicability of any tolling doctrine to this case is addressed above in Section IV.a.

[6] Under Pennsylvania law, fraud must be proven by clear and convincing evidence. *L & W Supply Corp. v. Amin*, 2017 WL 10988478, at *6 (Pa. Super. Jan. 13, 2014), *Ellison v. Lopez*, 959 A.2d 395, 398 (Pa. Super.2008), *appeal denied*, 968 A.2d 233 (Pa. 2009).

common law fraud).  KCF is a start-up company whose business plan is to develop and sell a technology platform to the real estate industry.  Facts ¶ 13.  The strategy is to either sell KCF to an equity buyer and convert the Notes into equity, or to sell the platform and repay the Notes.  *Id.*  The risks of investing in such a speculative venture were disclosed to Pavlis.  *Id.*

## VI.    PLAINTIFF CANNOT ESTABLISH UNJUST ENRICHMENT.

"The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." *LVI Grp. Invs., LLC v. NCM Hldgs., LLC*, 2019 WL 7369198, at *31 (Del. Ch. Dec. 31, 2019). There are no facts in the record to support those elements.  As discussed above, discovery has not adduced evidence supporting Plaintiff's allegations that the Notes are void *ab initio*, or that Defendants defrauded Pavlis.

Moreover, under both Delaware and Pennsylvania law, an unjust enrichment claim is barred where—as here—the parties' relationship is governed by contract. *See, e.g.*, *Narrowstep, Inc. v. Onstream Media Corp.*, 2010 WL 5422405, at *16 (Del. Ch. Dec. 22, 2010); *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. 1999).

Judgment should be entered for Defendants on Count V (Unjust Enrichment) because there is no issue of fact for trial and because any claims arising under the Notes are governed by the terms of the Notes themselves.

## VII.   JUDGMENT SHOULD BE ENTERED FOR DEFENDANTS KCF PROPERTIES, EQUITY PROS, AND MOBILE AGENCY.

None of the elements of fraud or any other claim asserted by Plaintiff are satisfied with respect to KCF Properties, Equity Pros, or Mobile Agency.  At most, Plaintiff alleges that Billingsley and KCF falsely prepared certain documents, but there is no evidence that these entities engaged in fraudulent conduct.  *See* Complt. [D.I. 1] at ¶ 123.  The facts show that no fraudulent conduct occurred, and the pleadings do not even allege any culpable conduct by KCF Properties, Equity Pros, or Mobile Agency.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant their Motion for Summary Judgment.

Dated:  August 17, 2020

HALLORAN FARKAS + KITTILA LLP

*/s/ Theodore A. Kittila*
Theodore A. Kittila (No. 3963)
James G. McMillan, III (No. 3979)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware  19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / jm@hfk.law /
        wg@hfk.law

*Counsel for Defendants*

21