# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, *Plaintiff*, v. KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC *Defendants*. | C.A. No. 1:18-cv-01516-CFC |

## DEFENDANTS' ANSWERING BRIEF IN
## OPPOSITION TO PARTIAL SUMMARY JUDGMENT

**HALLORAN FARKAS + KITTILA LLP**

Theodore A. Kittila (No. 3963)
James G. McMillan, III (No. 3979)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C
Wilmington, Delaware  19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / jm@hfk.law / wg@hfk.law

Dated:  August 31, 2020                    *Counsel for Defendants*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................... ii

PRELIMINARY STATEMENT .................................................................. 1

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ....................... 3

SUMMARY OF THE ARGUMENTS ........................................................... 3

RESPONSE TO STATEMENT OF FACTS .................................................. 4

LEGAL ARGUMENT ............................................................................. 4

   I.     THE LEGAL STANDARD FOR SUMMARY JUDGMENT ................. 4

   II.    THE NOTES ARE NOT VOID *AB INITIO* .............................. 5

       a.  The Court has discretion to deny declaratory judgment ...................... 5

       b.  Plaintiff's declaratory judgment would divest the holder of the September 1, 2014 Note ....................................................... 6

       c.  Plaintiff misapplies the void *ab initio* doctrine .................................. 8

       d.  KCF was a *de facto* LLC ..................................................... 9

       e.  Plaintiff is estopped from denying KCF's corporate existence .......... 11

       f.  Delaware law permits delegation of LLC management duties ........... 12

   III.   THE UNJUST ENRICHMENT CLAIM FAILS ..................................... 13

   IV.   ISSUES OF FACT PRECLUDE SUMMARY JUDGMENT ................. 15

CONCLUSION ..................................................................................... 15

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                   **<u>Page(s)</u>**

*Big Valley Assoc. v. DiAntonio*,
    1995 WL 339072 (Del. Super. May 10, 1995).......................................10, 11

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)........................................................................................4

*Delaware State Univ. Housing Found. v. Ambling Management Co.*,
    556 F. Supp. 2d 367 (D. Del. 2008) ........................................................ 5-6

*Eastman Kodak Co. v. Image Technical Servs., Inc.*,
    504 U.S. 451 (1992)........................................................................................5

*Fleischhauer v. Feltner*,
    879 F.2d 1290 (6th Cir. 1989) ......................................................................11

*Fulton v. Fulton*,
    106 A.3d 127 (Pa. Super. 2017) ...................................................................12

*Gorbey v. Longwill*,
    2007 WL 765486 (D. Del. Mar. 12, 2007)....................................................5

*Grunstein v. Silva*,
    2009 WL 4698541 (Del. Ch. Dec. 8, 2009) .................................................9

*Gruntal & Co., Inc. v. Steinberg*,
    837 F. Supp. 85 (D.N.J. 1993)......................................................................5

*Henderson Apartment Venture v. Miller*,
    2012 WL 2780058 (D. Nev. July 9, 2012) .............................................. 8-10

*ID Biomedical Corp. v. TM Tech., Inc.*,
    1995 WL 130743 (Del. Ch. Mar. 16, 1995).................................................13

*In re Estate of Farren*,
    131 A.3d 817 (Del. Ch. 2016) ......................................................................12

*Ioengine LLC v. Imation Corp.*,
    2017 WL 39563 (D. Del. Jan. 4, 2017) ..................................................10, 11

*Johnson v. Preferred Professional Ins. Co.*,
    91 A.3d 994 (Del. Super. 2014).......................................................................14

*Leber Associates, LLC v. Entm't Grp. Fund, Inc.*,
    2003 WL 21750211 (S.D.N.Y. July 29, 2003)........................................ 11-12

*LVI Grp. Invs., LLC v. NCM Hldgs., LLC*,
    2019 WL 7369198 (Del. Ch. Dec. 31, 2019) ................................................13

*Metcap Securities LLC v. Pearl Senior Care, Inc.*,
    2009 WL 513756 (Del Ch. Feb 27, 2009).....................................................14

*Mitchell v. Moore*,
    729 A.2d 1200 (Pa. Super. 1999) ..................................................................13

*Ortiz v. Jordan*,
    562 U.S. 180 (2011)..........................................................................................4

*Pierce v. Higgins*,
    531 A.2d 1221(Del. Fam. Ct. 1987) ..............................................................12

