# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, <br><br> *Plaintiff*, <br><br> v. <br><br> KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC <br><br> *Defendants*. | C.A. No. 1:18-cv-01516-CFC |

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF PARTIAL SUMMARY JUDGMENT

**HALLORAN FARKAS + KITTILA LLP**

Theodore A. Kittila (No. 3963)
James G. McMillan, III (No. 3979)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C
Wilmington, Delaware  19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / jm@hfk.law / wg@hfk.law

Dated:  September 8, 2020          *Counsel for Defendants*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

SUMMARY OF THE ARGUMENTS .................................................................... 2

ARGUMENT ........................................................................................................... 2

    I.    PLAINTIFF'S STANDING DEPENDS ON A FINDING THAT THE NOTES ARE VOID *AB INITIO* ................................................................ *3*

    II.   THE NOTES ARE NOT VOID *AB INITIO* ................................................ 4

    III.  PLAINTIFF'S CLAIMS ARE UNTIMELY ............................................... 8

    IV.  PLAINTIFF CANNOT ESTABLISH FRAUD ........................................... 9

    V.   PLAINTIFF CANNOT ESTABLISH UNJUST ENRICHMENT .......... 10

CONCLUSION ...................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                              **Page(s)**

*Big Valley Assoc. v. DiAntonio*,
  1995 WL 339072 (Del. Super. May 10, 1995) ................................................................ 6

*B.O. v. C.O.*,
  590 A.2d 313 (Pa. Super. 1991) ..................................................................................... 10

*Bohus v. Beloff*,
  950 F2d 919 (3d. Cir. 1991) ............................................................................................ 9

*Debiec v. Cabot Corp.*,
  352 F.3d 117 (3d Cir. 2003) ............................................................................................ 9

*Dittrick v. Chalfant*,
  948 A.2d 400 (Del. Ch. 2007) ......................................................................................... 8

*Ellison v. Lopez*,
  959 A.2d 395, 398 (Pa. Super. 2008),
  *appeal denied*, 968 A.2d 233 (Pa. 2009) ....................................................................... 10

*Fulton v. Fulton*,
  106 A.3d 127 (Pa. Super. 2017) .................................................................................. 6, 8

*Grunstein v. Silva*,
  2009 WL 4698541 (Del. Ch. Dec. 8, 2009) ..................................................................... 5

*Henderson Apartment Venture v. Miller*,
  2012 WL 2780058 (D. Nev. July 9, 2012) ...................................................................... 5

*Ioengine LLC v. Imation Corp.*,
  2017 WL 39563 (D. Del. Jan. 4, 2017) ........................................................................... 6

*Jefferson Chem. Co. v. Mobay Chem. Co.*,
  267 A.2d 635 (Del. Ch. 1970) ....................................................................................... 11

*L & W Supply Corp. v. Amin*,
  2017 WL 10988478 (Pa. Super. Jan. 13, 2014) ............................................................ 10

*Mitchell v. Moore*,
  729 A.2d 1200 (Pa. Super. 1999) .................................................................................. 10

*Molineux v. Reed*,
    532 A.2d 792 (Pa. 1987)...................................................................................9

*Narrowstep, Inc. v. Onstream Media Corp.*,
    2010 WL 5422405 (Del. Ch. Dec. 22, 2010) ................................................10

*Pocono [International] Raceway v. Pocono Produce, Inc.*,
    468 A.2d 468 (Pa. 1983)...................................................................................9

*Reybold Venture Group, XI-A LLC v. Delaware Dept. of Educ.*,
    947 F. Supp. 2d 430 (D. Del. 2013) ................................................................3

*Samuel Goldwyn, Inc. v. United Artists Corp.*,
    113 F.2d 703 (3d Cir. 1940) ............................................................................7

*Snell v. Pennsylvnia*,
    416 A.2d 468 (Pa. 1980)................................................................................10

## **Statutes and Rules**

6 *Del. C.* § 18-407.................................................................................................7

