## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, <br><br> Plaintiff, <br><br> v. <br> KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC <br><br> Defendants. <br> JUSTIN BILLINGSLEY and KEY COMMERCIAL FINANCE, LLC, <br><br> Third-Party Plaintiffs, <br> v. <br> DEBORAH S. SKEANS and DARBIN SKEANS, <br><br> Third-Party Defendants. | No. 1:18-cv-01516-CFC |

## REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Joelle E. Polesky (ID No. 3694)
Stradley Ronon Stevens & Young, LLP
1000 N. West Street, Suite 1200
Wilmington, DE 19810
Tel: (302) 295-4856
Email: jpolesky@stradley.com

Dated: September 8, 2020      *Attorneys for Plaintiff*

# <u>TABLE OF CONTENTS</u>

I.    ARGUMENT..................................................................................1

    A.    The Estate's Declaratory Judgment Action is Proper. .........................1

    B.    The Estate has Standing to Pursue Its Claims. .....................................2

    C.    Watch Tower is Not a Necessary Party to this Action.........................3

    D.    The Void Ab Initio Doctrine Warrants A Declaration that the KCF Notes are Void................................................................6

    E.    The Estate is Entitled to Summary Judgment Because KCF was Unjustly Enriched by Pavlis' Investment...........................................10

II.    CONCLUSION...........................................................................111

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACandS, Inc. v. Aetna Cas. & Sur. Co*.,
   666 F.2d 819 (3d Cir. 1981) ................................................................1

*Angst v. Royal Maccabees Life Ins. Co*.,
   77 F.3d 701 (3d Cir. 1996) ................................................................4

*Burger King Corp. v. Family Dining, Inc*.,
   426 F. Supp. 485 (E.D. Pa. 1977) ......................................................1

*Burns v. Goldberg*,
   210 F.2d 646 (3d Cir. 1954) ...........................................................2, 3

*General Refractories Co. v. First State Ins., Co*.,
   500 F.3d 306 (3d Cir. 2007) ..............................................................4

*Henderson Apartment Venture v. Miller*,
   2012 WL 2780058 (D. Nev. 2012) ...............................................7, 8, 9

*Int'l Sport Divers Assoc., Inc. v. Marine Midland Bank, N.A*.,
   25 F.Supp.2d 101 (W.D.N.Y. 1998) ...................................................9

*Jackson v. Turnbull*,
   1994 WL 174668 (Del. Ch. 1994) ......................................................7

*Janney Montgomery Scott Inc. v. Shepard Niles, Inc*.
   11 F.3d 399 (3d Cir. 1993) ................................................................4

*Liberty Mutual Ins. Co. v. Treesdale, Inc*.,
   419 F.3d 216 (3d Cir. 2005) ..............................................................5

*LVI Group Investments, LLC v. NCM Holdings LLC*,
   2018 WL 1559936 (Del. Ch. 2018) ..................................................10

*Mimm v. Van Guard Dealer Services*, *LLC*,
   2014 WL 718150 (D. Del. 2014) ........................................................1

*O'Malley v. O'Malley*,
   2008 WL 11366282 (M.D. Pa. 2008) .................................................6

*Prizm Group, Inc. v. Anderson*,
  2010 WL 1850792 (Del. Ch. 2010) .......................................................................7

*Steiner v. Markel*,
  968 A.2d 1253 (Pa. 2009) .................................................................................5

**Statutes**

20 Pa. C.S.A. § 3371 ..........................................................................................2

20 Pa. C.S.A. § 3373 ..........................................................................................3

42 Pa.C.S. § 5525 ...............................................................................................5

28 U.S.C. § 2201(a) ........................................................................................1, 2

**Other Authorities**

Fed. R. Civ. P. 19(a) .......................................................................................3, 4

Fed R. Civ. P. 57 ...............................................................................................2

I.    **ARGUMENT**[1]

    A.    **The Estate's Declaratory Judgment Action is Proper.**

        Defendants' argument that declaratory judgment is inappropriate is flawed for numerous reasons.   First, this Court may "in a case of actual controversy within its jurisdiction…declare the rights and other legal relationship of any interested party seeking such declaration…" 28 U.S.C. § 2201(a).   A declaratory judgment is proper where a declaration would "strongly affect present behavior, have present consequences and resolve a present dispute." *ACandS, Inc. v. Aetna Cas. & Sur. Co.*, 666 F.2d 819, 823 (3d Cir. 1981).

