# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, <br><br> Plaintiff, <br><br> v. <br><br> KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC <br><br> Defendants. <br> _____ <br> JUSTIN BILLINGSLEY and KEY COMMERCIAL FINANCE, LLC, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> DEBORAH S. SKEANS and DARBIN SKEANS, <br><br> Third-Party Defendants. | No. 1:18-cv-01516-CFC-MPT |

### OPENING BRIEF IN SUPPORT OF MOTION OF PLAINTIFF DEBORAH S. SKEANS FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

Joelle E. Polesky (ID No. 3694)
Stradley Ronon Stevens & Young, LLP
1000 N. West Street, Suite 1200
Wilmington, DE 19810
Tel: (302) 295-4856
Fax: (302) 295-4801
Email: jpolesky@stradley.com
*Attorneys for Plaintiff*

Dated: January 20, 2021

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                        **Page(s)**

*Cloud Farm Assocs., L.P. v. Volkswagen Group of America, Inc.*,
  2012 WL 3069390 (D. Del. 2012) ................................................................... 10

*Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*,
  668 F. Supp. 906 (D. Del. 1987) ................................................................ 7, 8, 9

*ICU Med., Inc. v. Rymed Techs., Inc.*,
  674 F. Supp.2d 574 (D. Del. 2009) ........................................................ 7, 9, 10

*Medeva Pharma Ltd. v. American Home Prods. Corp.*,
  201 F.R.D. 103 (D. Del. 2001) ....................................................................... 7, 8

**Other Authorities**

Federal Rule of Civil Procedure 15(d) ..................................................................... 7

Federal Rule of Civil Procedure 16(b)(4) ................................................................ 9

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................. 1

II.  NATURE AND STAGE OF THE PROCEEDINGS ............................... 2

III. SUMMARY OF THE ARGUMENT ....................................................... 3

IV.  CONCISE STATEMENT OF FACTS ..................................................... 4

V.   ARGUMENT ........................................................................................ 7

    1.  This Court Should Exercise its Discretion to Permit Plaintiff to Supplement the Verified Complaint. ................................................ 7

    2.  There is Good Cause to Grant the Motion for Leave to Supplement After the Deadline. ..................................................................... - 9 -

VI.  CONCLUSION .............................................................................. - 12 -

## I. INTRODUCTION

Plaintiff Deborah S. Skeans as Executrix of the Estate of Frank E. Pavlis ("Pavlis") filed a Verified Complaint against Defendants Key Commercial Finance LLC ("KCF"), Key Commercial Finance Properties LLC, Equity Pros LLC, and Mobile Agency LLC (collectively, "Defendants") on October 1, 2018. Therein, Pavlis set forth declaratory judgment, common law fraud, fraudulent concealment, conversion, and unjust enrichment causes of action. Pavlis now seeks leave of Court to file a Supplemental Complaint in order to state an additional cause of action for breach of contract based on KCF's breach of a November 1, 2014 Note and Note Purchase Agreement.[1] This cause of action accrued as of November 1, 2020.

---

[1] A copy of Plaintiff's proposed Supplemental Complaint is attached to the Motion of Plaintiff Deborah S. Skeans for Leave to File Supplemental Complaint ("Motion") as Exhibit 1. A copy of Plaintiff's proposed Supplemental Complaint with all alterations, additions, and omissions identified is attached to the Motion as Exhibit 2.

- 1 -

## II. NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff commenced this action against Defendants on October 1, 2018. (D.I. 1). On November 20, 2018, the Defendants filed their Motion to Dismiss the Verified Complaint. (D.I. 23). On September 24, 2019, this Court denied the Motion to Dismiss Plaintiff's claims for declaratory judgment, common law fraud, fraudulent concealment, and unjust enrichment. (D.I. 30). Defendants filed their Answer on October 8, 2019. (D.I. 31).

On October 22, 2019, Key Commercial Finance, LLC and Justin Billingsley, a non-party to the underlying action, filed a Third-Party Complaint against Deborah Skeans and her husband, Darbin Skeans, (together, the "Skeanses") in their individual capacities. (D.I. 35). On December 6, 2019, the Skeanses filed a Motion to Dismiss the Third-Party Complaint. (D.I. 48). On July 15, 2020, this Court granted the Skeanses motion and dismissed the Third-Party Complaint in its entirety. (D.I. 77). Discovery closed on April 30, 2020.

On August 17, 2020, the parties each filed their respective Motions for Summary Judgment. (D.I. 78, 82). On November 2, 2020, this Court denied Plaintiff's Motion for Partial Summary Judgment. (D.I. 95). On November 4, 2020, this Court postponed the scheduled trial for further consideration of Defendants' Motion for Summary Judgment. (D.I. 96).

## III. SUMMARY OF THE ARGUMENT

1. This Court should exercise its discretion to permit Pavlis to supplement the Verified Complaint to add a breach of contract cause of action as Count IV in the interest of a just and speedy resolution of this litigation and because there is no undue delay or bad faith on the part of Pavlis and no prejudice will result to Defendants.

