# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, *Plaintiff*, v. KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC, *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 1:18-cv-01516-CFC |

## DEFENDANTS' OPPOSITION TO MOTION
## FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

HALLORAN FARKAS + KITTILA LLP

Theodore A. Kittila (No. 3963)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C
Wilmington, Delaware  19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / wg@hfk.law

Dated: February 3, 2021         *Counsel for Defendants*

## **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

TABLE OF AUTHORITIES ...................................................................... ii

PRELIMINARY STATEMENT ..............................................................1

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS.........................3

SUMMARY OF THE ARGUMENTS ......................................................5

ARGUMENT ....................................................................................6

    I.    PLAINTIFF HAS NOT DEMONSTRATED GOOD CAUSE FOR AMENDING THE EXISTING SCHEDULING ORDER.........................6

        a.  Plaintiff has not been diligent in attempting to meet the deadlines of the Scheduling Order ......................................................8

        b.  Plaintiff knew about her potential breach of contract claim when the Complaint was filed, but elected to proceed with her void *ab initio* theory as her remedy .........................................................9

    II.   JUSTICE REQUIRES THAT PLAINTIFF'S MOTION BE DENIED ...............................................................................13

        a.  Plaintiff has consistently rejected the contract claim she now seeks to pursue....................................................................13

        b.  Plaintiff has unduly delayed in seeking leave to amend .....................17

        c.  Allowing amendment would prejudice Defendants............................18

    III.  IF THE COURT GRANTS THE MOTION FOR LEAVE TO AMEND, AND IT SHOULD NOT, IT SHOULD PERMIT DEFENDANTS TO MOVE FOR AN AWARD OF FEES AND COSTS ....................................................................................19

CONCLUSION................................................................................19

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Abdallah v. Abdallah*,
    359 F.2d 170 (3d. Cir. 1966) ................................................................... 15-16

*Adams v. Gould Inc.*,
    739 F.2d 858 (3d Cir. 1984), *cert. denied*, 469 U.S. 1122 (1985) ...............17

*CIGNEX Datamatics, Inc. v. LAM Research Corp.*,
    C.A. No. 17-320(MN) (D. Del.), Dec. 18, 2018 Hrg. Tr. ..........................8, 9

*Cureton v. NCAA*,
    252 F.3d 267 (3d Cir. 2001) ................................................................... 17-19

*Delgrosso v. Spang and Co.*,
    903 Fl2d 234 (3d. Cir. 1990) ...................................................................14, 15

*Eastern Minerals & Chems. Co. v. Mahan*,
    225 F.3d 330 (3d Cir. 2000) .......................................................................7, 8

*Foman v. Davis*,
    371 U.S. 178 (1962)........................................................................................8

*Great Socialist People's Libyan Arab Jamahiriya v. Ahmad Miski*,
    683 F. Supp. 2d 1 (D.D.C. Jan. 25, 2010) .....................................................18

*Hegarty v. American Commonwealth Power Corp.*,
    163 A. 616 (Del. Ch. 1932) ...........................................................................16

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997) ..........................................................................8

*Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*,
    337 F.3d 314 (3d. Cir. 2003) .........................................................................14

*Luciani v. City of Phila*,
    643 F. App'x 109 (3d. Cir. 2016).................................................................18

*Merritt v. United Parcel Service*,
    956 A.2d 1196 (Del. 2008)............................................................................14

*Outboard Marine Corp. v. Pezetel*,
    535 F. Supp. 248 (D. Del. 1982) ...................................................................19

*Parilla v. IAP Worldwide Serv., VI, Inc.*,
    368 F.3d 269 (3d Cir. 2004) ........................................................................14

*Pfizer, Inc. v. Sandoz, Inc.*,
    2013 U.S. Dist. LEXIS 157357 (D. Del. Nov. 4, 2013)..................................7

*Scott v. City of Harrington*,
    1986 WL 4494 (Del. Ch. Apr. 14, 1986)......................................................16

