# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS,<br><br>　　　　　　Plaintiff,<br>　v.<br>KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC<br><br>　　　　　　Defendants.<br>_____<br>JUSTIN BILLINGSLEY and KEY COMMERCIAL FINANCE, LLC,<br><br>　　　　Third-Party Plaintiffs,<br>　v.<br>DEBORAH S. SKEANS and DARBIN SKEANS,<br><br>　　　　Third-Party Defendants. | No. 1:18-cv-01516-CFC-MPT |

### REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
### MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

　　　　　　　　　　　　　　　　　　Joelle E. Polesky (ID No. 3694)
　　　　　　　　　　　　　　　　　　Stradley Ronon Stevens & Young, LLP
　　　　　　　　　　　　　　　　　　1000 N. West Street, Suite 1200
　　　　　　　　　　　　　　　　　　Wilmington, DE 19810
　　　　　　　　　　　　　　　　　　Tel: (302) 295-4856
　　　　　　　　　　　　　　　　　　Email: jpolesky@stradley.com
Dated:  February 10, 2021　　　　　*Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

I.   ARGUMENT .................................................................................................. 1

    A.   There is Good Cause to Grant Plaintiffs' Motion for Leave to Supplement the Complaint. ................................................ 1

    B.   Plaintiff is Not Judicially Estopped from Pursuing a Breach of Contract Claim. ...................................................................... 3

        1.   Judicial Estoppel is Inapplicable. ........................................... 4

        2.   Pavlis' Arguments Related to the Void *Ab Initio* Doctrine are Legal Theories Not Judicial Admissions. ......... 6

        3.   The Doctrine of Election of Remedies is Inapplicable. ....................................................................... 7

    C.   Supplementing the Verified Complaint Will Not Cause Undue Delay or Prejudice to Defendants. ......................................... 8

II.   CONCLUSION ............................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. C.I.R.*,
   698 F.3d 160 (3d Cir. 2012) ..................................................................................6

*Batoff v. Charbonneau*,
   130 F. Supp. 957 (E.D. Pa. 2015) ..........................................................................3

*CIGNEX Datamatics, Inc. v. LAM Research Corp.*,
   C.A. No. 17-320 (MN) (D. Del.) ............................................................................2

*Coca-Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*,
   668 F. Supp. 906 (D. Del. 1987) ....................................................................3, 5, 9

*Cureton v. National Collegiate Athletic Association*,
   252 F.3d 267 (3d Cir. 2001) ...................................................................................9

*In re Daimlechrysler AG Secs. Litigation*,
   294 F.Supp.2d 616 (D. Del. 2003) .....................................................................5, 6

*Eastern Minerals & Chemicals Co.*,
   225 F.3d 330 (3d Cir. 2000) ...................................................................................2

*Evonik Degussa GMBH v. Materia, Inc.*,
   2011 WL 13152274 (D. Del. 2011) ........................................................................8

*Fatovic v. Chrysler Corp.*,
   2003 WL 21481012 (Del. Ch. 2003) ......................................................................7

*Glick v. White Motor Co.*,
   458 F.2d 1287 (3d Cir. 1972) .................................................................................6

*Hegarty v. Am. Com. Power Corp.*,
   163 A. 616 (Del. Ch. 1932) ....................................................................................7

*ICU Med., Inc. v. Rymed Techs., Inc.*,
   674 F. Supp.2d 574 (D. Del. 2009) .........................................................................2

*Jordan v. Bellinger*,
   2000 WL 1239956 (D. Del. 2000) ..........................................................................8

*Kauffman v. Moss*,
    420 F.2d 1270 (3d Cir. 1970) ...................................................................................8

*Luciani v. City of Philadelphia*
    643 Fed. App'x 109 (3d Cir. 2016) .........................................................................9

*Lincoln Nat. Life Ins. Co. v. Snyder*,
    722 F. Supp.2d 546 (D. Del. 2010)..........................................................................3

*Montrose Medical Group Participating Savings Plan v. Bulger*,
    243 F.3d 773 (3d Cir. 2001) ..............................................................................4, 5

