# EXHIBIT H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, <br><br> *Plaintiff*, <br><br> v. <br><br> KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC <br><br> *Defendants*. | No. 1:18-cv-01516-CFC-MPT |

## **PROPOSED VOIR DIRE**

Good morning, ladies and gentlemen. I am Judge Connolly. We are going to select a jury in a civil case called The Estate of Pavlis versus Key Commercial Finance, LLC, et al. This case is an action for declaratory judgment, fraud, fraudulent concealment, breach of contract and unjust enrichment arising under the laws of the State of Delaware.

For those of you selected to serve as jurors, I will give you more detailed instructions once you are sworn in as jurors and again at the conclusion of the trial. For now, I will simply tell you this case is brought by the Estate of Frank E. Pavlis

based on two investments made by Mr. Pavlis before his death. The Estate of Mr. Pavlis alleges that Defendants fraudulently diverted Mr. Pavlis' investments in one company, Allwest Investments, LLC, to another company, Defendant Key Commercial Finance, LLC, and then, in order to conceal its actions, Defendant Key Commercial Finance, LLC fraudulently created two Promissory Notes to make it appear as if Mr. Pavlis had, in fact, invested in Defendant Key Commercial Finance, rather than in Allwest Investments.

I am going to ask you a series of questions in the jury selection process, the purpose of which is to enable the Court and the attorneys to determine whether or not any prospective juror should be excused.  Before I ask any questions, I am going to ask the Deputy Clerk to swear the jury panel to answer any questions truthfully. (*To Deputy*, Please swear the panel).

If any of you answer "yes" to any of the questions that I ask, please raise your hand, and, when recognized by me, please stand, state your name and your jury number.  At the end of the questions, the Deputy Clerk will ask some of you to take seats in the jury box, and, after that, the lawyers and I may ask those of you who answered "yes" to one or more questions to come up to the bench to discuss your answers with the lawyers and me.

The presentation of evidence in this case is expected to take 5 days, thus should be completed by _____.  However, jury deliberations could

extend your service beyond that. The schedule that I expect to keep over the days of evidence presentation will include a morning break of fifteen minutes, a lunch break of an hour, and an afternoon break of fifteen minutes. We will start at 9:30 a.m. and finish at 4:30 p.m. each day.

1. Does the schedule that I have just mentioned present a special problem to any of you?

2. Have any of you heard or read anything about this case?

3. Do any of you or your immediate families, such as spouse, child, parent, or sibling, know either the Plaintiff or the Defendants in this case?

4. The lawyers and law firms involved in this case are:

    STRADLEY RONON STEVENS & YOUNG LLP
    Joelle E. Polesky
    William E. Mahoney, Jr.
    Cameron M. Redfern

    HALLORAN FARKAS + KITTILA LLP
    Theodore A. Kittila
    William E. Green

    Do any of you or your immediate families, such as spouse, child, parent, or sibling, know any of the attorneys or law firms I have just named?

5. Have any of you or your immediate families had any business dealings with, or been employed by, any of these attorneys or law firms?

6. Has anyone in this group ever been sued in a civil lawsuit?

3

7. Are you or a close friend or relative, involved with the legal system as judges, lawyers, work for lawyers or the courthouse?

8. The potential witnesses in this case are:

   Deborah S. Skeans
   Darbin Skeans
   Justin Billingsley
   George Chadwick Self
   Gary Miller
   David Wyllie
   Edward Lentz, Esq.
   Susan Mucciarone

   Are you familiar with any of these potential witnesses?

9. Have you or any member of your immediate family ever been involved in a dispute involving the administration of an Estate?

10. Many of the witnesses involved in this case are members of the Jehovah's Witnesses religious denomination. If you are selected as a juror in this matter, is there any reason why you would be unable to render an impartial verdict based on the religious convictions of the witnesses?

11. If you are selected to sit as a juror in this case, are you aware of any reason why you would be unable to render a verdict based solely on the evidence presented at trial?

12. If you are selected to sit as a juror in this case, are you aware of any reason why you would not be able to follow the law as I give it to you?

13. Do you harbor any prejudice or bias that might prevent you from sitting as a fair and impartial juror in this case?

14. Is there anything, such as poor vision, difficulty hearing, difficulty understanding spoken or written English, that would make it difficult for you to serve on this jury?

15. Do you have any education or experience with the legal system or courts?

16. Do you have any conflicts, responsibilities, or health conditions that would interfere with you serving as a juror?

17. Do you have any opinions about this case, as I have described it?

18. This is the last question. Is there anything else, including something you have remembered in connection with one of the earlier questions, that you think you would like to tell me in connection with your service as a juror in this case?