# EXHIBIT I

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, <br><br> *Plaintiff*, <br><br> v. <br><br> KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC <br><br> *Defendants*. | No. 1:18-cv-01516-CFC-MPT |

## JOINT PROPOSED FINAL JURY INSTRUCTIONS[1]

---

[1] The parties reserve the right to amend their proposed jury instructions based on the Court's forthcoming rulings and the evidence that is actually presented and admitted at trial.   The parties have also indicated where they object to a proposed instruction and/or where the parties have proposed alternative instructions.

# **TABLE OF CONTENTS**

<u>Page</u>

I.    GENERAL INSTRUCTIONS ........................................................................1

    1.1    Introduction ...............................................................................1

    1.2    Juror's Duties ............................................................................1

    1.3    Burdens of Proof .......................................................................2

    1.4    Evidence Defined .......................................................................3

    1.5    Direct and Circumstantial Evidence ..........................................5

    1.6    Statements of Counsel................................................................6

    1.7    Credibility of Witnesses............................................................7

    1.8    Number of Witnesses ................................................................8

    1.9    Deposition Testimony ...............................................................8

    1.10   Demonstrative Exhibits.............................................................8

    1.11   Use of Notes .............................................................................9

    1.12   Confidential Labels and Redactions ........................................10

    1.13   Stipulation of Facts ................................................................10

II.   ISSUES PRESENTED................................................................................11

    2.1    Fraud ......................................................................................11

    2.2    Fraudulent Concealment .........................................................12

    2.3    Expression of Opinion ............................................................12

    2.4    The Void *Ab Initio* Doctrine ..................................................13

    2.5    Delaware Limited Liability Companies....................................16

2.5.1  De Facto Limited Liability Company ...........................................16

2.5.2  Limited Liability Company by Estoppel .....................................17

2.6   Unjust Enrichment ..............................................................................18

2.7   Breach of Contract ..............................................................................18

2.8   Performance Prevented by a Party to the Contract ...........................19

2.9   Unclean Hands Doctrine .....................................................................20

2.10  The Implied Covenant of Good Faith and Fair Dealing ...................21

III.   DAMAGES ..............................................................................................22

3.1   Damages Generally..............................................................................22

3.2   Fraud and Fraudulent Concealment ....................................................23

3.3   Restitution (Plaintiff's Proposed Instruction) ....................................23

3.4   Restitution (Defendants' Proposed Instruction)..................................24

3.5   Unjust Enrichment ..............................................................................24

3.6   Breach of Contract ..............................................................................25

3.7   Punitive Damages (Plaintiff's Proposed Instruction) ........................25

IV.   DELIBERATION AND VERDICT .........................................................27

4.1   Introduction..........................................................................................27

4.2   Duty to Deliberate ...............................................................................28

4.3   Read Backs of Trial Testimony ...........................................................29

4.4   Social Media ........................................................................................27

4.5   Court Has No Opinion .........................................................................30

I.    **GENERAL INSTRUCTIONS**

**1.1    INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. I will also explain some rules that you must use in evaluating particular testimony and evidence. Then I will explain the positions of the parties and the law you will apply in this case. And last I will explain the rules that you must follow during your deliberations in the jury room and the possible verdicts that you may return.

Please listen very carefully to everything I say.

You will have a written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the questions that you must answer to decide this case.

**1.2    JUROR'S DUTIES[2]**

You have two main duties as jurors. The first is to decide what the facts are from the evidence that you saw and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

---

[2] Third Circuit General Instructions for Civil Cases 3.1 (3d Cir. 2017).

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions.

All of the instructions are important, and you should consider them together as a whole. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

### 1.3    BURDENS OF PROOF[3]

For each issue in this case, either the Plaintiff or the Defendants bear the burden of proof.  This means that the party who bears the burden of proof on an issue bears the burden of persuading you to find in their favor.

The Plaintiff, as Executrix of the Pavlis Estate, has the burden of proving her claims and the damages by a preponderance of the evidence.  To prove a claim by a preponderance of the evidence, Plaintiff has to produce evidence which, when considered in light of all of the facts, leads you to believe that what it claims is more likely true than not. To put it differently, if you were to put the evidence favorable to the Plaintiff and the evidence favorable to the Defendants on opposite sides of the

---

[3] *Id*. at 1.10.

scales, Plaintiff would have to make the scales tip somewhat on its side. If Plaintiff fails to meet this burden, the verdict must be for the Defendants. If you find after considering all of the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of evidence. If you find after considering all of the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proven by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. That requirement does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiffs have met their burden of proof by a preponderance of the evidence.

