# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS, <br> *Plaintiff*, <br><br> v. <br><br> KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC, <br> *Defendants*. | C.A. No. 1:18-cv-01516-CFC-MPT <br><br> **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FFOR PERMISSIVE INTERVENTION** |

## REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO MOTION FOR PERMISSIVE INTERVENTION OF JEFFREY PETERSON

Comes now, Intervenor Jeffrey Peterson, by and through counsel to respond to the Responding Brief in this matter. Plaintiffs have raised several issues with the Motion to Intervene.

I. Plaintiff states that there is not a common question of law or fact. Plaintiffs have chosen to mention Mr. Peterson throughout the Complaint and in the Proposed Pretrial Order. It is therefore astounding that the Plaintiff would allege no common facts exist. In the Responding Brief, the Plaintiffs concede that Mr. Peterson is not the subject of this litigation and state "The case is limited to the narrow circumstances surrounding Mr. Pavlis' investment, the subsequent transfer

1

of Mr. Pavlis' funds from Allwest to Key Commercial, and the creation of the Key Commercial Promissory Notes." This is exactly why Mr. Peterson should not be repeatedly cited in the Complaint.  The common question of law or fact was created by Plaintiffs by inclusion of Mr. Peterson in the Complaint.  Plaintiff is now objecting to the removal of those same allegations which have no bearing on their case.  Plaintiff has admitted that Mr. Peterson is not essential to the matter but continues to besmirch his reputation through the repeated assertions of fraud by Mr. Peterson.

    Plaintiff also point out that a defamation case cannot be brought due to the allegations being part of the judicial process.  This leaves Mr. Peterson with only this motion to defend himself against the scurrilous allegations.  Plaintiffs attempt to use the law as both a sword and a shield in this case.  If there are no common elements, then the allegations should be stricken from the record.

    II.  Plaintiff argues that this motion is not timely and points to the trial date.  This matter has been pending for years but the reality is there is no time deadline because the trial has not yet been rescheduled.  It is unclear when the schedule will be announced but currently there is nothing on the calendar.

    Plaintiff further argues that the discovery deadlines have passed.  Since discovery deadlines have passed, Plaintiff should have the evidence necessary to move forward in this case.  Plaintiff chose to include Mr. Peterson throughout the

case but has not even attempted to depose him on any matter. It is clear why they did not depose him. In the first part of the motion, they concede that his presence is not necessary because the narrow focus of the trial will not include him in any way. Despite this, they still wish to continue to publish scurrilous unfounded accusations which they did not even attempt to prove in discovery. Mr. Peterson has no bearing whatsoever on this case yet his is still brought up in the Propose Pretrial Order.

      III.    Plaintiff has argued the Motion is procedurally improper. That argument is moot. The Motion for Leave to Strike and Motion to Strike were filed contemporaneously with this filing. Due to a personal matter, co-counsel was unable to prepare those motions. The parties agreed to delay this response due to the personal matter. This argument should be moot at this time with the filing of the subsequent motions.

## **CONCLUSION**

For the foregoing reasons, the Motion to Intervene should be granted.

                                           **LAW OFFICE OF**
                                           **GREGORY D. STEWART, P.A.**

                                           */s/ Gregory D. Stewart*
                                         Gregory D. Stewart (DE Id. No. 5826)
                                         409 South Ridge Avenue
                                         Middletown, DE 19709
                                         Telephone: (302) 828-0101
                                         Fax: (302) 449-0428
                                         gstewart@gregstewartlaw.com
                                         *Attorney for Movant*

OF COUNSEL:

Mark Ellis O'Brien *(pro hac vice)*
P. O. Box 342
Lunenburg, MA 01462
Tel: (978) 790-1936

4