## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DEBORAH S. SKEANS, Executrix
of the ESTATE OF FRANK E.
PAVLIS,

Plaintiff,

v.

KEY COMMERCIAL FINANCE,
LLC, KEY COMMERCIAL
FINANCE PROPERTIES, LLC,
EQUITY PROS, LLC, and
MOBILE AGENCY, LLC

Defendants.

No. 1:18-cv-01516-CFC-MPT

## PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE
## TO FILE MOTION TO STRIKE

Mr. Jeffery Peterson, an unrelated non-party to the action, currently has a Motion to Intervene pending before this Court.  Rather than wait for the Court to make its determination on that pending motion, Mr. Peterson has doubled-down on his improper tactics by filing another meritless motion—the Motion for Leave to File Motion to Strike ("Motion for Leave") (D.I. 113) .  Because the Motion for Leave is premature, improper, and futile, Plaintiff, Deborah S. Skeans as the Executrix of the Estate of Frank E. Pavlis, (the "Pavlis Estate") contends the Court should deny it.

## I.    FACTUAL BACKGROUND

As set forth in the factual background of the Pavlis Estate's Opposition to Motion for Permissive Intervention[1] ("Opposition to Intervention") (D.I. 110), the Pavlis Estate commenced this action on October 1, 2018 seeking to recover $7,000,000 that was wrongfully obtained by the Defendants Key Commercial Finance, LLC, Key Commercial Finance Properties, LLC, Equity Pros, LLC and Mobile Agency, LLC from Mr. Frank Pavlis through a fraud scheme perpetrated by the Defendants' agent, Mr. Justin Billingsley. (D.I. 1.) On July 21, 2021, Mr. Jefferey Peterson, an unrelated third party who is not connected to either the Pavlis Estate or, upon information belief, to any of the Defendants, filed a Motion to Intervene in this action.  (D.I. 108.)  The Motion to Intervene remains pending. (*Id.*)

## II.    ARGUMENT

### A.    Mr. Peterson Lacks Standing to File Additional Motions While the Motion to Intervene Remains Pending.

Mr. Peterson is not yet a party to this action and therefore, he lacks standing to file any motions, or to otherwise participate, while his Motion to Intervene remains pending.  *See e.g.*, *In re Alumina Dust Claims*, 2017 WL 89135, at *9 (D.V.I. 2017) ("Non-parties have no standing to file motions or to otherwise request

---

[1] The Pavlis Estate incorporates by reference the factual background set forth in the Opposition to Intervention.

relief. Such rights are conferred only on parties.") (quoting *State v. Brown*, 342 P.3d 239, 242 (Utah 2014); *see also Williams v. Correctional Med. Servs., Inc.*, 2008 WL 1138387, at *4 (D.N.J. 2008) (denying motion filed by non-party who was not first granted the right to intervene). As explained by the Pavlis Estate in its Opposition to Intervention, Mr. Peterson's purported Motion to Intervene is untimely, procedurally improper and fails to set forth a basis upon which he may permissively intervene into this litigation in accordance with Federal Rule of Civil Procedure 24(b). Because Mr. Peterson has failed to establish his entitlement to intrude into this litigation as an intervenor, he lacks the ability to file additional improper motions, such as the present Motion for Leave.

### B.    Mr. Peterson's Proposed Motion to Strike Is Legally Insufficient, and Therefore, the Motion for Leave is Futile.

Mr. Peterson's Motion for Leave seeks this Court's permission to file a Motion to Strike, which is itself legally insufficient. Accordingly, the Motion for Leave is futile.

Courts within this District routinely deny motions for leave to file additional pleadings or motions where granting such motions would be futile. *See e.g., Watkins v. Int. Union, Security, Police and Fire Profs. of America*, 2016 WL 1166323, at *6 (D. Del. 2016) (denying motion for leave where claims movant sought leave to raise were legally insufficient)*; see also Lannett Co. Inc. v. KV Pharma.*, 2009 WL

10737496, at *14 (D. Del. 2009) (denying motion for leave as futile because movant had no basis for the claims it sought leave to present); *Nalley v. McClements*, 295 F. Supp. 1357, 1360 (D. Del. 1969) (denying motion for leave where granting the motion would be a "futile act").

Mr. Peterson's Motion for Leave is futile because his Motion to Strike is legally insufficient.  Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter."  *Genetech, Inc. v. Amgen Inc.*, 2020 WL 707243, at *1 (D. Del. 2020) (citing Fed. R. Civ. P. 12(f)).  "Motions to strike are *generally disfavored* and *ordinarily denied* 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'"  *Id.* (internal citations omitted) (emphasis added); *see also Aoki v. Benihana, Inc.*, 839 F. Supp.2d 759, 764 (D. Del. 2012) ("Courts should not tamper with pleadings unless there is a strong reason for doing so.").

Allegations in a complaint will withstand a motion to strike, even if they are not "ultimately dispositive [ ] of the issues," if they have any possible "bearing on the subject matter of the litigation."  *Aoki*, 839 F. Supp.2d at 768 (denying motion to strike where challeneged allegations were sufficiently related to case).  The allegations Mr. Peterson challenges demonstrate Mr. Justin Billingsley's prior fraudulent conduct and are directly related to, and probative of, Mr. Billingsley's

intentional fraudulent actions undertaken to benefit the Defendants, Key Commercial Finance, LLC, Key Commercial Finance Properties, LLC, Equity Pros, LLC and Mobile Agency, LLC.  Accordingly, these allegations are pertinent to the ongoing case and the Court should not strike them. Thus, Mr. Peterson's Motion to Strike is legally insufficient, and his Motion for Leave is, therefore, futile and must be denied.

## III.   <u>CONCLUSION</u>

For all the foregoing reasons, the Court should deny the Motion for Leave to File Motion to Strike.

STRADLEY RONON
STEVENS & YOUNG, LLP

<u>/s/ Joelle E. Polesky</u>
Joelle E. Polesky (ID No. 3694)
1000 N. West Street, Suite 1200
Wilmington, DE  19801
Tel: (302) 295-4856
Fax: (302) 295-4801
Email: jpolesky@stradley.com

OF COUNSEL:

William E. Mahoney, Jr. (*pro hac vice*)
Cameron M. Redfern (*pro hac vice*)
Stradley Ronon Stevens & Young LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Tel: (215) 564-8059
Fax: (215) 564-8120

*Attorneys for Plaintiff, Deborah
S. Skeans, Executrix of the
Estate of Frank E. Pavlis*

Dated:  September 1, 2021

5