IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEBORAH S. SKEANS, Executrix
of the ESTATE OF FRANK E.
PAVLIS,

                    Plaintiff,

          v.

KEY COMMERCIAL FINANCE,
LLC, KEY COMMERCIAL
FINANCE PROPERTIES, LLC,
EQUITY PROS, LLC, and MOBILE
AGENCY, LLC,

                    Defendants,

JEFFREY PETERSON,

                    Intervenor.

Civil Action No. 18-1516-CFC-MPT

## MEMORANDUM ORDER

Pending before me are Jeffrey Peterson's motion to intervene (D.I. 108) and motion for leave to file a motion to strike (D.I. 113).

Peterson filed the motion to intervene on July 21, 2021. D.I. 108. He cited as the basis for the motion Federal Rule of Civil Procedure 24(b)(1)(B). That rule provides that "[o]n timely motion, the court may permit anyone to intervene who

. . . has a claim or defense that shares with the main action a common question of law or fact."

Peterson did not state expressly in the motion why he seeks intervention. The motion alleges, however, that the Supplemental Complaint filed by Plaintiff in this action accuses Peterson and nonparty Justin Billingsley of creating a payday loan start-up called LoanGo that participated in "fraudulent enterprises." D.I. 108 at 2. And it alleges that paragraphs 35 through 75 of the Supplemental Complaint "paint" Peterson, his company (Mobile Corporation), and Billingsley collectively "as a criminal enterprise that swindled unwitting investors out of their money without remorse." D.I. 108 at 2. The motion also states that "[t]hese false and defamatory assertions were fed to the Plaintiff's lawyer by an individual long-harboring a grudge against Mr. Peterson, as will be evidenced in the Intervener's Motion to Strike the allegations from the record." D.I. 108 at 2. Thus, the motion impliedly seeks intervention to file a motion to strike.

Plaintiff Deborah S. Skeans, Executrix of the Estate of Frank E. Pavlis, filed an opposition to Peterson's motion on August 4, 2021. D.I. 110. Skeans did not (and to this day does not) dispute Peterson's characterization of the Supplemental Complaint's allegations about him and his companies. But Skeans argued in her opposition that I should deny Peterson's intervention motion for three reasons: (1) it's untimely; (2) it's "procedurally improper" because it was not accompanied by

a pleading; and (3) it fails to allege a common question of law or fact.  In support

of this third argument, Skeans stated that this case

> arises out of two investments that Mr. Pavlis made in
> 2014, totaling $7,000,000, in a company named Allwest
> Investments, LLC ("Allwest") at the direction of a
> "financial advisor," Justin Billingsley.  Unbeknownst to
> Mr. Pavlis, Mr. Billingsley subsequently orchestrated a
> scheme by which the funds Mr. Pavlis invested in
> Allwest were transferred to Defendant Key Commercial
> Finance, LLC, ("Key Commercial") which Mr.
> Billingsley controlled.
>                           * * * *
> The attempted Intervenor, Jeffrey Peterson, is an
> unrelated third party who is not connected to either
> Plaintiff or, upon information belief, to any of the
> Defendants.  Plaintiff does not allege that Mr. Peterson
> was involved in the Allwest-Key Commercial fraud
> scheme in any manner, or that he is otherwise related to
> the issues at stake in this case.  The few references to Mr.
> Peterson in the Supplemental Complaint, which were
> also included in the original Verified Complaint, relate to
> Mr. Billingsley's prior dealings with Mr. Peterson and
> pre-date Mr. Billingsley's involvement with Mr. Pavlis.
>                           * * * *
> The case is limited to the narrow circumstances
> surrounding Mr. Pavlis'[s] investment, the subsequent
> transfer of Mr. Pavlis'[s] funds from Allwest to Key
> Commercial, and the creation of the Key Commercial
> Promissory Notes.

D.I. 110 at 2–4 (citations and emphasis omitted).

On August 18, 2021, Peterson filed his motion for leave to file a motion to

strike.  He seeks by that motion permission to move to strike those portions of the

Supplemental Complaint and Joint Pretrial Order that allege that he and his

companies engaged in fraudulent and criminal schemes. D.I. 113. Peterson

attached to the motion a proposed motion to strike.

