# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBORAH S. SKEANS, Executrix of the ESTATE OF FRANK E. PAVLIS,<br><br>*Plaintiff*,<br><br>v.<br><br>KEY COMMERCIAL FINANCE, LLC, KEY COMMERCIAL FINANCE PROPERTIES, LLC, EQUITY PROS, LLC, and MOBILE AGENCY, LLC<br><br>*Defendants*. | No. 1:18-cv-01516-CFC-MPT |

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS[1]**

---

[1] The parties reserve the right to amend their proposed jury instructions based on the Court's forthcoming rulings and the evidence that is actually presented and admitted at trial.

# **TABLE OF CONTENTS**
Page

I. INTRODUCTION…………………………………………………………….....1

II. JUROR'S DUTIES………………………………………………………………1

III. THE PARTIES AND THEIR CONTENTIONS……………………………….2

IV. CONDUCT OF THE JURY……………………………………………………...6

V. EVIDENCE………………………………………………………………………8

    5.1   Direct and Circumstantial Evidence......................................................10

VI. CREDIBILITY OF WITNESSES………………………………………...10

VII. DEPOSITION TESTIMONY……………………………………...…………11

VIII. BURDENS OF PROOF……………………………………….……………12

IX. COURSE OF TRIAL……………………………………………………………13

X. USE OF NOTEBOOKS…………………………………………...…………15

5473059v.1

I.   **<u>INTRODUCTION</u>**[2]

Members of the jury, now that you have been sworn, I am now going to give you some preliminary instructions for your guidance as jurors in this case.

II.   **<u>JUROR'S DUTIES</u>**[3]

Let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I say or do during the trial as indicating what I think of the evidence or what you verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decision.

You will then have to apply the facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. You are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally

---

[2] Third Circuit Model Jury General Instructions for Civil Cases 1.1 (3d Cir. 2017).

[3] *Id.* at 1.1, 1.2 and 3.1.

disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

### III.   THE PARTIES AND THEIR CONTENTIONS[4]

I am going to give you an overview of who the parties are and what each contends. This is a civil action for declaratory judgment, fraud, fraudulent concealment, breach of contract and unjust enrichment arising under the laws of the State of Delaware.

The Plaintiff in this case is The Estate of a gentleman named Frank E. Pavlis. Mr. Pavlis passed away on August 24, 2018.  This case is brought on behalf of the Estate by its Executrix, Deborah S. Skeans, who is the duly appointed representative of Mr. Pavlis' Estate. The Pavlis Estate is suing Defendant Key Commercial Finance LLC, a limited liability company organized under the laws of Delaware in December

---

[4] *Id*. at 1.2.

2014 and three other entities: Defendants Key Commercial Finance Properties, LLC, Equity Pros, LLC, and Mobile Agency, LLC.

This case arises out of two investments that Mr. Pavlis made in 2014, totaling $7,000,000. The Pavlis Estate claims that Mr. Pavlis invested these funds in a company named Allwest Investments, LLC, at the recommendation of Justin Billingsley. The Pavlis Estate further alleges that, unbeknownst to Mr. Pavlis, Mr. Billingsley subsequently orchestrated a scheme by which the funds Mr. Pavlis invested in Allwest Investments were transferred to Key Commercial Finance, which Mr. Billingsley controlled, along with his brother-in-law, Chadwick Self. The Pavlis Estate contends that Key Commercial Finance then used Mr. Pavlis' funds for its own purposes, including directing some of those funds to the other Defendant entities. Finally, the Pavlis Estate claims that in order to conceal its actions, Key Commercial Finance fraudulently created two Promissory Notes, allegedly issued to Mr. Pavlis in September and November 2014, in order to make it appear as if Mr. Pavlis had, in fact, invested $7,000,000 in Key Commercial Finance, rather than in Allwest Investments.

Key Commercial Finance denies that either it or its agents, Mr. Billingsley and Mr. Self, engaged in any fraudulent activity. Key Commercial Finance contends that Mr. Pavlis purposely invested in Key Commercial Finance, and that the Promissory Notes were properly issued.

