

**Theodore A. Kittila**
Halloran Farkas + Kittila LLP
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
p: (302) 257-2025
e: tk@hfk.law

February 14, 2022

**By CM/ECF**

The Honorable Colm F. Connolly, USDJ
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

    Re:  *Skeans v. Key Commercial Finance, LLC*, et al.,
        **C.A. No. 1:18-cv-01516-CFC-MPT (D. Del.)**

Dear Judge Connolly:

I write to advise the Court of an extremely disturbing set of circumstances which necessitates the Court's involvement in the above matter.

As Your Honor is aware, Watchtower Bible and Tract Society of New York, Inc. ("Watchtower"), an arm of the Jehovah's Witnesses, has been behind the scenes with respect to the claims made in this ongoing litigation and is the real party in interest in this matter.  As was revealed to the Court by counsel for Plaintiff Deborah Skeans, Watchtower has "been fully apprised all along" regarding this litigation. *See* Ex. A (Apr. 15, 2021 Hearing Trans.) at 9:18-19.  At the April 15th conference, Your Honor required that a representative of Watchtower be present at the pretrial conference.  *Id.* at 9:23-25.

At the pre-trial conference on February 1, 2022, a lawyer for Watchtower, Richard Moake, Esq., appeared.  During that conference, Mr. Moake advised the Court that he had been representing Watchtower, that Watchtower was the sole remaining beneficiary of the estate, and that Watchtower was aware of the claims in the litigation and had been coordinating with counsel for Plaintiff.

On Saturday, February 12, 2022, I learned that Mr. Moake has independently reached out to Justin Billingsley, the main contact for my clients, the Defendants, regarding this litigation.  Specifically, Mr. Moake sent the email attached as Ex. B to my clients' representative.  Today, I learned that Mr. Moake sent a similar email

to Chadwick Self, my other client contact.  I further learned today that Mr. Moake has spoken directly with Mr. Self to discuss the litigation on several occasions.

Your Honor, both Mr. Billingsley and Mr. Self are representatives of my clients in this litigation.  Mr. Moake's direct contact of my client representatives— separate and apart from me or anyone else in my firm—is a clear violation of Rule 4.2 of the Delaware Lawyers' Rules of Professional Conduct and the New York Rules of Professional Conduct.  Mr. Moake is well aware of my representation in this case, and his effort at circumventing my representation is inexcusable.

Furthermore, Mr. Moake's email to Mr. Billingsley (Ex. B) shows that Mr. Moake is attempting to influence the outcome of this litigation by a direct appeal to Mr. Billingsley's religious beliefs.  In light of the fact that both Mr. Billingsley and Mr. Self are identified as witnesses in this case—with both listed on the submitted Pre-Trial Order as witnesses for Defendants' case in chief—I am shocked that Mr. Moake would reach out to them directly and without my or my firm's consent.  Both my co-counsel and I have significant concerns that Defendants' witnesses have been tampered with by Mr. Moake and Watchtower.

For this reason, I am asking that the Court schedule a conference promptly to bring these issues to the forefront.  I remain incredibly concerned that the conduct engaged in by counsel for Watchtower has tainted these proceedings, and I believe that sanctions must be considered by the Court.

Respectfully submitted,

/s/ Theodore A. Kittila

Theodore A. Kittila (Bar No. 3963)
Halloran Farkas + Kittila LLP

*Counsel for Defendants*

Enclosures

cc:    Joelle Polesky, Esq.