*Whitfield v. Pathmark Stores, Inc.*,
    1998 WL 372313 (D. Del. June 22, 1998) ......................................................4

*Samuel Goldwyn, Inc. v. United Artists Corp.*,
    113 F.2d 703 (3d Cir. 1940) ............................................................................7

*Sevast v. Kakouras*,
    915 A.2d 1147 (Pa. 2007)...............................................................................17

*The Frederick Hsu Living Tr. v. ODN Hldg. Corp.*,
    2017 WL 1437308 (Del. Ch. Apr. 14, 2017)........................................... 13-14

## **Statutes and Rules**

28 U.S.C. § 2201 ...............................................................................................5

6 *Del. C.* § 18-407 ............................................................................................12

Fed. R. Civ. P. 19 ..............................................................................................7

Fed. R. Civ. P. 56 ..............................................................................................4

**<u>Secondary Sources</u>**

Restatement of Restitution § 112 ..............................................................14

Defendants Key Commercial Finance, LLC ("KCF"), Key Commercial Finance Properties, LLC ("Key Properties"), Equity Pros, LLC ("Equity Pros"), and Mobile Agency, LLC ("Mobile Agency") (collectively, "Defendants"), by and through their undersigned counsel, hereby respectfully submit this Answering Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment.[1]  For the reasons stated herein, Plaintiff's Motion for Partial Summary Judgment, filed on August 17, 2020 [D.I. 82], should be denied.

## PRELIMINARY STATEMENT

On August 17, 2020, the parties filed cross-motions for summary judgment. For the reasons set forth in Defendant's Opening Brief in Support of their Motion for Summary Judgment ("Defendant's Opening Brief") [D.I. 79], Plaintiff's misguided vendetta should be dismissed in its entirety and judgment entered for Defendants on the Complaint.

Plaintiff has moved for summary judgment on Count I, seeking a declaratory judgment that (1) the September 1, 2014 Convertible Promissory Note in the amount of $3 million (the "September 1, 2014 Note"), and (2) the November 1, 2014

---

[1] References to the Opening Brief in in Support of Plaintiff's Motion for Partial Summary Judgment, ("Plaintiff's Opening Brief") appear as "P. Op. Br. [D.I. 83] at ___."  References to Defendant's Opening Brief in Support of their Motion for Summary Judgment ("Defendant's Opening Brief") appear as "D. Op. Br. [D.I. 79 at ___."

Convertible Promissory Note in the amount of $4 million (the "November 1, 2014 Note," together with the September 1, 2014 Note, the "Notes") are void *ab initio*.

In order to salvage her time-barred and legally and factually deficient case, Plaintiff has pivoted to a novel application of the "void *ab initio*" doctrine, in an attempt to circumvent her lack of standing, avoid the applicable statutes of limitations, and evade the factual burdens necessary to sustain her fraud claims. Plaintiff's effort to obtain a judicial declaration that the Notes are a legal nullity is not only procedurally odd, but is also based on an incorrect application of the void *ab initio* doctrine and various misunderstandings of Delaware law. Perhaps equally concerning, the relief sought by Plaintiff would set aside Mr. Pavlis' testamentary intent and divest Watchtower Bible & Tract Society ("Watchtower")—who is not a party to this case—of its property rights in the September 1, 2014 Note.

Plaintiff also requests summary judgment on Count V, seeking unjust enrichment. This claim fails because the parties' relationship is governed by the Notes. But even if it were not, Plaintiff has an adequate remedy at law through her fraud claims, Counts II and III, and Defendants should be entitled to rely on the terms of the Notes with respect to the terms of repayment.

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed the Complaint in this action on October 1, 2018, asserting five causes of action: (1) declaratory judgment (Count I); (2) common law fraud (Count

II); (3) fraudulent concealment (Count III); (4) conversion (Count IV); and (5) unjust enrichment (Count V).  Plaintiff seeks a declaration that the Notes [D.I. 1.1 at Exs. B and D] are invalid, as well as an award of $7 million in damages (plus interest), punitive damages, and attorneys' fees and costs.

Discovery has closed.  On August 17, 2020, the parties filed cross motions for summary judgment.  This is Defendants' Answering Brief in Opposition to Partial Summary Judgment.