20 Pa. Stat. and Const. Stat. Ann. § 3373 ................................................................8

42 Pa. Stat. and Const. Stat. Ann. § 8302 ................................................................9

Fed. R. Civ. P. 19 .....................................................................................................7

## **PRELIMINARY STATEMENT**

For the reasons set forth in Defendant's Opening Brief in Support of their Motion for Summary Judgment ("Defendant's Opening Brief") [D.I. 79] and Defendant's Answering Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment (Defendant's Answering Brief") [D.I. 86], Plaintiff's case should be dismissed and judgment entered for Defendants on the Complaint.[1]

Plaintiff admits that her case hinges on Count I, which seeks a declaratory judgment that the Notes are void *ab initio*. Plaintiff believes that this argument—which only can be described as a litigation construct—(a) will cure her lack of standing over claims arising from the September 1, 2014 Note, (b) will cure the statutes of limitations problems plaguing her claims, and (c) will relieve her of the burden of proving her fraud claims. Plaintiff is wrong on all counts and her "*ab initio*" arguments must be denied.

The remaining allegations of the Complaint are also ripe for disposition on summary judgment. Plaintiff admits that she lacks standing to bring claims pertaining to the September 1, 2014 Note, as it passed by operation of law on Mr. Pavlis' death to Watchtower Bible & Tract Society ("Watchtower"). Moreover,

---

[1] References to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Answering Brief") appear as "Pl. Ans. Br. [D.I. __] at ___."

Plaintiff's causes of action are time-barred, and no tolling doctrine applies to relieve Plaintiff from the applicable statutes of limitations. Even if the Court were to look past the statute of limitations issues, the facts elicited in discovery do not support Plaintiff's fraud and unjust enrichment claims.

The Court should enter summary judgment in favor Defendants.

## SUMMARY OF THE ARGUMENTS

1. Plaintiff's standing largely depends on a finding that the Notes are void *ab initio*.

2. The Notes are not void *ab initio*. Plaintiff misapplies the "void *ab initio*" doctrine, and the declaration Plaintiff seeks would inequitably divest nonparty Watchtower of its property interest in the September 1, 2014 Note.

3. The claims are time-barred, and no tolling doctrine applies to toll the applicable statutes of limitations.

4. The facts do not support Plaintiff's fraud claims.

5. Discovery demonstrates that Plaintiff cannot support her fraud or unjust enrichment claims.

## ARGUMENT

Defendants hereby incorporate by reference herein the arguments set forth in Defendants' Opening Brief in Support of their Motion for Summary Judgment [D.I. 79], and Defendants' Answering Brief in Opposition to Plaintiff's Motion for Partial

Summary Judgment [D.I. 86]. For the reasons set forth below, Defendants' Motion for Summary Judgment should be granted.

## I. PLAINTIFF'S STANDING DEPENDS ON A FINDING THAT THE NOTES ARE VOID *AB INITIO*.

Plaintiff admits that that the September 1, 2014 Note is not, and never was, part of the Estate, and that she is not seeking to enforce the terms of the Notes themselves. Pl. Ans. Br. [D.I. 90] at 3-4 & n.2. Rather, "Plaintiff is seeking to redress the harm Pavlis suffered as a result of KCF's failure to issue valid Notes[.]" *Id.*

Among other things, standing requires a plaintiff to demonstrate a causal connection between the injury and the conduct complained of. *Reybold Venture Group, XI-A LLC v. Delaware Dept. of Educ.,* 947 F. Supp. 2d 430, 436 (D. Del. 2013). To the extent Plaintiff has suffered harm, there is no causal connection between Plaintiff's injury and the that fact that KCF filed its Certificate of Formation shortly after it issued the Notes. Although Plaintiff claims her injury-in-fact is the loss of Pavlis' $7,000,000 investment, there is no showing that this claimed loss is connected to KCF's short delay in formally organizing as an LLC. Pl. Ans. Br. [D.I. 90] at 5. This delay is therefore insufficient to confer standing. Plaintiff's standing

to bring claims related to the circumstances surrounding the September 1, 2014 Note thus depends on a finding that that the Notes are void *ab initio.*

## II. THE NOTES ARE NOT VOID *AB INITIO*.

The Court should dismiss Count I seeking a declaratory judgment that the Notes are void *ab initio*. Plaintiff's claims hinge on her procedurally odd request for a judicial declaration that the Notes are void *ab initio*. If accepted by the Court, Plaintiff's gambit would permit her to avoid proving the very fraud on which her "void *ab initio*" argument is based.