        Courts routinely permit declaratory judgments in situations similar to this one, where a previously entered into agreement has a present impact upon the parties.  *See Mimm v. Van Guard Dealer Services*, *LLC*, 2014 WL 718150, at *4 (D. Del. 2014) (defendant's counterclaim seeking declaration that a past contract remained valid and enforceable must survive summary judgment); *Burger King Corp. v. Family Dining, Inc*., 426 F. Supp. 485, 487 (E.D. Pa. 1977) (court allowed

---

[1] Plaintiff incorporates by reference the arguments set forth in Plaintiff's Opening Brief in Support of its Motion for Partial Summary Judgment (D.I. 83) and Plaintiff's Answering Brief in Opposition to Defendants' Motion for Summary Judgment (D.I. 90).   Terms not defined in this Reply Brief are as defined in Plaintiff's opening and answering briefs.

declaratory judgment action seeking declaration that contract was no longer enforceable, stating "[a] request for declaratory relief is appropriate in a case such as this where the primary question is whether such a [contract] termination has occurred."). Plaintiff is well within her rights to seek a declaration that the KCF Notes—which involve an ongoing injury to the Estate—are void *ab initio*.

Second, this Court is permitted to issue a declaratory judgment "whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Thus, the existence of Plaintiff's fraud claims does not prevent this Court from declaring the KCF Notes void. *See* Fed R. Civ. P. 57, Advisory Com. ("The fact that a declaratory judgment may be granted whether or not further relief is or could be prayed for indicates that declaratory relief is alternative or cumulative and not exclusive or extraordinary."). Plaintiff is entitled to plead her claims in the alternative, and a declaration that the Notes are void *ab initio* is appropriate.

### B.   <u>The Estate has Standing to Pursue Its Claims.</u>

Defendants next contend that Plaintiff lacks standing to bring claims arising out of the September 1, 2014 Note. However, Pavlis' transfer on death assignment of the Note to the Watch Tower Bible and Tract Society of New York ("Watch Tower") did not extinguish his right to bring actions related thereto. This remained true, even after Pavlis' death. *See* 20 Pa. C.S.A. § 3371 (stating that all causes of action predating decedent's life survive death); *see also Burns v.*

*Goldberg*, 210 F.2d 646, 650 (3d Cir. 1954) (a survival action is not impacted because part of the recovery may ultimately pass to a beneficiary by operation of the laws of succession).   Actions to enforce rights surviving a decedent are properly brought by the decedent's personal representative.   *See* 20 Pa. C.S.A. § 3373.

Here, Plaintiff's argument that the Notes were void *ab initio* is based on the uncontroverted evidence that KCF was not a validly created LLC under Delaware law when the Notes allegedly issued.   Given that the Notes were never valid instruments, Plaintiff has never sought to recover on the Notes.   Rather, she seeks to recover the funds Defendants improperly diverted from Pavlis' Allwest investment for their own use.   Thus, Plaintiff has standing to bring this action on behalf of the Estate.

C.    **Watch Tower is Not a Necessary Party to this Action.**

Defendants contend Watch Tower should be joined as a party because it is the "transfer on death" assignee of the $3,000,000 September 2014 Note. Defendants are mistaken.   Federal Rule of Civil Procedure 19 sets forth the grounds upon which a necessary party to an action must be joined when feasible. First, courts must consider whether a non-party is necessary.  Fed. R. Civ. P. 19(a). A party is necessary where (1) "in that [party's] absence, the court cannot afford complete relief among the existing parties," and (2) the party "claims an interest

relating to the subject matter of the action and is so situated that disposing of the action in the [party's] absence may . . . (i) impair or impede the [party's] ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *Id*. at 19(a)(1)(B).

Necessary parties will only be joined when feasible. *Id*. at 19(a). Where a party overcomes the threshold showing a non-party is necessary, only then will courts consider step two of the inquiry: whether the necessary non-party is indispensable and the litigation cannot continue in their absence. *See Janney Montgomery Scott Inc. v. Shepard Niles, Inc*. 11 F.3d 399, 404 (3d Cir. 1993).

Defendants have not demonstrated that Watch Tower is a necessary party to this action.  First, the Court can afford complete relief between the parties presently engaged in this litigation.  "Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *Angst v. Royal Maccabees Life Ins. Co*., 77 F.3d 701, 705 (3d Cir. 1996); *see also General Refractories Co. v. First State Ins., Co*., 500 F.3d 306, 313 (3d Cir. 2007) (stating the analysis is limited to "whether the district court can grant complete relief to persons already named as parties to the action; *what effect a decision may have on absent parties is immaterial*.") (emphasis added).