2. This Court has good cause to grant Pavlis' Motion for Leave to File the Supplemental Complaint, despite the passage of the deadline contained in the Court's October 31, 2019 Scheduling Order, because the cause of action arose after the expiration of the deadline.

## IV. CONCISE STATEMENT OF FACTS

This action arises out of a fraudulent scheme—and its equally fraudulent concealment—perpetrated against Frank Pavlis who, at the time, was a nonagenarian widower with no children.[2] (Compl. at ¶¶ 14, 21). Due to Mr. Pavlis' advanced age and his need for financial advice, those close to Mr. Pavlis introduced him to Justin Billingsley in 2012. (*Id.* at ¶ 26). Mr. Billingsley was supposed to act as a financial advisor to Mr. Pavlis. However, Mr. Billingsley took advantage of his shared religious fellowship, as well as his influence, to solicit numerous "investments" in a series of companies in which Mr. Billingsley has substantial financial interests. (*Id.* at ¶ 27).

Mr. Billingsley initially solicited Mr. Pavlis to invest $7,000,000 in Allwest Investments, LLC ("Allwest"), a California-based limited liability company that purchased, rehabilitated, and re-sold distressed residential properties. (*Id.* at ¶¶ 76-79.) Thereafter, Mr. Billingsley conceived of a scheme to transfer the $7,000,000 that Mr. Pavlis invested in Allwest to KCF, an entity controlled by Mr. Billingsley. (*Id.* at ¶¶ 75, 82). As part of this scheme, KCF provided two convertible promissory notes to Mr. Pavlis for his combined investments of $7,000,000. (*Id.* at ¶¶ 87, 110, 112). The first note, dated September 1, 2014, purports to reflect a

---

[2] Although Mr. Pavlis supported this litigation, he passed away on August 24, 2018 and the action is instead brought in his name by his Executrix, Deborah S. Skeans.

- 4 -

$3,000,000 investment by Mr. Pavlis in KCF, with principal and interest at 8% per annum, payable on September 1, 2019. (*Id.* at ¶ 88; Exhibit B to Compl.). A Note Purchase Agreement purports to memorialize this investment. (Compl. at ¶ 89; Exhibit C to Compl.)

The second note, dated November 1, 2014, purports to document a $4,000,000 investment by Mr. Pavlis in KCF, with principal and interest at 8% per annum due November 1, 2020. (Compl. at ¶ 92; Exhibit D to Compl.) Again, a Note Purchase Agreement purports to memorialize this investment. (Compl. at ¶ 93; Exhibit E to Compl.) KCF asserts that the November 1, 2014 Note and Note Purchase Agreement are valid and enforceable instruments and that they were duly executed by KCF and Mr. Pavlis. (D.I. 80 at ¶¶ 10-12.) At the time of their execution, KCF agreed that the terms of the Note and Note Purchase Agreement were enforceable against KCF in the event of KCF's breach. (Exhibit E to Compl. at ¶ 2(c).)

To date, KCF has failed to return Mr. Pavlis' $4,000,000 investment and corresponding interest as is required by the terms of the November 1, 2014 Note and Note Purchase Agreement. KCF's failure to do so constitutes a breach of the Note and Note Purchase Agreement. This cause of action for breach of contract accrued as of November 1, 2020, after the December 30, 2019 deadline for supplemental pleadings contained in the Court's October 31, 2019 Scheduling

- 6 -

Order. Pavlis now moves for leave to file a Supplemental Complaint to assert a cause of action for breach of contract against the Defendants as Count IV.

## V. ARGUMENT

### 1. This Court Should Exercise its Discretion to Permit Plaintiff to Supplement the Verified Complaint.

Federal Rule of Civil Procedure 15(d) provides that, on motion and reasonable notice, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The court has "broad discretion in the application of the Rule and should apply the Rule in a manner securing 'the just, speedy and inexpensive determination of every action.' " *Medeva Pharma Ltd. v. American Home Prods. Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001) (quoting *The Proctor & Gamble Co. v. McNeil-PPC, Inc.*, 1998 WL 1745118, at *1 (D. Del. 1998)). "The Third Circuit has adopted a liberal policy favoring amendment of pleadings to ensure that claims are decided on the merits, rather than on the technicalities." *ICU Med., Inc. v. Rymed Techs., Inc.*, 674 F. Supp.2d 574, 577 (D. Del. 2009) (citing *Dole v. Arco Chem. Co.* 921 F.2d 484, 497 (3d Cir. 1990)); *see also Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 668 F. Supp. 906, 921-22 (D. Del. 1987) ("[R]equests to supplement pleadings should be freely granted to permit economic resolution of all related disputes between parties.").