*Stoltz Realty Co. v. Raphael*,
    458 A.2d 21 (Del. 1983) ...............................................................................16

*Wakley Limited v. Ensotran, LLC*,
    2014 WL 12707523 (D. Del. Feb. 2, 2014)...............................................7, 13

*Williamson+Company, LLC v. AML & Associates, Inc.*,
    646 F. Supp. 2d 1027 (N.D. Ill. Aug. 21, 2009)...........................................17

## **Statutes and Rules**

Fed. R. Civ. P. 15 ...............................................................................*passim*

Fed. R. Civ. P. 16 ...............................................................................*passim*

Defendants Key Commercial Finance, LLC ("KCF"), Key Commercial Finance Properties, LLC, Equity Pros, LLC, and Mobile Agency, LLC (collectively, "Defendants"), by and through their undersigned counsel, hereby respectfully submit this Opposition to Plaintiff's Motion for Leave to File Supplemental Complaint. For the reasons stated herein, the Motion of Plaintiff Deborah S. Skeans for Leave to Supplement Verified Complaint (the "Motion"), filed on January 20, 2021 [D.I. 97], should be denied.

## PRELIMINARY STATEMENT

In Plaintiff's August 31, 2020 Opposition to Defendants' Motion for Summary Judgment, Plaintiff plainly stated her litigation position:

> Plaintiff is not seeking to enforce the [Promissory] Notes. Quite the opposite; Plaintiff is seeking to have the Notes declared void because they were allegedly issued by an entity that was neither a *de jure* nor a *de facto* legal entity.[1]

Now, after the Court has denied Plaintiff's motion for partial summary judgment (*see* Memorandum Order, dated November 2, 2020 [D.I. 95]), and the Court postponed trial in this matter (scheduled to start on December 7, 2020), stating in a November 4, 2020 Oral Order, "The Court is seriously considering granting Defendants' motion for summary judgment," Plaintiff claims that she needs to file

---

[1] Pl. Opp. to Sum. J. at 13 (Aug. 31, 2020) [D.I. 90].

an amended complaint to add a breach of contract claim arising out of the November 14, 2014 Promissory Note (the "November Note").

Plaintiff's Motion is nothing more than a final, untimely attempt to salvage her litigation now that Plaintiff is aware which way the Court is leaning. Plaintiff makes this pivot despite the fact that in her pleadings, briefing, and discovery thus far in the case, Plaintiff has repeatedly and consistently disclaimed any intention to enforce either of the Promissory Notes at issue (together, the "Notes"), instead focusing on the procedurally odd theory that the Notes are void *ab initio*.

Plaintiff frames her proposed amended complaint as a "supplemental" pleading, but the proposed amendment seeks relief that is fundamentally contrary to the theory of the case she has pursued for over 27 months. Instead of "pleading in the alternative," Plaintiff's proposed amendment advances an entirely new theory of relief, requiring new and different discovery and a substantial change to the existing schedule. Having forced Defendants to incur hundreds of thousands of dollars in legal fees (money that Defendants did not have) litigating her "void *ab initio*" theory, Plaintiff now wants the Court to allow her to press her new theory: that the November Note *does* exist and should be enforced.

Plaintiff's Motion is untimely. The Scheduling Order provides that "[a]ll motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before December 30, 2019" [D.I. 37]—***over one year ago***. Discovery

closed on April 30, 2020 (*over 9 months ago*), and the parties briefed opposing summary judgment motions in the summer of 2020.  Plaintiff cannot be permitted to fundamentally alter course *after* discovery has closed, summary judgment has been briefed, the Court has shared its view of the state of the case, and trial was scheduled to go forward in this case.

While Plaintiff argues that the November Note has just come due, the fact is that the November Note came due on November 1, 2020—*nearly 12 weeks ago*. Even then, Plaintiff did not demand payment of the November Note, and has never demanded payment of either of the Notes, presumably because (until now) she has been pursuing her "void *ab initio*" theory.