*Scott v. City of Harrington*,
    1986 WL 4494 (Del. Ch. 1986) ...............................................................................7

*Stoltz Realty Co. v. Raphael*,
    458 A.2d 21 (Del. 1983) ..........................................................................................7

*Voterlabs, Inc. v. Ethos Group Consulting Servs., LLC*,
    2020 WL 6131760 (D. Del. 2020).................................................................2, 9, 10

## Other Authorities

Fed. R. Civ. P. 8(d)(2)......................................................................................................3

Fed R. Civ. P. 16(b)(4)....................................................................................................1

I. <u>**ARGUMENT**</u>[1]

    A. <u>**There is Good Cause to Grant Plaintiffs' Motion for Leave to Supplement the Complaint.**</u>

Defendants contend that Plaintiff, Deborah S. Skeans as Executrix of the Estate of Frank E. Pavlis ("Pavlis") failed to act with diligence in seeking leave to supplement the Verified Complaint ("Complaint") after the passage of the scheduling order deadline and has not demonstrated good cause to overcome this defect. (D.I. 98, pg. 8.) Defendants claim Pavlis somehow should have known Defendants would breach the November 1, 2014 Note—which did not become due and payable until November 1, 2020—and thus, should have anticipatorily sought leave to push back the December 31, 2019 deadline to supplement the Complaint. (*Id.*) This argument is unavailing.

Pursuant to Fed R. Civ. P. 16(b)(4), deadlines set in a scheduling order "may only be modified for good cause and with the Judge's consent." Fed. R. Civ. P. 16(b)(4). Plainly, Pavlis would have lacked good cause to modify the December 31, 2019 deadline based on its yet-to-be proven belief that Defendants would breach the Note as of November 1, 2020. However, now that Defendants have, in fact breached the Note and the cause of action has accrued, Pavlis does have good cause to modify the scheduling order.

---

[1] Plaintiff incorporates by reference the arguments set forth in Plaintiff's Opening Brief in Support of its Motion for Leave to File Supplemental Complaint (D.I. 97).

- 1 -

It is well settled that the Court has good cause to grant leave to supplement a complaint after the scheduled deadline where the very basis of the amendment arose *after* the Court's deadline. *See e.g.*, *ICU Med., Inc. v. Rymed Techs., Inc.*, 674 F. Supp.2d 574, 577 (D. Del. 2009) (granting motion to amend after deadline where "Defendant's proposed Second Amended Answer pleads a new legal theory…based on new set of facts obtained and confirmed during discovery which took place after the Scheduling Order's deadline for amended pleadings."); *see also Voterlabs, Inc. v. Ethos Group Consulting Servs., LLC*, 2020 WL 6131760, at *8 (D. Del. 2020) (finding good cause to amend counterclaim to add two new counts after deadline where information underlying claims was unavailable until after deadline).[2]

Pavlis could not have supplemented the Complaint prior to the December 31, 2019 deadline to add a breach of contract claim *that did not exist until November 1, 2020, almost a year later*. Thus, good cause plainly exists to permit the Supplemental Complaint after the deadline. Further, Pavlis acted with sufficient diligence in filing its Motion to for Leave to Supplement the Complaint on January 20, 2021—just over two months after its breach of contract claim arose. *See Coca-*

---

[2] The cases Defendants cite in support of their argument are inapposite. In both *CIGNEX Datamatics, Inc.* and *Eastern Minerals & Chemicals* the Courts held the movants lacked good cause to amend their complaints with information that existed—and could have been added—prior to the passage of the deadline. *CIGNEX Datamatics, Inc. v. LAM Research Corp.*, C.A. No. 17-320 (MN) (D. Del.), Dec, 18, 2018, Hrg. Tr., at 68:1-8 (Exhibit A to D.I. 98); *see also Eastern Minerals & Chemicals Co.*, 225 F.3d 330, 340 (3d Cir. 2000).