## 1.4    EVIDENCE DEFINED[4]

The evidence from which you are to find the fact consists of the following:

1. The testimony of witnesses;

2. Documents and other things received as exhibits;

---

[4] *Id*. at 1.5.

3. Any facts stipulated—that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following is not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers;

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If you experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence, and a lawyer on the other side thought it was not permitted by the rules of evidence, that lawyer may have objected. This simply means that the lawyer requested that I make a decision

on a particular rule of evidence. You should not be influenced by the fact that an objection was made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection was sustained, ignore the question. If it was overruled, treat the answer like any other. If you were instructed that some item of evidence was to be received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may have been ordered struck from the record and you were instructed to disregard the evidence. Do not consider any testimony or other evidence that was struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

### 1.5    DIRECT AND CIRCUMSTANTIAL EVIDENCE[5]

There are two types of evidence: "direct evidence" and "circumstantial evidence." Direct  evidence is when a witness testifies about something that the witness knows through his or her own senses—something the witness has seen, felt, touched or heard or did. If a witness said she saw it raining outside, and you believed her, that would be direct evidence that it was raining. Another form of direct

---

[5] *Id*. at 1.6.

evidence is an exhibit where the fact to be proved is its existence or current condition.

Circumstantial evidence is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both types of evidence as they are presented to you. The law makes no distinction between the weight that you should give to direct or circumstantial evidence, but simply requires that you find facts from all the evidence in the case. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### 1.6    STATEMENTS OF COUNSEL[6]

The attorneys' statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember this evidence different from the attorneys, you should rely on your own recollection.

---

[6] *Id.*

## 1.7    CREDIBILITY OF WITNESSES[7]

You are the sole judges of each witness's credibility. Credibility means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe you may consider:

(1)    The opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2)    The quality of the witness's understanding and memory;

(3)    The witness's manner while testifying;

(4)    Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5)    Whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6)    How reasonable the witness's testimony is whether considered in the light of other evidence that you believe; and

(7)    Any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified. What is more important however is how believable the witnesses are, and how much weight you think their testimony deserves.

---

[7] *Id.* at 1.7.

## 1.8    NUMBER OF WITNESSES[8]

Sometimes jurors wonder if the number of witnesses who testified makes any difference. It does not. Do not make any decisions based on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weigh you think their testimony deserves.

## 1.9    DEPOSITION TESTIMONY[9]

During the trial, certain testimony was presented to you through excerpts of a deposition. A deposition is the sworn testimony of a witness taken before trial. You should not attribute any significance to the fact that the testimony is not live at trial. The deposition testimony may have been edited or cut to exclude irrelevant testimony. You should not attribute any significance to the fact that the deposition excerpts may appear to have been edited. Deposition testimony is entitled to the same consideration you would give if the witness had appeared personally in court.

## 1.10   DEMONSTRATIVE EXHIBITS

During the course of the trial you have seen many exhibits. Many of these exhibits were admitted as evidence. You will have these admitted exhibits in the jury room for your deliberations. The other exhibits (including charts and animations presented by attorneys and witnesses) were offered to help illustrate the testimony

---

[8] *Id*. at 3.2.
[9] *Id*. at 2.5

of the various witnesses. These illustrations, called "demonstrative exhibits," have not been admitted as evidence, are not evidence, and should not be considered as evidence. Rather, it is the underlying testimony of the witness that you heard when you saw the demonstrative exhibits that is the evidence in this case.

### 1.11   USE OF NOTES[10]

You may use notes taken during trial to assist your memory. However, you should use caution in consulting your notes. There is a tendency to attach undue importance to matters that you have written down. Some testimony that is considered unimportant at the time presented and thus not written down, takes on greater importance later on in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own  individual memory, and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights ofthe trial.

Above all, your memory should be your greatest asset when it comes time to deliberate  and render a decision in this case.

---

[10] *See generally* Third Circuit General Instructions for Civil Cases 1.9 (3d Cir. 2017).