Skeans argues that Peterson's motion for leave is premature because the

motion to intervene remains pending. D.I. 114 at 2. And, notwithstanding what

she represented to the Court in her opposition to Peterson's intervention motion,

Skeans argues that the motion for leave is improper and futile because the

challenged allegations about Peterson and his company in the Supplemental

Complaint and Joint Pretrial Order are "directly related to, and probative of"

material issues in this action. D.I. 114 at 4–5.

I reject Skean's argument that the motion to intervene is untimely. Peterson

filed his motion on July 21, 2021—approximately three months after the

Supplemental Complaint was filed (April 15, 2021) and within days of the filing of

the Joint Pretrial Order (July 2, 2021). Moreover, in determining the timeliness of

a party's Rule 24(b) motion, courts consider whether another party was prejudiced

by any delay in the filing of the motion, *see In re Fine Paper Antitrust Litig.*, 695

F.2d 494, 500 (3d Cir. 1982); and Skeans does not allege, let alone demonstrate,

that the timing of the motion to intervene prejudices her in any way. Skeans

argues that the motion is untimely because the allegations Peterson seeks to strike

from the Supplemental Complaint were "included in" the Verified Complaint filed

in October 2018 and Peterson was made aware of the Verified Complaint two days

after it was filed.  D.I. 110 at 8.  But Peterson doesn't seek to strike portions of the
Verified Complaint.  He seeks only to strike portions of the Supplemental
Complaint and the Joint Pretrial Order.

I agree with Skeans, however, that Peterson's intervention motion was
procedurally defective.  Rule 24(c) provides that a motion to intervene "must state
the grounds for intervention and be accompanied by a pleading that sets out the
claim or defense for which intervention is sought."  Peterson's intervention motion
was not accompanied by a pleading and therefore he failed to comply with Rule
24(c).  Accordingly, I will deny the motion.

I will nonetheless strike the allegations in the Supplemental Complaint and
Joint Pretrial Order challenged by Peterson.  Rule 12(f)(1) provides that a court
"may act . . . on its own" to "strike from a pleading . . . any redundant, immaterial,
impertinent, or scandalous matter."  Skeans has admitted that the challenged
allegations are immaterial.  She represented to the Court that "[t]he case is limited
to the narrow circumstances surrounding Mr. Pavlis'[s] investment, the subsequent
transfer of Mr. Pavlis'[s] funds from Allwest to Key Commercial, and the creation
of the Key Commercial Promissory Notes" and that she herself "does not allege
that Mr. Peterson was involved in the Allwest-Key Commercial fraud scheme in
any manner, or that he is otherwise related to the issues at stake in this case."

D.I. 110 at 3–4.  It is also undisputed that if the allegations are not in fact true then they are impertinent and scandalous.

I find it fundamentally unfair and inappropriate for Skeans and her counsel to have identified Peterson by name in the Supplemental Complaint and to have made the challenged allegations about him when they did not make him a party to the action.  Their treatment of Peterson is all the more egregious, if not sanctionable, because, to use their own words, their allegations about Peterson are not "related to the issues at stake in this case."  Skeans and her lawyers have used their Supplemental Complaint to publicly accuse Peterson of fraud and criminal conduct, but they have denied him an opportunity to defend himself against their accusations.  They seem to think they can do so with impunity because they made their accusations in a court pleading.  *See* D.I. 110 at 5 (arguing that any defamation claim by Peterson "would be legally deficient, as it is well settled that allegations contained in pleadings are absolutely privileged").  Whether they are correct in that regard, I leave for another day.

Because I am striking of my own accord the challenged allegations, I will deny as moot Peterson's motion for leave to file a motion to strike.

NOW THEREFORE, at Wilmington on this Twenty-fourth day of January in 2022, **IT IS HEREBY ORDERED** that Jeffrey Peterson's Motion for Permissive Intervention (D.I. 108) is **DENIED** and Peterson's Motion for Leave to

File Motion to Strike (D.I. 113) is **DENIED** as moot.  It is **FURTHER**

**ORDERED** that paragraphs 35 through 75 of the Supplemental Complaint (D.I.

102) and all references to Peterson and Mobile Corporation in the Joint Pretrial

Order (D.I. 106) are **STRUCK**.

CHIEF JUDGE