The Pavlis Estate has asserted five separate legal claims against the Defendants. First, the Estate claims that Key Commercial Finance, through its agents, Mr. Billingsley and Mr. Self, perpetrated a fraud on Mr. Pavlis by (i) orchestrating a scheme to re-direct his $7,000,000 investment in Allwest Investments to Key Commercial Finance, and (ii) by fraudulently concealing its conduct by subsequently fabricating the Promissory Notes and related documents.

Alternatively, the Pavlis Estate seeks a declaration that the Promissory Notes were *void ab initio,* meaning that they were never validly instruments because they allegedly were issued before Key Commercial Finance ever existed as a legal entity. The Pavlis Estate claims that the Defendants have been unjustly enriched by failing to return any of Mr. Pavlis' $7,000,000 investment.

Finally, the Pavlis Estate has also brought a claim for breach of contract, alleging that even if the November 2014 Promissory Note is deemed to be valid, Key Commercial Finance breached the terms of that Note by failing to repay Mr. Pavlis' Estate $4,000,000 and corresponding interest by November 1, 2020, in accordance with its terms. The Estate is also seeking punitive damages.

Key Commercial Finance denies these claims, and contends that Mr. Pavlis knowingly invested in Key Commercial Finance, and that through the public fraud allegations at issue this litigation, the Estate, through its Executrix, Deborah S.

5473059v.1

Skeans, prevented Key Commercial Finance from successfully executing its business plan and repaying the Promissory Notes issued to Mr. Pavlis.[5]

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that the Estate must prove to make its case:[6]

**Fraud** requires the Estate to prove that:

1) Key Commercial Finance made a false representation of a fact that is important to another;

2) Key Commercial Finance had the knowledge or belief that this representation was false, or was made with reckless indifference to the truth;

3) Key Commercial Finance had the intent to induce Mr. Pavlis to act on the false representation, or to decline to act;

4) The fact that Mr. Pavlis acted, or declined to act, in justifiable reliance on the false representation; and

5) Damage to the Pavlis Estate as a result of his reliance.

**Breach of contract** requires the Estate to prove that:

---

[5] The Pavlis Estate objects to this statement on the grounds of relevance.

[6] *Id.* at 1.2.

    1)    The November 1, 2014 Note was a contractual obligation;

    2)    That Key Commercial Finance breached that obligation; and

    3)    Resulting damages to the Estate.

**Unjust Enrichment** requires the Estate to prove that:

1)    An unjust retention by Key Commercial Finance of a benefit;

2)    That resulted in a loss to the Pavlis Estate; and

3)    That is against the fundamental principles of justice or equity and good conscience.

## IV.   CONDUCT OF THE JURY[7]

Now, a few words about your conduct as jurors:

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions. The most important is the need for you to keep an open mind throughout the presentation of the evidence.

I know that many of you use cell phones, smart phones, tablets, and other portable electronic devices; laptops, netbooks, and other computers. You must

---

[7] *Id*. at 1.3.

not talk to anyone at anytime about this case or otherwise use these or other electronic devices to communicate with anyone about the case or, as I noted, get information about the case, the parties or any of the witnesses or lawyers involved in the case. This includes your family and friends. You may notcommunicate with anyone about the case on your cell phone, through e-mail, text messaging, Facebook, Snapchat, Twitter, or through any blog or website. You may not use any similar technology or social media to get information about this case, even if I have not specifically mentioned it here.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride in the elevator, or the life, remember it is because they are not supposed to talk or visit with you, either.

Second, do not read or listen to anything touching on this case in any way. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case, including using the Internet. You are to decide the case upon the evidence presented at trial. Please do not try to find out information from any source outside the confines of this courtroom.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

5473059v.1

## V.     **EVIDENCE**[8]

The evidence from which you are to find the fact consists of the following:

1. The testimony of witnesses;

2. Documents and other things received as exhibits;

3. Any facts stipulated—that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following is not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers;

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear here in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever

---

[8] *Id*. at 1.5.

weight you believe it deserves. If you experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard the evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

5473059v.1

## 5.1    DIRECT AND CIRCUMSTANTIAL EVIDENCE[9]

There are two types of evidence: "direct evidence" and "circumstantial evidence." Direct evidence is when a witness testifies about something that the witness knows through his or her own senses—something the witness has seen, felt, touched or heard or did. If a witness she saw it raining outside, and you believed her, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

Circumstantial evidence is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both types of evidence as they are presented to you. The law makes no distinction between the weight that you should give to direct or circumstantial evidence, but simply requires that you find facts from all the evidence in the case. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## VI.    **CREDIBILITY OF WITNESSES**[10]

---

[9] *Id*. at 1.6.