## **SUMMARY OF THE ARGUMENTS**

1.     The Court should deny Plaintiff a judicial declaration that the Notes are void *ab initio* because (a) the Court should exercise its discretion to deny the declaratory judgment sought by Plaintiffs, (b) the declaration Plaintiff seeks would divest nonparty Watchtower of its property interest in the September 1, 2014 Note, (c) Plaintiff misapplies the "void *ab initio*" doctrine, (d) KCF was a *de facto* LLC at the time it issued the Notes, (e) Plaintiff is estopped from denying KCF's corporate existence, and (f) Delaware law permits the delegation of an LLC's management duties.

2.     Plaintiff's unjust enrichment count should be denied.  The Notes govern the relationship between Plaintiff and Defendants, and KCF has not been unjustly enriched.

3.     Genuine issues of material fact preclude summary judgment in Plaintiff's favor.

## RESPONSE TO STATEMENT OF FACTS

Defendants' Concise Statement Admitting and Disputing Plaintiff's Asserted Facts ("Defendants' Counterstatement") has been filed contemporaneously herewith.  Citations to Defendants' Counterstatement appear as "DC ¶ __."

## ARGUMENT

Defendants hereby incorporate by reference herein the arguments set forth in Defendants' Opening Brief seeking summary judgment in their favor.  [D.I. 79].  For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment should be denied.

## I.     THE LEGAL STANDARD FOR SUMMARY JUDGMENT.

"Summary judgment must be denied when the court of first instance determines that a 'genuine dispute as to [a] material fact' precludes immediate entry of judgment as a matter of law." *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) (quoting Fed. R. Civ. P. 56(a)).  "The Supreme Court has clarified that the moving party must 'bear the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.'"  *Whitfield v.*

*Pathmark Stores, Inc.*, 1998 WL 372313, at *1 (D. Del. June 22, 1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "[A] court is to give the non-moving party the benefit of all justifiable inferences and must resolve disputed issues of fact in favor of the non-movant." *Gorbey v. Longwill*, 2007 WL 765486, at *1 (D. Del. Mar. 12, 2007) (quoting *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992)).

## II.    THE NOTES ARE NOT VOID *AB INITIO*.

Plaintiff should be denied summary judgment on Count I, which seeks a declaratory judgment that the Notes are void *ab initio*. As discussed in Defendant's Opening Brief [D.I. 79], Count I is based on an incorrect understanding of Delaware law, and Plaintiff cannot establish that Pavlis did not intend to invest in or with KCF in 2014. For the additional reasons stated below, the Court should exercise its discretion to deny Plaintiff a declaratory judgment that the Notes are void *ab initio*.

### a. The Court should exercise its discretion to deny Plaintiff's declaratory judgment.

"Whether to grant relief pursuant to [28 U.S.C.] section 2201 [the federal Declaratory Judgment Act] is vested in the court's discretion." *Delaware State Univ. Housing Found. v. Ambling Management Co.*, 556 F. Supp. 2d 367, 374 (D. Del. 2008) (citing *Gruntal & Co., Inc. v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J. 1993)). "'The real value of [a declaratory judgment] ... is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*.'" *Gruntal & Co.,*

*Inc. v. Steinberg*, 837 F. Supp. 85, 89 (D.N.J. 1993) (quoting *Rhodes v. Stewart*, 488 U.S. 1, 4, (1988)) (emphasis in original). "A declaratory judgment is inappropriate solely to adjudicate past conduct." *Del. State Univ. Housing Found.*, 556 F. Supp. 2d at 374.

Plaintiff's declaratory judgment count serves no useful purpose because all of the factual and legal issues of this case are before the Court as a result of Plaintiff's fraud claims in Counts II and III. Plaintiff seeks to circumvent the factual burden necessary to sustain her fraud claims by starting at the finish line with a judicial declaration that the Notes are a legal nullity. On this basis alone, the Court should exercise its discretion to deny summary judgment on Count I.

Moreover, as discussed below, a judicial declaration that the Notes are "void *ab initio*" would divest the holder of the September 1, 2014 Note of its property. Plaintiff also misapplies the void *ab initio* doctrine. The facts demonstrate that KCF was a *de facto* LLC, and that Plaintiff is estopped from denying KCF's corporate existence. Finally, Plaintiff's argument that the Notes are void *ab initio* because they were not signed by the sole member of KCF fails because Delaware law permits a member-manager to delegate some or all of an LLC's management duties. Summary judgment on Count I should be denied.