### a. Plaintiff misapplies the void *ab initio* doctrine.

Plaintiff's Count I seeks relief in the form of a declaratory judgment that the Notes are void *ab initio*. None of the cases cited by Plaintiff arise in this procedural posture, and Defendants have identified none. Plaintiff cites no precedent for her argument that an LLC's promissory notes can be deemed void solely because the LLC filed its Certificate of Formation *after* issuing the notes. Rather, in the cases cited by Plaintiff, the argument that an agreement is "void *ab initio*" arises in the nature of an affirmative defense against an entity-plaintiff that seeks to inequitably enforce a contract. The void *ab initio* doctrine thus operates as an attack on an entity-plaintiff's standing to assert claims based on the contract. As used by Plaintiff, the doctrine would permit her to evade the factual burdens of her fraud claims, and avoid

4

the applicable statutes of limitations, by awarding her a judicial declaration that the Notes are void *ab initio*.

The sole case Plaintiff cites where the contract at issue was found to be void *ab initio* is *Henderson Apartment Venture v. Miller*, which applies Nevada contract law—*not Delaware law*—to conclude that (a) an LLC cannot enter into a contract before it is formed, and (b) entities do not have the legal capacity to ratify pre-formation contracts. 2012 WL 2780058 at *5, *8 (D. Nev. July 9, 2012).[2] As set forth in Defendants' Answering Brief, *Henderson Apartment Venture* is not Delaware law and is factually distinguishable. *See* D. Ans. Br. [D.I. 86] at 8-9.

### b. KCF was a *de facto* LLC.

KCF was a *de facto* LLC and is bound by the Notes. Plaintiff argues that KCF was not a *de facto* LLC because there was no "substantial action" taken to organize KCF as an LLC under Delaware law before the Notes were issued. Pl. Ans. Br. [D.I. 90] at 10. Defendants dispute this factual characterization. *See* D. Ans. Br. [D.I. 86] at 9-11.

Moreover, in the cases cited by Plaintiff, the Court relied in part on the fact that the entities at issue had perfected their *de jure* status well in advance of the

---

[2] This is inconsistent with Delaware law. D. Op. Br. [D.I. 79] at 7 & n.2. Where a Delaware entity engages in pre-formation activities (such as entering into fundraising agreements and issuing the Notes, as KCF did here), the subsequently formed entity is bound by such agreements when it accepts their benefits. *See, e.g.*, *Grunstein v. Silva*, 2009 WL 4698541, at *18 (Del. Ch. Dec. 8, 2009).

5

lawsuits they brought. *See Ioengine LLC v. Imation Corp.*, 2017 WL 39563, at *5 (D. Del. Jan. 4, 2017); *Big Valley Assocs. v. DiAntonio,* 1995 WL 339072, at *3 (Del. Super. May 10, 1995). Here, KCF was formally organized as a *de jure* limited liability company shortly after the Notes were issued, and nearly four years before Plaintiff filed this suit. KCF should be deemed to have been a *de facto* LLC at the time the Notes were issued.

### c. **Plaintiff is estopped from denying KCF's corporate existence**.

Plaintiff argues that corporation by estoppel originates in equitable principles and therefore does not apply in the case of fraud. Pl. Ans. Br. [D.I. 90] at 11. Or in other words, Plaintiff asks the Court to presume that Defendants committed fraud in issuing the Notes, and thus deem the Notes to be void *ab initio.* As a result, Plaintiff would avoid the evidentiary burden of actually proving her fraud claims.