4

As noted above, Plaintiff is *not* seeking to recover on the Notes themselves, precisely because she contends the Notes were either void *ab initio* or, alternatively, fraudulent.   If the Court grants Plaintiff summary judgment and declares the Notes void *ab initio*, then they were void from the start and could not have been assigned to Watch Tower or any other person or entity.   Conversely, if the Court denies Plaintiff's motion, then Watch Tower could pursue a claim for breach of contract against KCF.   In either event, the Court can dispose of the present dispute without implicating Watch Tower's potential interests in the September Note.[2]

Second, Watch Tower is not an interested party as it relates to the present motion.   A party is not "necessary" where its "interest does not relate to the subject of the action."   *Liberty Mutual Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005).   Further, a party is only necessary "if it has a legally protected interest, not merely a financial interest." *Id*.   Watch Tower has no interest in this

---

[2]   As the September 2014 Note purportedly matured in September 2019, Watch Tower has three more years to bring a breach of contract action against KCF. *See Steiner v. Markel*, 968 A.2d 1253, 1255, n.5 (Pa. 2009) (citing 42 Pa.C.S. § 5525 and noting four-year statute of limitations on breach of contract claims).   Similarly, if the Notes are not void *ab initio*, Plaintiff would have the right to amend her Complaint and assert a claim for breach of the $4,000,000 November 2014 Note, which purports to mature on November 1, 2020.

dispute between the Estate and Defendants regarding lack of corporate existence (or subsequent conduct) at any time prior to Watch Tower's ownership of the Note.

Further, to the extent this Court determines Watch Tower has a viable interest, that interest is adequately represented in this litigation insofar as the relief sought is on behalf of the Estate and Watch Tower is the Estate's residual beneficiary.[3]  *See O'Malley v. O'Malley*, 2008 WL 11366282, at *5 (M.D. Pa. 2008) (holding that absent beneficiaries' interests were represented where all relief sought was on behalf of trust).  Finally, Watch Tower is aware of the ongoing litigation of this matter and has not sought to intervene.  *See* SA33-34.

## D.     The Void *Ab Initio* Doctrine Warrants A Declaration that the KCF Notes are Void

Defendants further contend that Plaintiff's invocation of the void *ab initio* doctrine is both procedurally and factually misplaced.  Once again, they are wrong.

Defendants' argument that the void *ab initio* doctrine is solely to be used as an affirmative defense ignores Delaware caselaw to the contrary.

---

[3] Pavlis left the residue of his Estate to his Trustee, Glenmede Trust Company, to be distributed in accordance with the terms of his Revocable Agreement of Trust, pursuant to which Watch Tower is entitled the remaining balance of the Estate. (Supplemental Appendix to Reply Brief in Support of Plaintiff's Motion for Partial Summary Judgment ("SA") at SA1, SA7, SA9, SA19).

Delaware courts routinely grant declaratory judgment actions on the basis of the void *ab initio* doctrine. *See Prizm Group, Inc. v. Anderson*, 2010 WL 1850792, at *7 (Del. Ch. 2010) (entering judgment in favor of plaintiff on his claim seeking a declaration that stock issued by defendant was void *ab initio*); *Jackson v. Turnbull*, 1994 WL 174668, at *6 (Del. Ch. 1994) (entering judgment in favor of plaintiff on his claim seeking declaration that merger violated Delaware law and was void *ab initio*). Similarly, this Court is empowered to declare the Notes void *ab initio* and to enter judgement in Plaintiff's favor.

As explained in Plaintiff's Opening Brief, KCF was incapable of issuing legally binding Notes in September and November 2014, because it was not yet formed under the Delaware formation statute. *See* Plaintiff's Concise Statement of Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment (D.I. 84 at ¶ 10). Thus, the KCF Notes are void. *See Henderson Apartment Venture v. Miller*, 2012 WL 2780058, at *8 (D. Nev. 2012) (determining that "Delaware law governs the validity of the Plaintiff's corporate existence" and voiding contract where party failed to qualify for either *de jure* or *de facto* corporate existence at the time of contract).