A supplemental pleading is permitted where it states a claim arising from "transactions or occurrences or events which have happened since the date of

the pleading sought to be supplemented." *Coca-Cola*, 668 F. Supp. at 921-22 (D. Del. 1987) (granting motion for leave to supplement complaint to add new breach of contract count because it "obviously arose after the original pleading and is directly related to those original claims"). "Leave to supplement should be granted if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties." *Medeva*, 201 F.R.D. at 104. Absent a finding of undue delay or bad faith on the part of the movant, "an appropriate exercise of the court's discretion should result in affording a plaintiff the opportunity to test its claim on the merits." *Id*. (granting motion for leave to file supplemental complaint based on finding that it was not a result of bad faith or dilatory motive).

Here, Pavlis seeks to supplement the Verified Complaint with a new cause of action for breach of contract based on KCF's breach of the November 1, 2014 Note and Note Purchase Agreement. KCF breached the November 1, 2014 Note and Note Purchase Agreement by failing to return Pavlis' $4,000,000 investment and corresponding interest as of November 1, 2020. This cause of action did not exist at the time Pavlis filed the initial Verified Complaint on October 1, 2018. Instead, the cause of action accrued just two months ago, and Pavlis filed this motion without undue delay. *See Coca-Cola*, 668 F. Supp. at 921-22 (holding that motion for leave to supplement was timely where plaintiff filed the motion "a little

more than two months after the transaction giving rise to the supplemental Count II."). Further, KCF is not prejudiced by the Supplemental Complaint because the new breach of contract claim is directly related to the other claims and facts at issue in this litigation and KCF's breach is already established by the record and thus, will require no further discovery. *See Coca-Cola*, 668 F. Supp. at 923 (holding that "the necessity for further discovery does not constitute prejudice where the new claim is related to defendant's earlier actions."). Given the absence of bad faith or undue delay on the part of Pavlis and the lack of prejudice to the Defendants, this Court must exercise its discretion to permit Pavlis to supplement the Verified Complaint to add Count IV for breach of contract.

### 2. There is Good Cause to Grant the Motion for Leave to Supplement After the Deadline.

This Court may grant Pavlis' Motion for Leave to Supplement the Verified Complaint despite the passage of the scheduled deadline to do so. Where a party moves for leave to supplement pleadings after a deadline imposed by a Scheduling Order, Rule 16 of the Federal Rules of Civil Procedure is implicated. Pursuant to Rule 16(b)(4), the Court may grant a motion for leave to supplement a complaint, even after the deadline, where the movant demonstrates good cause. Fed. R. Civ. P. 16(b)(4). "Good cause" exists when the schedule cannot reasonably be met despite the diligence of the party seeking to supplement. *ICU Med., Inc.*, 674 F. Supp.2d at 577. The good cause standard "hinges on the diligence of the movant,

and not on prejudice to the non-moving party." *Id*. at 578; *see also Cloud Farm Assocs., L.P. v. Volkswagen Group of America, Inc.*, 2012 WL 3069390, at *2 (D. Del. 2012) ("The good cause element requires the movant to demonstrate that, despite diligence, the proposed claims could not have been reasonably sought in a timely manner.").

This Court routinely grants motions to amend or supplement pleadings, despite the fact that the time to do so has elapsed, where the amendment is based on information acquired or events that arose *after* the Court's deadline. *See e.g.*, *Cloud Farm*, 2012 WL 3069390, at *5 (granting motion to amend pleading to assert two new claims where the claims were based on information that was not acquired until after scheduled deadline passed); *see also ICU Med., Inc.*, 674 F. Supp.2d at 578 (granting motion to amend pleading to include new legal theory based on new set of facts obtained and confirmed after the scheduling order's deadline).

As discussed above, Pavlis seeks to supplement its Verified Complaint with a new Count IV for breach of contract based on KCF's breach of the November 1, 2014 Note and Note Purchase Agreement. This cause of action accrued on November 1, 2020, after the Court's December 30, 2019 deadline to file all supplemental pleadings. Because Pavlis could not have supplemented the Verified Complaint to include this cause of action prior to the passage of the deadline, and Pavlis has filed the present Motion for Leave to File Supplemental Complaint

without undue delay, there is good cause for this Court to permit the Supplemental Complaint. Moreover, an amendment of the Verified Complaint to add a breach of contract claim will not delay or impact any scheduling issues in this matter, as no trial date has yet been set and all necessary discovery is complete.

## VI. <u>CONCLUSION</u>

For all of the foregoing reasons, this Court should grant the Motion of Plaintiff Deborah S. Skeans for Leave to File Supplemental Complaint.

STRADLEY RONON
STEVENS & YOUNG, LLP

*/s/ Joelle E. Polesky*
Joelle E. Polesky (ID No. 3694)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Tel: (302) 295-4856
Fax: (302) 295-4801
Email: jpolesky@stradley.com

*Attorneys for Plaintiff,*
*Deborah S. Skeans, Executrix of*
*the Estate of Frank E. Pavlis*

OF COUNSEL:

William E. Mahoney, Jr.
Spencer R. Short
Stradley Ronon Stevens & Young LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Tel: (215) 564-8059
Fax: (215) 564-8120

Dated: January 20, 2021