Now, with knowledge that the Court is "seriously considering granting Defendants' motion for summary judgment," Plaintiff wants to amend.  Plaintiff's Motion must be denied.

### STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed the Complaint in this action on October 1, 2018, asserting five causes of action:  (1) declaratory judgment (Count I); (2) common law fraud (Count II); (3) fraudulent concealment (Count III); (4) conversion (Count IV); and (5) unjust enrichment (Count V).  The Complaint seeks a declaration that the two promissory notes at issue [D.I. 1.1 at Exs. B and D] (as previously defined, the "Notes") are void

*ab initio*, as well as an award of $7 million in damages (plus interest), punitive damages, and attorneys' fees and costs.

On December 4, 2018, Plaintiff filed her Answering Brief in Opposition to Defendants' Motion to Dismiss, which argued, in relevant part, that "Defendants do not address Plaintiff's allegation that the KCF promissory notes are void *ab initio* because KCF was not a legal entity at the time the promissory notes at issue were purportedly signed and thus lacked capacity to enter into any agreements, voiding both Notes." Ans. Br. at 16, n.8 [D.I. 24].

On September 24, 2019, the Court entered an Order adopting the Magistrate Judge's recommendations that the Court dismiss Count IV of the Complaint (Conversion), and that the Court deny Defendants' motion to dismiss Counts I, II, III, and V. [D.I. 30]. In relevant part, the Court noted that "the complaint expressly alleges that the agreements in question were fraudulently induced and void *ab initio.*" *Id.*

On October 31, 2019, the Court entered the Scheduling Order in this matter, which provides in relevant part, that "[a]ll motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before December 30, 2019." [D.I. 37]. The Scheduling Order further provides that discovery closed on April 30, 2020.

On August 17, 2020, the parties filed cross motions for summary judgment, and Plaintiff maintained her commitment to the "void *ab inito*" theory, stating:

4

"Plaintiff is not seeking to enforce the Notes. Quite the opposite; Plaintiff is seeking to have the Notes declared void because they were allegedly issued by an entity that was neither a *de jure* nor a *de facto* legal entity." Pl. Opp. to Sum. J. at 13 [D.I. 90].

On November 1, 2020, the November Note matured under its terms.[2]

On November 2, 2020, the Court issued a Memorandum Order [D.I. 95] denying Plaintiff's motion for partial summary judgment.

On November 4, 2020, the Court entered an Oral Order on the Docket: "The Court is seriously considering granting Defendants' motion for summary judgment. Accordingly, the trial scheduled for December 7, 2020 is postponed."

On January 20, 2021, Plaintiff moved to amend the Complaint to include a breach of contract claim arising out of the November Note. This is Defendants' Answering Brief in Opposition to Plaintiff's Motion.

## SUMMARY OF THE ARGUMENTS

1.     The Court should deny the Motion because the Scheduling Order provides that "[a]ll motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before December 30, 2019." [D.I. 37]. Plaintiff has not demonstrated good cause to amend the Scheduling Order, as required by Federal

---

[2] The other promissory note at issue in the litigation, a September 1, 2014 Promissory Note with a face value of $3 million, allegedly came due on September 1, 2019. Plaintiff has not demanded payment on this note, presumably because, as Defendants' counsel learned in discovery, such note is not even held by Plaintiff.

Rule 16(b)(4). Discovery has closed, and cross-motions for summary judgment have been fully briefed. Altering the schedule at this late in the proceeding to allow Plaintiff to advance this different theory of the case would require the Court to reopen discovery and would significantly prejudice Defendants. Plaintiff made the choice to pursue her theory of relief—suing on promissory notes that had not come due based on a theory that such notes were void *ab initio*.