*Cola Bottling Co. of Elizabethtown, Inc. v. Coca-Cola Co.*, 668 F. Supp. 906, 921-22 (D. Del. 1987) (motion for leave to supplement was timely where plaintiff filed motion "a little more than two months after the transaction giving rise to the supplemental Count II.").

**B.     Plaintiff is Not Judicially Estopped from Pursuing a Breach of Contract Claim.**

Defendants set forth a litany of inapplicable legal arguments related to judicial estoppel in an attempt to obfuscate the merits of Pavlis' Motion. Again, these arguments are unavailing.

At the outset, it bears noting that, had the breach of contract claim Pavlis seeks to add to the Complaint existed in October 2018, Pavlis could have pled *both* the breach of contract claim and its claim for declaratory judgment pursuant to the void *ab initio* doctrine, in the alternative. *See* Fed. R. Civ. P. 8(d)(2); *see also Batoff v. Charbonneau*, 130 F. Supp. 957, 972-73 (E.D. Pa. 2015) (both a breach of contract claim and claim pursuant to the void *ab initio* doctrine survived a motion to dismiss); *Lincoln Nat. Life Ins. Co. v. Snyder*, 722 F. Supp.2d 546, 566 (D. Del. 2010) (same). The only thing that stopped Pavlis from doing the same here is the fact that the breach of contract claim did not accrue until November 1, 2020—two years after it filed the Complaint.

### 1. Judicial Estoppel is Inapplicable.

Defendants argue that Pavlis is judicially estopped from supplementing the Complaint with a new claim for breach of contract. Once again, Defendants are wrong. Judicial estoppel is a *sanction* to be applied by the Court where there is malfeasance on the part of a litigant. *Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 779 (3d Cir. 2001). Three requirements must be met before a court may properly apply judicial estoppel:

> First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. Second, judicial estoppel is unwarranted unless the party changed his or her position 'in bad faith—i.e. with intent to play fast and loose with the court.' Finally, a district court may not employ judicial estoppel unless it is 'tailored to address the harm identified' and no lesser sanction would adequately remedy the damage done by the litigant's misconduct.

*Id*. at 779-80.

 "An inconsistent argument sufficient to invoke judicial estoppel must be attributable to intentional *wrongdoing*" or "bad faith"  *Id*. 781 (quotations omitted) (emphasis in original). Further, "a litigant may not be estopped unless he or she has engaged in culpable behavior *vis-à-vis* the court." *Id*. ("[J]udicial estoppel is concerned with the relationship between the litigants and the legal system, and not with the way that adversaries treat each other."). "Accordingly, judicial estoppel

- 4 -

may not be employed unless a litigant's culpable conduct has assaulted the dignity or authority of the court." *Id*.

Importantly, "it does not constitute bad faith to assert contrary positions…when the initial claim was never accepted or adopted by a court or agency." *Id*. at 782. "Because the practice is specifically sanctioned by the Federal Rules, asserting inconsistent claims within a single action obviously does not constitute misconduct that threatens the court's integrity." *Id*.

Applying the above, this Court has rejected the argument that judicial estoppel precluded a movant from supplementing its complaint with a new claim that "contradict[ed] [its] original allegation[s]" because there was no showing that the movant had "*successfully* and unequivocally asserted a[n] inconsistent position in a proceeding." *Coca-Cola Bottling Co.*, 668 F. Supp. at 923 (emphasis in original) (citations omitted).

To date, this Court has not accepted or adopted Pavlis' argument that the Notes are void *ab initio*. Indeed, Pavlis has made this argument throughout this litigation, but this Court has yet to accept it. (*See* D.I. 95) (denying Pavlis' Motion for Summary Judgment based on void *ab initio* doctrine). This Court's denial of Defendants' Motion to Dismiss based on its finding that Pavlis pled sufficient facts to make out its claim for declaratory relief, does not constitute an acceptance by this Court that the Notes are in fact void *ab initio*. *See In re Daimlechrysler AG Secs.*

- 5 -

*Litigation*, 294 F.Supp.2d 616, 628 (D. Del. 2003) (holding that judicial estoppel did not preclude a party from making a contradictory argument to one that the party was successful on during the motion to dismiss stage). Thus, judicial estoppel is inapplicable to preclude Pavlis' breach of contract claim.