## 1.12   CONFIDENTIAL LABELS AND REDACTIONS

In the course of this case, the parties entered into an agreement that would protect each respective party's confidential and sensitive information from disclosure to the public or third parties. Under that agreement, the parties have added confidentiality labels to their documents, and have redacted, which means that they have obscured or removed information, from documents to protect the confidential nature of the information. You may have seen documents with confidentiality labels or redactions during the course of the trial. The use of confidentiality labels and redactions has no bearing on the evidence, and should not be construed in any way against any party.

## 1.13   STIPULATION OF FACT[11]

The parties have stipulated that certain facts are true. To the extent that stipulated or admitted facts have been read to you during this trial, you must treat these facts as having been proven for the purposes of this case.

---

[11] *Id*. at 2.4.

## II.   **ISSUES PRESENTED**

I will now summarize the issues that you must decide and for which I will provide instructions to guide your deliberations.

### 2.1   FRAUD[12]

Fraud consists of the following five elements:

1) The false representation of a fact that is important to another;

2) The knowledge or belief that this representation was false, or was made with reckless indifference to the truth;

3) The intent to induce Plaintiff to act on the false representation, or to decline to act;

4) The fact that Plaintiff acted, or declined to act, in justifiable reliance on the false representation; and

5) Damage to Plaintiff as a result of his reliance.

A false representation may be asserted by words or conduct. A fact is important if it would cause a reasonable person to decide to act in a particular way, or if the maker of the misrepresentation knew another person would regard it as important.

---

[12] Pattern Jury Instructions for Civil Practice in the Superior Court of the State of Delaware 16.1.

If you find that Plaintiff has proven all of the above elements by a preponderance of the evidence, then Defendant Key Commercial Finance is liable for fraud.

## 2.2     FRAUDULENT CONCEALMENT[13]

Fraud does not merely consist of overt misrepresentations. Fraud may also occur when someone deliberately conceals facts important to a transaction, causing the Plaintiff to rely on the deception to his or her detriment. This concealment can occur by a person's silence in the face of a duty to disclose the facts or by some action taken to prevent the Plaintiff from discovering the facts important to the transaction.

If you find that Plaintiff has proven that the Defendants concealed important facts, causing Mr. Pavlis to rely to his detriment, by a preponderance of the evidence, the Defendant is liable for fraudulent concealment.

## 2.3     EXPRESSION OF OPINION[14]

An expression of an opinion or a speculation about future events, when clearly made as such, is not considered fraud or misrepresentation even if the opinion or speculation turns out to be untrue.  But if an opinion or speculation is false and made

---

[13] *Id*. at 16.3.

[14] *Id.* at 16.2.

with the intent to deceive, then it is fraudulent just as a misstatement of fact is fraudulent.

**2.4    THE VOID *AB INITIO* DOCTRINE[15] (Plaintiff's Proposed Instruction)**

> **_NOTE_: Instruction 2.4 is Plaintiff's Proposed Instruction; Defendants object to the inclusion of this instruction.**

Where a limited liability company executes a contract prior to its legal existence, the contract may be deemed void *ab initio*, or void "from the beginning." Delaware law provides that a limited liability company, which is a type of business entity, is formed at the time of the filing of its initial certificate of formation in the office of the Secretary of State.[16]  In this case, Defendant Key Commercial Finance is a Delaware limited liability company, and its certificate of formation was filed with the office of the Secretary of State on December 10, 2014.  As such, Key Commercial Finance did not exist as a legal, or *de jure*, limited liability company prior to that date.

Delaware law also recognizes that even if a limited liability company does not exist as a legal entity, it  may, under certain circumstances, be deemed to be a limited

---

[15] *Ioengine LLC v. Interactive Medical Corp*., 2017 WL 39563, at *3-4 (D. Del. 2017).

[16] *Ioengine LLC v. Interactive Medical Corp*., 2017 WL 39563 (D. Del. 2017).

liability company in fact, or a *de facto* limited liability company.   There is no clear set of circumstances nor a unique bright line at which a business demonstrates a *de facto* status.  However, generally if there has been a good faith or bona fide attempt to create and operate a limited liability company, but certain procedural or technical shortcomings prevent the company from being created, the company may be considered a *de facto* limited liability company.     Under   Delaware   law,   the existence of a *de facto* limited liability company requires:

(1)   A special act or general law under which a limited liability company may lawfully exist;

(2)   A *bona fide* (or good faith) attempt to organize under the law and colorable compliance (i.e., a plausible effort to comply) with the statutory requirements; and

(3)   Actual use or exercise of limited liability company powers in pursuance of such law or attempted organization.