[10] *Id*. at 1.7.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.[11] You are the sole judges of each witness's credibility. Credibility means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe you may consider:

(1) The opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) The quality of the witness's understanding and memory;

(3) The witness's manner while testifying

(4) Whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) Whether the witness is contradicted by anything the witness said or wrote before trail or by other evidence;

(6) How reasonable the witness's testimony is whether considered in the light of other evidence that you believe; and

(7) Any other factors that bear on believability.

---

[11] *Id.*

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important however is how believable the witnesses are, and how much weight you think their testimony deserves.

## VII. DEPOSITION TESTIMONY[12]

You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may or may not be recorded on videotape. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## VIII. BURDENS OF PROOF[13]

This is a civil case. The Pavlis Estate is the Plaintiff that has brought this lawsuit. Key Commercial Finance and the other entities are the Defendants. The Pavlis Estate has the burden of proving its claims and its damages by a preponderance of the evidence. To prove a claim by a preponderance of the evidence, the Pavlis Estate has to produce evidence which, when considered in light of all of the facts, leads you to believe that what it claims is more likely true than

---

[12] *Id*. at 2.5.

[13] *Id*. at 1.10

not. To put it differently, if you were to put the evidence favorable to the Pavlis Estate and the evidence favorable to the Defendants on opposite sides of the scales, the Pavlis Estate would have to make the scales tip somewhat on its side. If the Estate of Pavlis fails to meet this burden, the verdict must be for the Defendants. If you find after considering all of the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. That requirement does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiffs have met their burden of proof by a preponderance of the evidence.

## IX. COURSE OF TRIAL[14]

The trial will proceed in the following manner:

First, an attorney for the Pavlis Estate will make an opening statement to you. Next, an attorney for the Defendants may make an opening statement. An opening statement is not evidence. It is an outline to help you understand what each party expects the evidence to show.

---

[14] *Id*. at 1.4 and 1.12.

After the opening statements, the parties will present evidence which may include testimony from live witnesses, deposition testimony, and documents and things. The Pavlis Estate goes first because the Pavlis Estate has the burden of proof. The Pavlis Estate will present witnesses whom counsel for Key Commercial Finance may cross-examine, and the Pavlis Estate may also present evidence. Following the Pavlis Estate's case, Key Commercial Finance may present evidence. Counsel for the Pavlis Estate may cross-examine witnesses for the defense. After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.[15]

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these conferences to aminimum. While we meet, feel free to stand up and stretch and walk around the jury box, if you wish. I may not always grant an attorney's request for a sidebar. Do not consider my granting ordenying a request for a conference as any indication of my opinion of the

---

[15] *Id*. 1.12.

case or of what your verdict should be.

After all of the evidence is presented, I will give you instructions on the law and then[16] the attorneys will make their closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing statements are not evidence. You will then retire to the jury room to deliberate on your verdict.

## X.     USE OF NOTEBOOKS[17]

The courtroom deputy will now distribute your jury notebooks. You are free to use them to take notes at any point during the trial. Everything you write will be kept confidential; at the end of each day, you will leave it in the jury room, where it will be kept overnight. At the end of the trial your notes will be shredded. You do not have to take notes, but you may, if you wish to. If you do take notes, be careful not to get so involved that you become distracted and miss part of the testimony. A word of caution is in order. There is generally I think a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory

---

[16] *Id.*

[17] *Id*. at 1.9.

and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and will by no means be a complete outline of the proceedings or a list of the highlights of the trial. Also, keep in mind that you will not have a transcript of the testimony to review. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.