### b. A declaratory judgment that the Notes are void *ab initio* would divest Watchtower of the September 1, 2014 Note.

The September 1, 2014 Note is not, and never was, an asset of the Estate. As

set forth in Defendants' Opening Brief, upon Pavlis' death on August 24, 2018, the September 1, 2014 Note transferred by operation of law to Watchtower, and Plaintiff has no standing to sue over the September 1, 2014 Note.  D. Op. Br. [D.I. 79] at 6-8.  On or about September 19, 2017, Pavlis executed an "Assignment of Note," which transferred Pavlis' interests in the Note to "Frank E. Pavlis TOD Watchtower Bible and Tract Society of New York, Inc."  *Id.* at 7.  At deposition, Plaintiff admitted that the September 1, 2014 Note is not and was not in the Estate, but rather, passed directly to Watchtower on Pavlis' death.  *Id*. at 7-8.

Not only does Plaintiff lack standing to bring claims arising out of the September 1, 2014 Note, the declaratory judgment sought by Plaintiff would set aside Pavlis' testamentary intent and divest Watchtower of its property right in Note. Watchtower is not a party to this litigation.  A person *must* be joined as a party "if that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may … as a practical matter impair or impede the person's ability to protect the interest."  Fed. R. Civ. P. 19(a)(1)(B)(i); *Samuel Goldwyn, Inc. v. United Artists Corp*., 113 F.2d 703, 707 (3d Cir. 1940) (holding that Rule 19 is applicable to declaratory judgment actions).

Under Federal Rule of Civil Procedure 19(b), if a person who is required to be joined cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be

dismissed." Fed. R. Civ. P. 19(b).  At this stage in the proceeding, the declaratory judgment that Plaintiff seeks should be denied because it would void property that does not belong to Plaintiff.

### c. **Plaintiff misapplies the void *ab initio* doctrine**.

Plaintiff's Count I seeks relief in the form of a declaratory judgment that the Notes are void *ab initio*.  None of the cases cited by Plaintiff arise in this procedural posture, and Defendants have identified none.  Rather, in the cases cited by Plaintiff, the argument that an agreement is "void *ab initio*" arises in the nature of an affirmative defense against an entity-plaintiff that seeks to enforce a contract of questionable validity.  The void *ab initio* doctrine thus operates as an attack on an entity-plaintiff's standing to assert claims based on the contract.  As used by Plaintiff, the doctrine is asserted to avoid obligations under the Notes and the related Note Purchase Agreements.  By having the Notes declared void, Plaintiff seeks to evade the factual burdens of her fraud claims and avoid the applicable statutes of limitations.  This does not work.

The sole case Plaintiff cites where a contract at issue was found to be void *ab initio* is *Henderson Apartment Venture v. Miller*, which applies Nevada law—*not Delaware law*—to conclude that (a) an LLC cannot enter into a contract before it is formed, and (b) entities do not have the legal capacity to ratify pre-formation

contracts.   2012 WL 2780058 at *5, *8 (D. Nev. July 9, 2012).[2]   *Henderson Apartment Venture* is also factually distinguishable:   it was a breach of contract action involving a complex commercial real estate transaction.   *Id. at* *1-*4.   The entity-plaintiff was the successor to the purchaser of a parcel of real estate, and sought to enforce the purchase agreement against the seller's guarantor.   *Id.*   The entity-plaintiff had not been formed until eighteen months after it had entered into the PSA, and the entity-plaintiff's agent testified at deposition that he knew that the plaintiff-entity was not formed when it entered into the PSA, but elected not to inform the defendant.   *Id.* at *3, *7.   This situation is factually distinct from the situation here, where the Defendants' witnesses believed that KCF had been formed before it issued the Notes.   DC ¶ 11.

The Court should deny Plaintiff's contorted application of the void *ab initio* doctrine.

### d.  KCF was a *de facto* LLC.

Simply because the KCF was formed after the Notes were issued does not mean the Notes are void.   KCF was a *de facto* LLC and is bound by the Notes.

---

[2] As set forth in Defendant's Opening Brief, this is inconsistent with Delaware law. D. Op. Br. [D.I. _79] at 7 & n.2.  Where a Delaware entity engages in pre-formation activities (such as entering into fundraising agreements and issuing the Notes, as KCF did here), the subsequently formed entity is bound by such agreements when it accepts their benefits.  *See, e.g.*, *Grunstein v. Silva*, 2009 WL 4698541, at *18 (Del. Ch. Dec. 8, 2009).