Both Pavlis and Plaintiff admitted KCF's corporate existence through their interactions with KCF and assigning the September 1, 2014 Note to Watchtower. Pavlis' interactions with KCF should be imputed to Plaintiff, who stands in his shoes in asserting claims on behalf of his Estate. *E.g., Fulton v. Fulton,* 106 A.3d 127, 132-34 (Pa. Super. 2017) (holding that executor "stood in the shoes of [d]ecedent").

### d. **Delaware law permits delegation of an LLC's management duties**.

Plaintiff further argues that the Notes and Note Purchase Agreements are void *ab initio* because they "contain the very lies upon which Plaintiff seeks a declaration

6

that they are void," and because they were signed by Michael Silberman, who Plaintiff asserts had no authority to contract on behalf of KCF. Pl. Ans. Br. [D.I. 90] at 12-13. The "lie" Plaintiff identifies is simply the representation that KCF was a Delaware limited liability company at the time of issuance. The evidence shows that Pavlis understood that he was investing in a start-up company, and that KCF became a *de jure* LLC weeks after the Notes were issued. There is no plausible argument that the short delay in KCF filing its Certificate of Formation is the cause of any harm to Pavlis or Plaintiff.

Plaintiff's latter argument, that Michael Silberman had no authority to act on behalf of KCF, is a nonstarter because Delaware's limited liability company act permits the delegation of rights, powers, and duties. 6 *Del. C.* § 18-407.

### e. A declaratory judgment that the Notes are void *ab initio* would divest Watchtower of the September 1, 2014 Note.

Declaring the Notes void *ab initio* would disregard Pavlis' testamentary intent and divest Watchtower of its property right in the Note. *See* D. Ans. Br. [D.I. 86] at 6-7. Watchtower is an indispensable party to this litigation as the holder of the September 1, 2014 Note. Fed. R. Civ. P. 19(a)(1)(B)(i); *Samuel Goldwyn, Inc. v. United Artists Corp.*, 113 F.2d 703, 707 (3d Cir. 1940) (holding that Rule 19 is applicable to declaratory judgment actions).

A declaration that the Notes are void *ab initio* would also result in an inequitable forfeiture of Defendants' reasonable expectations and interests under the

7

Notes. *See, e.g.*, *Dittrick v. Chalfant*, 948 A.2d 400, 410 (Del. Ch.) (ordering specific performance of contract despite "draconian" "default and termination clause" in order to avoid an inequitable forfeiture of the plaintiff's reasonable expectations and interests). KCF deployed Pavlis' investment, and developed the technology platform in reliance on the mutual obligations under the Note Purchase Agreement and Notes.

The Court should deny Plaintiff relief and enter summary judgment on Count I in Defendants' favor.

### III. PLAINTIFF'S CLAIMS ARE UNTIMELY.

Plaintiff argues that she stands in Pavlis' shoes as if he were alive, but also asserts that the earliest that she became aware of any potential issue regarding Pavlis' investment was November 2016. Pl. Ans. Br. at 4-5; 17. Even if true, Plaintiff's knowledge is largely irrelevant for tolling purposes, because Pavlis' conduct and knowledge is imputable to Plaintiff. Plaintiff has no greater right to assert her claims than Pavlis did during his lifetime. *E.g., Fulton v. Fulton,* 106 A.3d 127, 132-34 (Pa. Super. 2017) (affirming lower court holding that complaint was barred by laches where lower court imputed decedent's delay to executor who "stood in the shoes of [d]ecedent"); 20 Pa. Stat. and Const. Stat. Ann. § 3373.

Under Pennsylvania law, the statute of limitations on a survival action begins to run prior to death with respect to injuries that the decedent should reasonably have

8

discovered while alive. 42 Pa. Stat. and Const. Stat. Ann. § 8302; *Debiec v. Cabot Corp.*, 352 F.3d 117, 129 (3d Cir. 2003). "Lack of knowledge, mistake or misunderstanding, will not toll the running of the statute." *Pocono [International] Raceway v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (Pa. 1983). "The 'polestar' of the discovery rule is not the plaintiff's actual knowledge, but rather whether the knowledge was known, or through the exercise of diligence, knowable to the plaintiff." *Bohus v. Beloff*, 950 F2d 919, 925 (3d. Cir. 1991) (internal quotation omitted). "The statute of limitations begins to run as soon as the plaintiff has discovered or, exercising reasonable diligence, *should* have discovered the injury and its cause." *Id.* (emphasis added).