KCF has set forth no facts suggesting it made any effort to legally form prior to issuance of the Notes*,* much less a *bona fide* effort. Defendants advance the bizarre contention that KCF's sole member "understood that the Notes

7

were issued after KCF was formed" to suggest that KCF was a *de facto* LLC at the time the Notes allegedly issued.  (D.I. 86 at 10-11).   This contention directly contradicts Defendants' stated position that the Notes were issued in September and November 2014.  (*See* D.I. 31 at ¶¶ 4-5; SA36-37)*.*  Indeed, KCF was not even a conceptualized company—much less a legally formed entity—at the time KCF purportedly issued the Notes.  (*See* D.I. 84 at ¶ 11).  The fact that KCF eventually formed is irrelevant to their *de facto* status before or at the time the Notes were issued.[4]

Further, KCF cannot invoke corporation by estoppel.   Under that doctrine, "a person who contracts or otherwise deals with an entity as a corporation thereby admits that the entity is a corporation, and is estopped to deny its incorporation in an action arising out of the contract or course of dealing." *Henderson*, 2012 WL 2780058, at *7.  However, because estoppel originates in equitable principles, it "does not apply when it would be inequitable to apply it or where equitable principles do not require its application, as in the case of fraud." *Id*.  The estoppel rule does not apply in the case of fraud "where the recognition of

---

[4] Defendants also allege that Pavlis "contemporaneously understood that he was investing in a start-up company." (D.I. 86 at 11).  Other than Billingsley's self-serving testimony, there is not a single document suggesting Pavlis had any understanding he was investing in KCF.  *See* Plaintiff's Response to Defendants' Concise Statement of Facts (D.I. 88 at ¶¶ 9-10).

a pretend corporation is itself brought about by false representations that it is incorporated." *Id*. (*citing Int'l Sport Divers Assoc., Inc. v. Marine Midland Bank, N.A.*, 25 F.Supp.2d 101, 110-11 (W.D.N.Y. 1998) (holding corporation by estoppel was inapplicable because party to the contract had represented it was a corporation and erroneously labeled itself as a "Connecticut corporation" in the contract, when it knew it was not)).

Defendants have not set forth any credible evidence showing that Pavlis was aware KCF was not a legally formed entity in September and November 2014 when the KCF Notes were issued. (*See* D.I. 88 at ¶¶ 9-10). To the contrary, both Notes and their corresponding Note Purchase Agreements blatantly misrepresent that KCF was a legally formed Delaware LLC, when in fact KCF did not exist at all.

Finally, Defendants' contend that the Notes and Note Purchase Agreements were validly signed by Michael Silberman, KCF's purported "Executive Vice President," because KCF's sole Member, George Self, delegated the requisite authority to Silberman. This assertion is absurd. Self had no knowledge of the Notes until years after they were issued. Nor did he have any understanding that Silberman ever held any position with KCF. Thus, he could not have delegated authority to Silberman to issue them. (*See* D.I. 84 at ¶ 14). Further, Silberman has denied ever having any affiliation with KCF, and

Defendants have presented no evidence that Silberman ever had any position with KCF. (*See* D.I. 88 at ¶ 9). Given the complete absence of evidence that anyone made a good faith attempt to form KCF before the Notes allegedly issued, KCF cannot avoid a declaration that the Notes were void *ab initio*.

> ### E.      The Estate is Entitled to Summary Judgment Because KCF was Unjustly Enriched by Pavlis' Investment.

Plaintiff is also entitled to summary judgment on its unjust enrichment claim. The existence of the KCF Notes does not defeat this claim. In fact, it is the Notes themselves that form the basis of the unjust enrichment claim because they "arose from wrongdoing." *LVI Group Investments, LLC v. NCM Holdings LLC*, 2018 WL 1559936, at *16 (Del. Ch. 2018). KCF was unjustly enriched through its misappropriation of Pavlis' $7,000,000 investment in Allwest. KCF was not justified in taking those funds as it did not exist at the time the Notes were issued. Further, there is no evidence that Pavlis willingly or knowingly permitted the funds he invested in Allwest to be transferred to KCF. Rather, it is clear that KCF engaged in a fraudulent scheme to misappropriate funds, and thus, was unjustly enriched.

## II.   <u>CONCLUSION</u>

For all the foregoing reasons, the Estate is entitled to judgment as a matter of law with respect to Counts I and V of its Complaint.  Accordingly, the Estate respectfully requests that the Court award summary judgment in its favor and against Defendant Key Commercial Finance, LLC in the amount of $7,000,000, together with applicable interests and costs.

STRADLEY RONON
STEVENS & YOUNG, LLP

/s/ Joelle E. Polesky
Joelle E. Polesky (ID No. 3694)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Tel: (302) 295-4856
Fax: (302) 295-4801
Email: jpolesky@stradley.com

*Attorneys for Plaintiff, Deborah S. Skeans, Executrix of the Estate of Frank E. Pavlis*

OF COUNSEL:

William E. Mahoney, Jr. (*pro hac vice*)
Spencer R. Short (*pro hac vice*)
Stradley Ronon Stevens & Young LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Tel: (215) 564-8059
Fax: (215) 564-8120

Dated:  September 8, 2020