2. Justice requires that the Motion be denied. Up until this point, Plaintiff has expressly disclaimed any intent to seek to enforce the Notes. The proposed amendment advances an entirely new theory of relief—a theory directly contrary to the position Plaintiff has taken until now—and she should be judicially estopped or barred under the election of remedies doctrine from asserting such claims. Plaintiff has unduly delayed in seeking leave to amend, and has consistently disclaimed the cause of action she now seeks to pursue. Finally, allowing amendment would prejudice Defendants.

## ARGUMENT

## I. PLAINTIFF HAS NOT DEMONSTRATED GOOD CAUSE FOR AMENDING THE EXISTING SCHEDULING ORDER.

The Scheduling Order provides that "[a]ll motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before December 30, 2019." [D.I. 37]. Before the Court can address whether Plaintiff has satisfied her burden to

seek leave to amend the Complaint under Rule15(a)(2), Plaintiff must first satisfy her burden to seek leave to amend the Scheduling Order under Rule 16(b)(4).

"The Third Circuit has established a two-pronged analysis for considering a request to amend the pleadings after the scheduling order deadline has elapsed." *Wakley Limited v. Ensotran*, *LLC*, 2014 WL 12707523, at *1 (D. Del. Feb. 2, 2014) (citing *Eastern Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000)). As the Court noted in *Wakley*, "the movant must meet both the Rule 16(b)(4) standard to amend the scheduling order and the Rule 15(a)(2) standard to amend the pleadings." *Id.* (citing *Eastern Minerals & Chems.*, 225 F.3d at 340). Here, Plaintiff has done neither.

With respect to the first prong, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[T]o satisfy the good cause requirement of Rule 16(b), the movant must demonstrate that, despite diligence, the amendment could not have been reasonably sought in a timely manner." *Pfizer, Inc. v. Sandoz, Inc*., 2013 U.S. Dist. LEXIS 157357, at *5 (D. Del. Nov. 4, 2013). ***Only*** after movant has established good cause to amend the Scheduling Order, may leave to amend the Complaint be "freely given when justice so requires." *Wakley Limited*, 2014 WL 12707523, at *1 (quoting Fed. R. Civ. P. 15(a)(2)). The Court has discretion to deny leave to amend a pleading when there exists undue delay, bad faith, dilatory motive or undue prejudice to the opposing

party, or when the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178,

182 (1962); *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1434 (3d Cir.

1997).

"The primary measure of good cause [for purposes of Rule 16(b)(4)] is the

movant's diligence in attempting to meet the scheduling order's requirement."

*CIGNEX Datamatics, Inc. v. LAM Research Corp.*, C.A. No. 17-320(MN) (D. Del.),

Dec. 18, 2018 Hrg. Tr. (attached as Ex. A) at 66:11-13 (citing *Harris v. FedEx Nat.*

*LTL, Inc.* 760 F3d 780, 786 (8th Cir. 2014)).  Because of her lack of diligence,

Plaintiff has not demonstrated the good cause necessary to modify the Scheduling

Order.

### a. Plaintiff has not been diligent in attempting to meet the deadlines of the Scheduling Order.

Plaintiff's January 20, 2021 Motion comes more than a year past the deadline

to supplement or amend the Complaint.  However, Plaintiff knew that under the

Scheduling Order, the amendment deadline was December 30, 2019, and that the

discovery cut-off was April 30, 2020.  Plaintiff also knew that the November Note

was due to mature on November 1, 2020, but never sought leave to change the

December 30, 2019 amendment deadline to amend her Complaint.  Under similar

circumstances, this Court has denied motions to amend on the basis that diligence

and good cause were absent.  *See, e.g.*, *CIGNEX Datamatics, Inc.*, Hrg. Tr. (Ex. A)

at 67:9-18 (finding a lack of diligence and good cause where party did not seek to

modify amendment deadline in a timely manner).  *See also Eastern Minerals &*

*Chems. Co.*, 2325 F.3d at 340 (upholding on appeal District Court's decision to deny

motion to amend six months after the amendment and joinder deadlines had

expired).