### 2. Pavlis' Arguments Related to the Void *Ab Initio* Doctrine are Legal Theories Not Judicial Admissions.

Further, Pavlis' legal theory that the Notes are void *ab initio* do not constitute judicial admissions. "It has long been held that judicial admissions are binding for the purpose of the case in which the admissions are made." *Glick v. White Motor Co.*, 458 F.2d 1287, 1291 (3d Cir. 1972). However, "[t]he scope of judicial admissions is restricted to *matters of fact* which otherwise would require evidentiary proof, and does not include counsel's statement of his conception of the legal theory of a case." *Id.* (citations omitted) (emphasis added); *see also, Anderson v. C.I.R.*, 698 F.3d 160, 167 (3d Cir. 2012) (holding that IRS's concession that certain income was not taxable for purposes of an argument in its motion to sever, did not constitute a binding judicial admission because it was a "statement of legal proposition"). Pavlis' arguments related to the void *ab initio* doctrine constitute legal theories—not matters of fact. Thus, they cannot be construed as judicial admissions.

### 3. The Doctrine of Election of Remedies is Inapplicable.

Similarly, the doctrine of election of remedies is inapplicable. "A party is said to have elected a remedy when he makes any decisive act, with knowledge of his rights and of the facts, indicating an intent to pursue one remedy rather than the other." *Scott v. City of Harrington*, 1986 WL 4494, at *2 (Del. Ch. 1986) (quotations omitted). "The commencement of an action, seeking one of the inconsistent remedies, has…been regarded as a decisive act constituting an election." *Id*. Defendants argue, relying on *Scott*, that the election of remedies doctrine bars Pavlis' Motion because Pavlis "decisively and consistently rejected pursuit of contract claims." (D.I. 98, at pg. 17.) However, the election of remedies doctrine does not apply here because the breach of contract claim was not available to Pavlis when it made its election. In *Scott*, the court determined that the plaintiff "had at least two remedies <u>*available*</u> when she made her election" by filing a complaint. *Scott*, 1986 WL 4494, at *2 (emphasis added). Because plaintiff chose to pursue only one of the two available remedies, the election of remedies doctrine prohibited her from later pursuing the other remedy. *Id*.[3]

---

[3] Indeed, all of the other cases cited by Defendants on this point involve cases where plaintiffs had numerous available remedies, and elected to pursue just one. *See e.g., Stoltz Realty Co. v. Raphael*, 458 A.2d 21, 23 (Del. 1983); *see also Fatovic v. Chrysler Corp.*, 2003 WL 21481012, at *3 (Del. Ch. 2003); *Hegarty v. Am. Com. Power Corp.*, 163 A. 616, 619 (Del. Ch. 1932).

Plainly, Pavlis' breach of contract claim was unavailable in October 2018 when it filed the original Complaint and opted to seek a declaratory judgment pursuant to the void *ab initio* doctrine. Thus, Pavlis made no decisive action to forego a breach of contract claim and the election of remedies doctrine is inapplicable.

### C. Supplementing the Verified Complaint Will Not Cause Undue Delay or Prejudice to Defendants.

Finally, Defendants argue this Court should deny Pavlis' Motion because doing so would cause undue delay and unfair prejudice to Defendants. (D.I. 98 at pgs. 17-18.) Contrary to Defendants' assertion, this Court observes the Third Circuit's "liberal policy favoring amendment of pleadings"[4] by routinely granting motions for leave to amend or to supplement complaints after discovery deadlines and after the parties have fully briefed dispositive motions. *See e.g.*, *Jordan v. Bellinger*, 2000 WL 1239956, at *6-7 (D. Del. 2000) (granting motion for leave to amend complaint to assert new claim "after briefing on the defendants' dispositive motion closed."); *see also Evonik Degussa GMBH v. Materia, Inc.*, 2011 WL 13152274, at *4 (D. Del. 2011) (granting motion to amend to add new claim after passage of discovery deadline where information suggesting the claim existed was not available until after deadline passed).