The first element is satisfied automatically because Delaware has a limited liability company act.

The second element requires a finding that a good faith, bona fide attempt was made to comply with the statutory requirements of formation of a limited liability company under Delaware law.  A mere intention to form a limited liability company, without substantial action to comply with legal requirements for such a formation,

does not constitute a bona fide attempt to organize under Delaware law.[17]  Where there is no evidence of a bona fide attempt to legally form a limited liability company *before* the execution of the contract in question, the limited liability company cannot be deemed a *de facto* entity and the contract is void as a matter of law.[18]

It is the Defendants' burden to prove that Key Commercial Finance was a *de facto* limited liability company at the time it purported to enter into any contract with Mr. Pavlis. If you find that Defendants have proved by a preponderance of the evidence that Key Commercial Finance (i) made a good faith, bona fide attempt to organize as limited liability company under the laws of Delaware *before* it purported to enter into a contract with Mr. Pavlis, and (ii) actually used or exercised its limited liability company powers in the pursuit of its business, then the doctrine of *de facto* limited liability company applies.

However, if you find that the Defendants have failed to prove one or both of these requirements, then the doctrine does not apply, and you must find that the

---

[17] *See Big Valley Associates v. DiAntonio*,1995 WL 339072, at *3 (Del. Super. Ct. 1995).

[18] . *See Henderson*, 2012 WL 2780058, at *8 (holding contract executed by entity purporting to be an LLC was void because the entity made no efforts to legally form prior to execution); *Leber Assocs., LLC v. Entm't Group Fund, Inc*., 2003 WL 21750211, at *10 (S.D.N.Y. 2003) (applying Delaware law and determining an entity that failed to file, or even draw up formation documents, prior to execution of agreement was not *de facto* LLC).

- 15 -

purported contracts at issue are void and rule in Plaintiff's favor on its *void ab initio* claim.

### 2.5    DELAWARE LIMITED LIABILITY COMPANIES (Defendants' Proposed Instruction)

*<u>NOTE</u>: Instruction 2.5 is Defendants' Proposed Instruction; Plaintiff objects to the inclusion of this instruction.*

### 2.5.1  De Facto Limited Liability Company

Delaware law provides that a limited liability company, a type of business entity, is formed at the time of the filing of the initial certificate of formation in the office of the Secretary of State.[19]  However, Delaware law provides a limited liability company that has not complied with the technical rules of limited liability company formation may be recognized as a *de facto* limited liability company—or a limited liability company that exists in reality—under certain circumstances.  The existence of a *de facto* limited liability company requires:

(1) A special act or general law under which a limited liability company may lawfully exist;

(2) A *bona fide* (or good faith) attempt to organize under the law and colorable compliance (i.e., a plausible effort to comply) with the statutory requirements; and

---

[19] *Ioengine LLC v. Interactive Medical Corp.*, 2017 WL 39563 (D. Del. 2017).

(3) Actual use or exercise of limited liability company powers in pursuance of such law or attempted organization.

The first element is satisfied automatically because Delaware has a limited liability company act.  If you find that Defendants have proved by a preponderance of the evidence that Key Commercial Finance (i) made a good faith attempt to organize a limited liability company under the laws of Delaware, and (ii) actually used or exercised its limited liability company powers in the pursuit of its business, then the doctrine of *de facto* limited liability company applies.

### 2.5.2  Limited Liability Company by Estoppel[20]

Under Delaware law, a person who contracts or otherwise deals with a body of people as a limited liability company thereby admits the body of people is a limited liability company, and is estopped to deny (or legally from denying) the formation of the limited liability company in an action against such limited liability company based upon or arising out of the contract or course of dealing.

If you find that Defendants have proved by a preponderance of the evidence that Mr. Pavlis contracted or otherwise dealt with Key Commercial Finance as a limited liability company, Plaintiff is thereby estopped to deny the formation of Key Commercial Finance in any action based upon the Key Commercial Notes.

---

[20] 8 Fletcher *Cyclopedia of the Law of Private Corporations* § 3910 (Sept. 2019).