Plaintiff concedes that there is no bright line standard to determine *de facto* LLC status.  Pl. Op. Br. [D.I. 83] at 14 (citing *Ioengine LLC v. Imation Corp.*, 2017 WL 39563, at *4 (D. Del. Jan. 4, 2017)).  Where there is a good faith effort to form and the procedural defects are minor, courts recognize *de facto* status.  *Id.* at *5.

As with *Henderson Apartment Venture v. Miller* above, the argument that the entity-plaintiff in *Ioengine* was not validly formed at the time of the transaction at issue was raised as a defense, rather than as an affirmative cause of action, as Plaintiff has asserted here.  The *Iogene* defendant had moved to dismiss the entity-plaintiff's patent infringement action on the basis that the plaintiff entity did not exist at the time it was purportedly assigned the patent.  2017 WL 39563, at *3.

Under Delaware law, "the existence of a *de facto* corporation requires (1) a special act or general law under which a corporation may lawfully exists, (2) a bona fide attempt to organize under the law and colorable compliance with the statutory requirements, and (3) actual use[ ] or exercise of corporate powers in pursuance of such law or attempted organization."  *Id.* at *4 (citing *Big Valley Assoc. v. DiAntonio*, 1995 WL 339072, at *2 (Del. Super. May 10, 1995)).  The *Ioengine* court denied the motion to dismiss and held that the plaintiff was a *de facto* LLC at the time of the transaction at issue.  *Id.* at *5.

Here, Plaintiff argues that there was no *bona fide* attempt to organize KCF as an LLC under Delaware law before KCF issued the Notes.  Pl. Op. Br. [D.I. 83] at

16-17.   Defendants dispute this characterization.   Pavlis contemporaneously understood that he was investing in a start-up company.  DC ¶¶ 11, 15.  KCF's sole member was inconclusive with respect to when he started the process of forming KCF, and testified that he understood that the Notes were issued after KCF was formed.  DC ¶ 11.  Moreover, both the *Ioengine* court and the *Big Valley Associates* court emphasized the fact that the entity-plaintiffs had perfected their *de jure* status well in advance of the lawsuits they brought.  *Ioengine¸* 2017 WL 39563, at *5; *Big Valley Assocs.,* 1995 WL 339072, at *3.  Here, KCF was formally established as a *de jure* limited liability company on December 10, 2014, nearly four years before Plaintiff filed this suit on October 1, 2018.[3]

### d.  Plaintiff is estopped from denying KCF's corporate existence.

The doctrine of corporation by estoppel forecloses Plaintiff from attempting to avoid Pavlis' obligations under the Note Purchase Agreements or collaterally attacking the Notes.  *See* D. Op. Br. [D.I. 79] 10-11.  Both Pavlis and Plaintiff have admitted KCF's corporate existence through their interactions with KCF.  *Id.*; *Leber Associates, LLC v. Entm't Grp. Fund, Inc.*, 2003 WL 21750211, at *11-12 (S.D.N.Y.

---

[3]  Plaintiff also cites *Fleischhauer v. Feltner*, 879 F.2d 1290, 1299 (6th Cir. 1989) for the proposition that "[t]he testimony of a party that he thought he told his lawyer to incorporate … fall[s] far short of any good faith attempt to incorporate." *Fleischhauer* is procedurally and factually distinguishable, as it was an appeal of a civil RICO case where the reviewing court entered a directed verdict in favor of an entity-defendant because it did not constitute a "person" subject to liability under RICO, as it was never formed under Ohio law, either *de jure* or *de facto*.  *Id.*

July 29, 2003) (examining Delaware law and estopping party from disclaiming existence of Delaware LLC).

Pavlis' interactions with KCF should be imputed to Plaintiff, who stands in his shoes in asserting claims on behalf of his Estate. *E.g., Fulton v. Fulton,* 106 A.3d 127, 132-34 (Pa. Super. 2017) (holding that executor "stood in the shoes of [d]ecedent"); *In re Estate of Farren,* 131 A.2d 817, 832 (Del. Ch. 2016) ("An executor or administrator generally 'stands in [the] decedent's shoes and has no greater or other rights or powers than the decedent would have had if living.'") (quoting *Pierce v. Higgins*, 531 A.2d 1221, 1226 (Del. Fam. Ct. 1987)).