Pavlis was contemporaneously on notice of the deficiencies Plaintiff complains about. *See, e.g.*, Compl. [D.I. 1] ¶¶ 114-119; Pl. Ans. Br. [D.I. 90] at 19-21. There is no suggestion that Mr. Pavlis was incompetent or incapable of discovering any potential fraud himself, and discovery established the opposite.

Plaintiff has the burden of proving fraudulent concealment by "clear, precise and convincing" evidence. *Molineux v. Reed*, 532 A.2d 792, 794 (Pa. 1987). Plaintiff's cannot carry this burden and the claims should be dismissed as untimely.

### IV. <u>PLAINTIFF CANNOT ESTABLISH FRAUD.</u>

Plaintiff's fraud claims should be dismissed because discovery reveals that she cannot establish causation or damages. Plaintiff has changed her theory of fraud,

9

and now asserts that KCF orchestrated a scheme to divert Pavlis' Allwest investment to itself and its affiliated entities. Pl. Ans. Br. [D.I. 90] at 6.

"Fraud or intent to defraud must be proved by evidence that is clear, precise and convincing." *B.O. v. C.O.*, 590 A.2d 313, 315 (Pa. Super. 1991) (citing *Snell v. Pennsylvnia*, 416 A.2d 468, 470 (Pa. 1980); *see also, L & W Supply Corp. v. Amin*, 2017 WL 10988478, at *6 (Pa. Super. Jan. 13, 2014); *Ellison v. Lopez*, 959 A.2d 395, 398 (Pa. Super. 2008), *appeal denied*, 968 A.2d 233 (Pa. 2009) (same).

Plaintiff presents a laundry list of alleged discrepancies in the transaction documents, and asserts that these items are circumstantial evidence of KCF's fraudulent intent. Pl. Ans. Br. at 19-21. Plaintiff's speculative assertions of fraud should be rejected and summary judgment entered for Defendants on Counts II and the III.

**V.     PLAINTIFF CANNOT ESTABLISH UNJUST ENRICHMENT.**

The Notes are not void *ab initio*. Under both Delaware and Pennsylvania law, an unjust enrichment claim is barred where the parties' relationship is governed by contract. *See, e.g.*, *Narrowstep, Inc. v. Onstream Media Corp.*, 2010 WL 5422405, at *16 (Del. Ch. Dec. 22, 2010); *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. 1999).

Even if the Notes were held to be void *ab initio*, a finding of unjust enrichment is inappropriate because Plaintiff cannot establish a lack of justification. D. Ans. Br.

10

[D.I. 86] at 13. In the absence of a formal contract, KCF should be entitled to rely on the terms of the Notes and Note Purchase Agreement. *See, e.g.*, *Dittrick v. Chalfant*, 948 A.2d 400, 410 (Del. Ch. 2007) (ordering specific performance of contract to avoid an inequitable forfeiture of the plaintiff's reasonable expectations and interests); *Jefferson Chem. Co. v. Mobay Chem. Co*., 267 A.2d 635, 636 (Del. Ch. 1970) ("Equity, of course, abhors a forfeiture. And it is not obliged to permit a party to get the advantages which a forfeiture would give him. It will disregard a forfeiture occasioned by failure to comply with the very letter of an agreement when it has been substantially performed.").

## **CONCLUSION**

For the reasons stated above, Defendants respectfully request that the Court grant Defendant's Motion for Summary Judgment.

Dated: September 8, 2020       **HALLORAN FARKAS + KITTILA LLP**

<u>*/s/ William E. Green, Jr.*</u>
Theodore A. Kittila (No. 3963)
James G. McMillan, III (No. 3979)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Phone: (302) 257-2025
Fax: (302) 257-2019
Email: tk@hfk.law / jm@hfk.law / wg@hfk.law

*Counsel for Defendants*

12