Furthermore, despite the argument that the November Note only came due on

November 1, 2020, Plaintiff moved to amend the Scheduling Order and the

Complaint on January 20, 2021—more than ***eleven weeks*** after the purported breach

of the November Note.  This Court has denied motions for leave to amend after ***less***

***than seven weeks*** had passed since the purported discovery of a new claim.  *See*

*CIGNEX Datamatics, Inc.*, Hrg. Tr. (Ex. A) at 67:17-18 (finding a lack of diligence

and good cause where party did not move for leave to amend complaint for almost

seven weeks after purported discovery basis for new claim).

> **b.   Plaintiff knew about her potential breach of contract claim when the Complaint was filed, but elected to proceed with her void *ab initio* theory as her remedy.**

Plaintiff knew, or with the exercise of minimal diligence should have known,

that at the time of filing the Complaint in October 2018, that she had a potential

breach of contract claim stemming from the November Note.  Based on the

allegations in the Complaint and the positions taken by the Plaintiff in the more than

two years this litigation has been pending, it is clear that Plaintiff was aware of, and

expressly rejected, any potential contract claims seeking performance of the Notes.

Plaintiff's primary theory of relief throughout the litigation has hinged on the contention that the Notes are "void *ab initio*," as demonstrated in the Complaint, the briefing on Defendants' motion to dismiss, her responses to Defendants' requests for admission, and her briefing on summary judgment.

First, with respect to the allegations in the Complaint, Plaintiff pled in the unnumbered introductory paragraph of the Complaint:  "Plaintiff seeks a declaration by this Court that, **to the extent the notes were**, in fact, issued to Mr. Pavlis, they are void *ab initio* because (i) KCF was not a legal entity at the time KCF purported to issue them, and (ii) the notes were fraudulently executed."  Verified Complaint, Oct. 1, 2018 [D.I. 1] (emphasis added).  Plaintiff further pled:

- "Absent legal capacity, the promissory notes issued by KCF, totaling $7,000,000 of Mr. Pavlis' funds, are void *ab initio*."  *Id.* ¶ 147.

- "Because KCF did not have the legal capacity to enter into a contract at the time the KCF notes were issued, and because the KCF were fraudulently executed," Plaintiff "requests that this Court declare the notes void and order Defendants to repay, as restitution, Mr. Pavlis' full $7,000,000."  *Id.* ¶ 150.

In the motion to dismiss filed by Defendants, Defendants argued:

> Critically, and most important for the claims at issue in this litigation, the Promissory Notes show that amounts are not even due at this point in time. With the monies not due, and the remedies on the Promissory Notes limited unless the Promissory Notes were in default—something that has not been alleged by Plaintiff—Plaintiff cannot prematurely call the loans by ginning up a claim of fraud, unjust enrichment, or conversion.

Def. Op. Br. in Support of Mot. to Dismiss [D.I. 23] at 17.  Plaintiff brushed aside this argument, claiming that the fact that the notes had not come due meant that the alleged injury at issue was "inherently unknowable."  Plt. Ans. Br. in Opp. to Mot. to Dismiss [D.I. 24] at 10.  Plaintiff elected to continue to pursue this remedy under the Notes.

On April 27, 2020, Plaintiff served her Responses and Objections to Defendants' First Requests for Admission.  In response to **eight** separate requests for admission, Plaintiff objected on the grounds that "Key Commercial Finance, LLC lacked the legal standing or capacity to issue any such notes or related instruments as it did not legally exist or operate prior to December 2014. Absent legal capacity, the notes purportedly issued by Key Commercial Finance, LLC to Mr. Pavlis are void *ab initio*."  *See* Plt.'s Resps. and Objs. to Defs.' First Requests for Admission (attached as Ex. B).