---

[4] *Kauffman v. Moss*, 420 F.2d 1270, 1276 (3d Cir. 1970) (reversing District Court and ordering leave to amend).

Defendants assert they will be "unduly prejudiced" by Pavlis' claim for breach of the November 2014 Note—a Note that has been at issue throughout this litigation—because it will require reopening discovery and further depositions. (D.I. 98 at pg. 18.)[5]  This argument is a red-herring.  First, this Court holds that "the necessity for further discovery does not constitute prejudice where the new claim is related to the defendant's earlier actions." *Coca-Cola Bottling Co.*, 668 F. Supp. at 922 (granting motion to supplement complaint to add new claim that was directly related to case, even where doing so would necessitate further discovery).  Pavlis' breach of contract claim arises out of the identical set of facts, involves the same parties and the same legal documents, and is directly related to each and every one of Pavlis' original claims.  Thus, even if limited discovery is necessary, it would not prejudice Defendants.

However, no additional discovery is necessary for this Court to make a determination on Pavlis' breach of contract claim.  *See Voterlabs, Inc.,* 2020 WL

---

[5] Again, the caselaw cited by Defendants to support this argument is inapplicable. In *Luciani v. City of Philadelphia*, the court denied a motion for leave to amend a complaint to add information the movant knew of "prior to filing his suit" and "despite the ample time…did not so move until after discovery closed." 643 Fed. App'x 109, 111-12 (3d Cir. 2016).  Similarly, in *Cureton v. National Collegiate Athletic Association*, the court affirmed denial of a motion for leave to amend where the movants "by their own admission had sufficient facts and legal authority to allege [their claim] prior to end of discovery" but failed to do so. 252 F.3d 267, 275 (3d Cir. 2001).  As explained above, the breach of contract claim accrued as of November 1, 2020, thus, Pavlis could not have supplemented the Complaint prior to the end of discovery.

6131760, at *8 (holding non-moving party failed to show it would be unfairly prejudiced by an amendment where the "additional claims involve[d] discovery that ha[d] already occurred and information [the non-movant] ha[d] possessed since this litigation began."). Defendants have repeatedly argued that the Notes, and corresponding Note Purchase Agreements, were validly issued and are legally enforceable. *See e.g.*, (D.I. 79, at pg. 10) ("KCF accepted the benefits of the Note Purchase Agreements and the Private Placement Memorandum ('PPM') by issuing the Notes, and is *therefore bound by their terms*.") (emphasis added); (D.I. 86, at pg. 9) ("KCF was a de facto LLC and is *bound by the Notes*.") (emphasis added). All of the necessary discovery, including document production and depositions, is already completed on these issues. Thus, there is no prejudice to Defendants.[6]

      Indeed, having maintained throughout this litigation that the November 2014 Note was validly issued and enforceable, Defendants' contention that Pavlis should be prevented from seeking to enforce that Note is as cynical as it is legally and factually wrong.

---

[6] It bears noting that Defendants do not identify any additional discovery allegedly required or any prejudice they allegedly would suffer if the Court were to grant Pavlis' Motion.

## II.     CONCLUSION

For all the foregoing reasons, the Court should grant the Motion of Plaintiff Deborah S. Skeans for Leave to File Supplemental Complaint.

STRADLEY RONON
STEVENS & YOUNG, LLP

*/s/ Joelle E. Polesky*
Joelle E. Polesky (ID No. 3694)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Tel: (302) 295-4856
Fax: (302) 295-4801
Email: jpolesky@stradley.com

*Attorneys for Plaintiff, Deborah S. Skeans, Executrix of the Estate of Frank E. Pavlis*

OF COUNSEL:

William E. Mahoney, Jr. (*pro hac vice*)
Spencer R. Short (*pro hac vice*)
Stradley Ronon Stevens & Young LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Tel: (215) 564-8059
Fax: (215) 564-8120

Dated:  February 10, 2021