**2.6    UNJUST ENRICHMENT**[21]

To establish unjust enrichment, Plaintiff must show:

1. An unjust retention by Defendants of a benefit;

2. That resulted in a loss to the Pavlis Estate; and

3. That is against the fundamental principles of justice or equity and good conscious.

If you find that Plaintiff has proven all of the above elements by a preponderance of the evidence, then the Defendants are liable for unjust enrichment.

**2.7    BREACH OF CONTRACT**[22]

A contract is a legally binding agreement between two or more parties. A promissory note is a form of a contract. Each party to a contract must perform according to the agreement's terms. A party's failure to perform a contractual duty constitutes a breach of contract. If a party breaches the contract and that breach causes injury or loss to another party, then the injured party may claim damages.

In this case, Plaintiff alleges that even if you find that Defendants committed no fraud and the Promissory Notes are not void *ab initio*, Key Commercial breached the November 1, 2014 Note by failing to return Mr. Pavlis' $4,000,000 investment

---

[21] *B.A.S.S. Group, LLC v. Coastal Supply Co., Inc.*, 2009 WL 1743730, at *7 (Del. 1999).

[22] Pattern Jury Instructions for Civil Practice in the Superior Court of the State of Delaware 19.1.

and corresponding interest by November 1, 2020, in accordance with the note's terms. You must determine from a preponderance of evidence whether a legally binding contract was formed between Plaintiff and Key Commercial.

If you find that Mr. Pavlis was a party to the November 1, 2014 Note and the Note was validly issued, the Estate of Mr. Pavlis would be entitled to recover damages from Key Commercial for any breach of the contract. To establish that Key Commercial is liable to the Estate of Frank E. Pavlis for breach of contract, Plaintiff must prove that one or more terms of the November 1, 2014 Note have not been performed and that the Estate of Mr. Pavlis has sustained damages as a result of Key Commercial's failure to perform.

### 2.8   PERFORMANCE PREVENTED BY A PARTY TO THE CONTRACT[23]  (Defendant's Proposed Instruction)

> <u>**NOTE**</u>*:  Plaintiff objects to the inclusion of this instruction as there is no contention or evidence that Mr. Pavlis or his Estate did anything to prevent KCF from performing under any alleged agreement.*

A party to a contract may not prevent another party from performing its contractual duties and then claim that the other party has breached the contract or failed to complete its terms.  For example, a farmer who contracts with a builder to put up a barn on the farmer's land must make the land available to the builder so that

---

[23]   Pattern Jury Instructions for Civil Practice in the Superior Court of the State of Delaware 19.19.

the work may be done.  Likewise, the farmer must not interfere with the progress of the work.

In this case, you must determine whether Plaintiff prevented or otherwise interfered with Key Commercial Finance's duty to perform the terms of the November 1, 2014 Note.

### 2.9    <u>Unclean Hands Doctrine</u>  (Defendant's Proposed Instruction)

<u>***NOTE***</u>***:  Plaintiff objects to the inclusion of this instruction as there is no contention or evidence that Mr. Pavlis or his Estate did anything that would constitute unclean hands.***

The "unclean hands doctrine" provides a defense to an otherwise valid claim when a plaintiff has engaged in unconscionable conduct that has immediate and necessary relationship to the relief that the plaintiff seeks.  *Honeywell Int'l., Inc. v. Universal Avionics Sys. Corp.*, 343 F. Supp. 2d 272, 321 (D. Del. 2004).  Unclean hands does not depend on the liabilities or claims of the parties.  *Gaudiosi v. Mellon,* 269 F.2d 873, 882 (3d. Cir. 1959). Any willful act by the plaintiff, which can rightfully be said to transgress equitable standards, is sufficient for the unclean hands doctrine to apply to bar relief.  *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 815 (1945).

If you find that Defendants have proven by a preponderance of the evidence that Plaintiff has willfully engaged in acts that violate standards of fairness and

justice in her interactions with Defendants, the unclean hands doctrine applies and you may find that Plaintiff is not entitled to relief on any of her claims.