### e. Delaware law permits delegation of an LLC's management duties.

Plaintiff further argues that the Notes and Note Purchase Agreements are void *ab initio* because they were signed by Michael Silberman, who Plaintiff asserts had no authority to contract on behalf of KCF. Pl. Op. Br. [D.I. 83] at 17. This argument is a nonstarter. Under Delaware law, "a member or manager of a limited liability company has the power and authority to delegate to one or more other persons any or all of the member's or manager's ... rights, powers and duties to manage and control the business and affairs of the limited liability company." 6 *Del. C.* § 18-407. KCF has not disclaimed the Notes, and accepted the benefits of the Note Purchase Agreements by issuing the Notes, and is therefore bound by their terms.

In sum, the Court should deny Plaintiff summary judgment on Count I, seeking a declaratory judgment that the Notes are void *ab initio*.  The Court should exercise its discretion to deny Plaintiff relief, as the declaratory judgment Plaintiff seeks is inappropriate under the circumstances here.

### III.   PLAINTIFF CANNOT ESTABLISH UNJUST ENRICHMENT.

"The elements of unjust enrichment are: (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." *LVI Grp. Invs., LLC v. NCM Hldgs., LLC*, 2019 WL 7369198, at *31 (Del. Ch. Dec. 31, 2019). There are no facts in the record to support these elements.  As discussed above, discovery has not adduced evidence supporting Plaintiff's allegations that the Notes are void *ab initio*.

Under both Delaware and Pennsylvania law, an unjust enrichment claim is barred where—as here—the parties' relationship is governed by contract.  *See, e.g.*, *Narrowstep, Inc. v. Onstream Media Corp.*, 2010 WL 5422405, at *16 (Del. Ch. Dec. 22, 2010); *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. 1999).  Courts developed unjust enrichment as a theory of recovery to remedy the absence of a formal contract.  *ID Biomedical Corp. v. TM Tech., Inc.*, 1995 WL 130743, at *15 (Del. Ch. Mar. 16, 1995); *see also The Frederick Hsu Living Tr. v. ODN Hldg. Corp.*,

2017 WL 1437308, at *42 (Del. Ch. Apr. 14, 2017) ("As its name implies, unjust enrichment is a flexible doctrine that a court can deploy to avoid injustice.").

Even if the Notes were held to be void *ab initio*, a finding of unjust enrichment is inappropriate here, because Plaintiff's fraud claims, Count II and III, provide an adequate remedy at law. *E.g., Johnson v. Preferred Professional Ins. Co.,* 91 A.3d 994, 1017 (Del. Super. 2014) (setting forth the elements of common law fraud in contrast to the elements of equitable fraud).

Separately, Plaintiff cannot establish a lack of justification. The facts show that Pavlis intended to invest in a start-up company for the purpose of developing a technology platform for application in the real estate industry. DC ¶ 15. KCF deployed Pavlis' investment and created the platform. DC ¶ C. In the absence of a formal contract, KCF should be entitled to rely on the terms of the Notes. In a similar vein, if the Notes are deemed to be of no effect, Pavlis conferred a benefit upon KCF officiously, and therefore, Defendants' retention of that benefit is not unjust. *Metcap Securities LLC v. Pearl Senior Care, Inc.*, 2009 WL 513756, *9 (Del Ch. Feb 27, 2009) (citing Restatement of Restitution § 112 to deny unjust enrichment claim where benefit was conferred officiously); Restatement of Restitution § 112 ("A person who without mistake, coercion or request has unconditionally conferred a benefit upon another is not entitled to restitution.").

14

The Court should deny Plaintiff summary judgment on Count V (Unjust Enrichment) because the parties' relationship is governed by contract.  If the Notes were held to be void *ab initio*, Plaintiff has an adequate remedy at law in her fraud claims, and Defendants' retention of the benefit conferred by Pavlis is not unjust.

## IV.   ISSUES OF FACT PRECLUDE SUMMARY JUDGMENT.

As described above in Section II, issues of fact regarding the circumstances surrounding KCF's formation and Pavlis' knowledge and intent to invest in a technology start-up preclude summary judgment that the Notes are void *ab initio*. Defendants dispute Plaintiff's assertions that KCF's sole member made no effort to organize KCF before the Notes were issued.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiff's Motion for Partial Summary Judgment.

Dated:  August 31, 2020

HALLORAN FARKAS + KITTILA LLP

*/s/ Theodore A. Kittila*
Theodore A. Kittila (No. 3963)
James G. McMillan, III (No. 3979)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware  19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / jm@hfk.law /
       wg@hfk.law

*Counsel for Defendants*