At Plaintiff's deposition on April 29, 2020, Plaintiff's counsel raised a standing objection on the record to preserve the "void *ab* initio" theory and avoid any suggestion that the November Note was a binding contract:  "I'll object to the extent that it calls for a legal conclusion as to whether that note truly exists or was valid."  Skeans Dep. (attached as Ex. C) at 58:12-17.

On August 17, 2020, the parties filed cross-motions for summary judgment. Plaintiff moved for summary judgment on the argument that the Notes are "void *ab*

*initio*." In Plaintiff's Opening Brief for Summary Judgment, dated Aug. 17, 2020

[D.I. 83], Plaintiff argued:

- "Given that KCF purportedly entered into the September and November Note Purchase Agreements and allegedly provided Pavlis with the corresponding Notes before KCF existed as a legal entity, those documents are void *ab initio* and KCF has no right to retain Pavlis' $7,000,000 investment." [D.I. 83] at 12-13.

- "[T]here is no basis to suggest that [Mr. Chad] Self made a good faith or bona fide attempt to create KCF until December 2014, KCF did not enjoy *de facto* status as of the time the KCF Notes and Note Purchase Agreements allegedly issued, and those documents are void *ab initio*." *Id.* at 17.

- "Each of those documents is void *ab initio*, if not outright fraudulent. The Court should grant the Pavlis Estate declaratory judgment and order KCF to return the $7,000,000 that Pavlis allegedly invested in those invalid Notes." *Id.* at 18.

- "As noted above, KCF did not exist as a legal entity at the time the KCF Notes allegedly issued. Thus, the Notes are void *ab initio*. And because the Notes themselves are invalid, the Pavlis Estate has no adequate remedy at law." *Id.* at 20.

Plaintiff reiterated in her September 8, 2020, summary judgment reply brief

[D.I. 92], that she does *not* seek to enforce the Notes:

- "Plaintiff's argument that the Notes were void *ab initio* is based on the uncontroverted evidence that KCF was not a validly created LLC under Delaware law when the Notes allegedly issued. Given that the Notes were never valid instruments, ***Plaintiff has never sought to recover on the Notes***." [D.I. 92] at 3 (emphasis added).

- "As noted above, ***Plaintiff is not seeking to recover on the Notes themselves, precisely because she contends the Notes were either void* ab initio *or, alternatively, fraudulent***." *Id.* at 5 (emphasis added).

Finally, in her briefing in opposition to Defendants' motion for summary judgment [D.I. 90], Plaintiff stated that she "is not seeking to enforce the Notes. Quite the opposite; Plaintiff is seeking to have the Notes declared void because they were allegedly issued by an entity that was neither a *de jure* nor a *de facto* legal entity." *Id.* at 13.

In sum, Plaintiff has known about the breach of contract claim she know seeks to untimely add to her Complaint, and has repeatedly and expressly disclaimed any intent to pursue such a claim. Plaintiff has thus not demonstrated the good cause necessary to modify the Scheduling Order under Rule 16.

## II. <u>JUSTICE REQUIRES THAT PLAINTIFF'S MOTION BE DENIED.</u>

Only after a movant has established good cause to amend the Scheduling Order, may leave to amend the Complaint be "freely given when justice so requires." *Wakley Limited*, 2014 WL 12707523, at *1 (quoting Fed. R. Civ. P. 15(a)(2)). By her Motion, Plaintiff seeks to wipe the slate clean and begin this case from scratch, this time with a claim seeking to enforce the November Note. Because Plaintiff has disclaimed any intent to enforce the Note, justice does not require that she be given leave to amend the Complaint to include a such a count.