### 2.10 The Implied Covenant of Good Faith and Fair Dealing (Defendant's Proposed Instruction)

***<u>NOTE</u>:  Plaintiff objects to the inclusion of this instruction as there is no contention or evidence that Mr. Pavlis or his Estate did anything that would implicate this instruction.***

The implied covenant of good faith and fair dealing attaches to every contract, and forbids a party from acting arbitrarily or unreasonably so as to prevent the other party from receiving the fruits of the contract.  *Dunlap v. State Farm Fire and Cas. Co.*, 878 A.2d 434, 441-42 (Del. 2005).  A party is liable for breaching the covenant when its conduct frustrates the overarching purpose of the contract.  *Id.* at 442.  The implied covenant of good faith and fair dealing does not apply when the terms of the contract addresses the conduct at issue.  *Oxbow Carbon & Minerals Holdings, Inc., v. Crestview-Oxbow Acquisition, LLC*, 202 A.3d 482, 507 (Del. 2019).

If you find that the Defendants have proven by a preponderance of the evidence that Plaintiff has violated the implied covenant of good faith and fair dealing with respect to the November 1, 2014 Note, you should deny Plaintiff's breach of contract claim (Count IV).

## III.   **DAMAGES**

### 3.1   DAMAGES GENERALLY

I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win this case on any issue. Any damages you award must be adequate to compensate Plaintiff for any fraud or breach of contract you believe occurred. Damages are not meant to punish a defendant. Your damages award, if you reach this issue, should put Plaintiff in approximately the same financial position that it would have been in had the wrongdoing not occurred.

Plaintiff has the burden to establish the amount of its damages by a preponderance of the evidence. While Plaintiff is not required to prove the amount of its damages with mathematical precision, it must prove them with reasonable certainty. You may not award damages that are speculative, damages that are only possible, or damages that are based on guesswork. In other words, you should award only those damages that Plaintiff established that it more likely than not suffered. However, mere difficulty in ascertaining damages is not fatal to Plaintiff.

If you determine that any of Plaintiff's Asserted Claims are valid, then Plaintiff is entitled to damages and you must determine the damages to which Plaintiff is entitled.

- 22 -

### 3.2    FRAUD AND FRAUDULENT CONCEALMENT[24]

If you find that the Defendants committed fraud or fraudulent concealment, then Plaintiff is entitled to damages intended to put Plaintiff back in the same financial position it occupied before the transaction took place.

### 3.3    RESTITUTION[25]  (Plaintiff's Proposed Instruction)

> ***NOTE****: Instruction 3.3 is Plaintiff's Proposed Instruction; Defendants object to the inclusion of this instruction.*

If you find that the Key Commercial Notes are void *ab initio* or were procured by fraud, Plaintiff is entitled to restitution of the amount of the benefit that Plaintiff conferred on the Defendants pursuant to the Key Commercial Notes so as to put Plaintiff back in the same position it was in before conferring any benefit upon the Defendants. In this case, if you find that the Key Commercial Promissory Notes were *void ab initio* or procured by fraud, then you should award the Pavlis Estate the full value of Mr. Pavlis' $7,000,000 investment.

---

[24]   *Id*. at 22.17.
[25]   Restatement (First) of Restitution § 1 (1937), cmt. a.

### 3.4    RESTITUTION[26]  (Defendants' Proposed Instruction)

**<u>NOTE</u>: *Instruction 3.4 is Defendants' Proposed Instruction; Plaintiff objects to the inclusion of this instruction.***

If you find that the Key Commercial Notes are void *ab initio* or were procured by fraud, Plaintiff is entitled to restitution of the amount of the benefit that Plaintiff conferred on the Defendants pursuant to the Key Commercial Notes so as to put Plaintiff back in the same position it was in before conferring any benefit upon the Defendants. In this case, if you find that the Key Commercial Promissory Notes were procured by fraud, then you should award the Pavlis Estate the value of the investment that Plaintiff is entitled to pursue.

### 3.5    UNJUST ENRICHMENT[27]

If you find that the Defendants were unjustly enriched through their retention of Mr. Pavlis' funds, the Plaintiff is entitled to damages equal to the value of Defendants' benefit that would not have been achieved except for Defendants' retention thereof.

---

[26]   Restatement (First) of Restitution § 1 (1937), cmt. a.

[27]   *B.A.S.S. Group, LLC v. Coastal Supply Co., Inc*., 2009 WL 1743730, at *7 (Del. 1999).

### 3.6    BREACH OF CONTRACT[28]

If you find that Key Commercial breached the November 1, 2014 Note, Plaintiff is entitled to compensation in an amount that will place it in the same position it would have been in if the contract had been properly performed. The measure of damage is the loss actually sustained as a result of the breach of contract.