### a. **Plaintiff has consistently rejected the contract claim she now seeks to pursue**.

As described in detail above, consistently throughout this case, Plaintiff has disclaimed any intent to enforce the Notes. These disclaimers should be construed

to be binding judicial admissions or alternatively, as an election of remedies, and Plaintiff should be judicially estopped from seeking to add a claim to enforce the November Note. "Judicial admissions are formal concessions in the pleadings, or stipulations by the party or its counsel that are binding upon the party making them." *Parilla v. IAP Worldwide Serv., VI, Inc*., 368 F.3d 269, 275 (3d Cir. 2004). "Voluntary and knowing concessions of fact made by a party during judicial proceedings (*e.g*., statements contained in pleadings, stipulations, depositions, or testimony; responses to requests for admissions; counsel's statements to the court) are termed 'judicial admissions.'" *Merritt v. United Parcel Service*, 956 A.2d 1196, (Del. 2008).

"[T]he basic principle of judicial estoppel ... is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 319 (3d. Cir. 2003). Judicial estoppel precludes a party from assuming a position in a legal proceeding that contradicts or is inconsistent with a previously asserted position, and is invoked to prevent a litigant from "playing fast and loose with the courts." *Delgrosso v. Spang and Co.*, 903 Fl2d 234, 241 (3d. Cir. 1990). "Unlike the concept of equitable estoppel, which focuses on the relationship between

the parties, judicial estoppel focuses on the relationship between the litigant and the judicial system, and seeks to preserve the integrity of the system." *Id.*

Judicial estoppel is appropriate here, because Plaintiff's argument in support of the Motion is diametrically opposed to her prior "void *ab initio*" theory, and she has benefitted from her original position. *Delgrosso*, 903 F.2d at 242 (holding that party was judicially estopped from arguing a position inconsistent with its previously asserted position). On the basis of her "void *ab initio*" theory, Plaintiff successfully overcame Defendants' motion to dismiss, and this case proceeded through nearly two years of discovery and summary judgment. Indeed, in denying Defendants' motion to dismiss, the Court relied in part on the fact that "the complaint expressly alleges that the agreements in question were fraudulently induced and void *ab initio.*" [D.I. 30].

Moreover, Plaintiff's election to pursue the "void *ab initio*" remedy to the exclusion of enforcing the Notes bars her proposed amendment to the Complaint. The Third Circuit has held:

> The doctrine of election of remedies is regarded as being an application of the law of estoppel, upon the theory that a party cannot in the assertion of his right occupy inconsistent positions in relation to the facts which form the basis of his respective remedies; it is based on the proposition that, when a party has two remedies proceeding upon opposite and irreconcilable claims of right, the one adopted excludes the other.

*Abdallah v. Abdallah*, 359 F.2d 170, 174 (3d. Cir. 1966).   In *Scott v. City of Harrington*, the Court of Chancery held that under Delaware's doctrine of election of remedies, "a party who has two or more inconsistent remedies available, and elects to pursue one of them to the exclusion of the others, may not later pursue other inconsistent remedies." *Scott v. City of Harrington*, 1986 WL 4494, at *1 (Del. Ch. Apr. 14, 1986).   Indeed, the Court in *Scott* ruled that "amendment [of a complaint] will not be allowed where its allowance would run afoul of the doctrine of election of remedies." *Id*.

Under Delaware law, a party is said to have elected a remedy when he makes any decisive act, "with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other." *Stoltz Realty Co. v. Raphael*, 458 A.2d 21, 23 (Del. 1983); *see also Fatovic v. Chrysler Corp.*, 2003 WL 21481012, at *3 (Del. Ch. 2003) (citing *Stoltz* to dismiss a lemon law complaint where plaintiffs "made a decisive act by rescinding the purchase contract" and were thus "barred from pursuing other claims based on their ownership of the Jeep or their rights under the rescinded purchase contract"); *Hegarty v. American Commonwealth Power Corp.*, 163 A. 616, 619 (Del. Ch. 1932) (noting that a party to an allegedly fraudulently induced contract must elect "between affirmance on the one hand with its concomitant of a right to recover or recoup in damages, and rescission on the other hand," but that "[h]e cannot insist on both.").