### 3.7    PUNITIVE DAMAGES[29]  (Plaintiff's Proposed Instruction)

**_NOTE:  Defendants object to the inclusion of this instruction, on the grounds that. the "Court must act as a gatekeeper to determine if it is appropriate to submit the issue of punitive damages to the jury based on the individual facts and circumstances presented in each case." In re Bracket Holding Corp. Litig., 2020 WL 764148, at *19 (Del. Super. Feb 7, 2020)._**

If you decide to award compensatory damages to Plaintiff you must determine whether the Defendants are also liable to Plaintiff for punitive damages. If Defendants are not found liable for any fraud claim, then Plaintiff is not permitted to an award of punitive damages on any contract claims.

Punitive damages are different from compensatory damages. Compensatory damages are awarded to compensate the plaintiff for the injury suffered. Punitive damages, on the other hand, are awarded in addition to compensatory damages.

---

[28]  Pattern Jury Instructions for Civil Practice in the Superior Court of the State of Delaware 22.24.

[29]  _Id_. at 22.27.

You may award punitive damages to punish a party for outrageous conduct and to deter a party, and others like it, from engaging in similar conduct in the future. To award punitive damages, you must find by a preponderance of evidence that the Defendants acted intentionally or recklessly. Punitive damages cannot be awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence.

Intentional conduct means it is the person's conscious object to engage in conduct of that nature. Reckless conduct is a conscious indifference that amounts to an "I don't care" attitude. Reckless conduct occurs when a person, without no intent to cause harm, performs an act so unreasonable and dangerous that he/she/it knows or should know that there is an imminent likelihood of harm that can result. Each requires that the defendant foresee that his/her/its conduct threatens a particular harm to another.

The law provides no fixed standards for the amount of punitive damages.  In determining any award of punitive damages, you may consider the nature of the Defendants' conduct and the degree to which the conduct was reprehensible. Finally, you may assess an amount of damages that will deter the Defendants and others like the Defendant from similar conduct in the future. Any award of punitive damages must bear a reasonable relationship to Plaintiff's compensatory damages. If you find

that Plaintiff is entitled to an award of punitive damages, state the amount of punitive damages separately on the verdict form.

## IV.   **DELIBERATIONS AND VERDICT**

### 4.1    INTRODUCTION[30]

That concludes the part of my instructions on the law. I will end by explaining some things about how you will conduct your deliberations in the jury room and about your possible verdicts.

When you retire to the jury room to deliberate, you may take with you these instructions, your notes and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak here for you in open court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent through your foreperson.

---

[30]  Third Circuit General Instructions for Civil Cases 3.1 (3d Cir. 2017).

One more thing about messages. Do not write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be. Your votes should stay secret until you are finished.

### 4.2   DUTY TO DELIBERATE[31]

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but do so only after a full and impartial consideration of the evidence with your fellow jurors. Listen carefully to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and change your opinions based on evidence. But you should not give up your honest conviction about the evidence solely because of the opinions of your fellow jurors, or for the purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

---

[31] *Id*. at 3.1 and 3.4.

A form of verdict has been prepared for you. You will take the form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form. You will then return to the courtroom and my deputy will give your verdict. Unless I direct you otherwise, do not reveal you answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

### 4.3     READ-BACKS OF TRIAL TESTIMONY[32]

At your request, a transcript of the trial testimony may be provided to you in order to assist you in your deliberations. I remind you that you must focus on all of the testimony and evidence presented at trial. You may not give undue weight to the testimony that is provided to you.

### 4.4    SOCIAL MEDIA[33]

During your deliberations, you must not communicate with or provide any information to  anyone by any means about this case. You may not use any electronic device or media, such as a   telephone, cellphone, smartphone, tablet or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chatroom, blog, website, or app such as Facebook, LinkedIn, Snapchat, YouTube,

---

[32] *Id*. at 3.3.
[33] *Id*. at 3.1.

- 29 -

Twitter, or Instagram to communicate to anyone any information  about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide the case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in the case.

### 4.5    COURT HAS NO OPINION[34]

Let me finish by repeating something I have said to you earlier. Nothing I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourself based on the evidence presented.

---

[34] *Id.* at 3.1.

5055943