16

Here, Plaintiff has decisively, and consistently, rejected pursuit of contract claims enforcing the Notes, and the election of remedies doctrine bars amendment of the Complaint.  Because Plaintiff has consistently disclaimed any intent to enforce the November Note, justice does not require that she be given leave to amend the Complaint to include a count for breach of contract arising from the November Note.[3]

### b.  Plaintiff has unduly delayed in seeking leave to amend.

Although passage of time alone is insufficient to deny a motion to amend, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001); *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984), *cert. denied*, 469 U.S. 1122 (1985).

Plaintiff has missed the deadline to amend her Complaint by over a year. Leave to amend should not be granted where, as here, the case has progressed beyond discovery, and the parties have fully briefed dispositive motions because

---

[3] Plaintiff's dramatic change in her pursuit of remedies based on a new claim of breach of contract also runs afoul of the "mend the hold" doctrine.  *See Williamson+Company, LLC v. AML & Associates, Inc.*, 646 F. Supp. 2d 1027 (N.D. Ill. Aug. 21, 2009).  As the Court noted in *Williamson*, "Under the federal system—or, for that matter, in all courts—filings are expected to set out claims based on the factual scenario as between the litigants—not to reshape the facts to fit how the parties may have been educated as to the law based on earlier developments in the case."  646 F. Supp. 2d at 1028.

granting a request to amend would force the parties to reopen discovery and further delay the resolution of the case. *Great Socialist People's Libyan Arab Jamahiriya v. Ahmad Miski*, 683 F. Supp. 2d 1, 6-7 (D.D.C. Jan. 25, 2010).

### c. **Allowing amendment would prejudice Defendants.**

Permitting Plaintiff to add a new claim and theory to the case at this late state would unduly burden Defendants. At the filing of the Motion, discovery has been closed for nearly eight months. Plaintiff seeks to completely change her theory of the case and assert a legal theory that she has consistently and expressly rejected throughout this litigation.

Allowing Plaintiff's amendment would require the reopening of discovery, require further depositions and re-depositions, and burden Defendants with additional litigation expense that could have been prevented had Plaintiff not repeatedly disclaimed any intent to enforce the Notes. Denial of the Motion is proper. *Luciani v. City of Phila.*, 643 F. App'x 109, 111-12 (3d. Cir. 2016) (affirming district court's decision to deny leave to amend when appellant attempted to add a new legal basis for relief because it would have resulted in additional costs in the form of re-opening of discovery and preparation to defend against new theories); *Cureton,* 252 F.3d at 274 (affirming district court's decision to deny leave to amend when appellant attempted to add a new theory after discovery because the

18

amendment "would lead to further discovery requests and significant new preparation" and would "force the [respondent] to begin litigating this case again.").

### III.   IF THE COURT GRANTS THE MOTION FOR LEAVE TO AMEND, AND IT SHOULD NOT, IT SHOULD GRANT DEFENDANTS AN AWARD OF FEES AND COSTS.

If the Court permits Plaintiff to amend the Complaint, it should also permit Defendants an award of legal fees and costs that Defendants incur as a result of the amendment.  *See, e.g.¸ Outboard Marine Corp. v. Pezetel*, 535 F. Supp. 248, 253 n. 8 (D. Del. 1982) ("[movant's] leave to amend will be conditioned on [opponent's] right to apply for an award of attorneys' fees and expenses to compensate them for duplicative discovery").  To date, Plaintiff has successfully drained Defendants of necessary resources to defend the case based on her void *ab initio* theory; Plaintiff must make Defendants whole if she wants to pursue this completely different theory of relief.

### CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File Supplemental Complaint.

Dated:  February 3, 2020

**HALLORAN FARKAS + KITTILA LLP**

*/s/ Theodore A. Kittila*
Theodore A. Kittila (No. 3963)
William E. Green, Jr. (No. 4864)
5801 Kennett Pike, Suite C/D
Wilmington, Delaware  19807
Phone:  (302) 257-2025
Fax:  (302) 257-2019
Email:  tk@hfk.law / wg@hfk.law

*Counsel for Defendants*